**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

DAVID SIEVERDING, *et al.,*

Plaintiffs,

v.                                                      Case No.  1:05CV01283
                                                        (RMU)

AMERICAN BAR ASSOCIATION, *et al.,*

Defendants.

_____

**DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO**
**RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell

Siderius Fleischner Houghtaling &  Craigmile, LLC, The World Company, and White

and Steele, P.C.,[1] (collectively herein, "Defendants"), through their undersigned

attorneys O'Brien, Butler, McConihe & Schaefer, LLP, respectfully move this Court for

an extension of time within which they shall be required to answer or otherwise respond

to the Plaintiffs' Complaint, and state as follows:

1.        On or about July 18, 2005, the Plaintiffs *pro se* filed their Complaint.  This

action represents the ninth *pro se* civil action the Plaintiffs have filed in state and federal

courts that surrounds the same set of facts and encompasses the same issues.  The

lawsuits originated from a series of incidents that began in 1991 when the Plaintiffs

became involved in a dispute with their neighbors in Steamboat Springs, Colorado.  The

Plaintiffs' lawsuits purport to state claims for, *inter alia*, fraud and conspiracy and for

_____

[1] The listed defendants make this special appearance solely for the purpose of requesting an extension of time, and in so doing, they do not waive any potential defense or motion they might bring, including, without limitation, any motion to dismiss for lack of jurisdiction.

1

defamation allegedly caused by the inaccurate newspaper reports published in 2000 and 2001 surrounding the Plaintiffs' dispute with their neighbors and the related legal proceedings.

2.     As more fully set forth below, the United States District Court for the District of Colorado is currently considering contempt motions against Plaintiffs Kay and David Sieverding for the filing of this, and other improper, civil actions.  In light of those proceedings, this civil action may soon be dismissed or otherwise mooted.  As a result, Defendants should not be put to the burden and expense of responding to the Plaintiff's facially frivolous complaint, and the Court should grant an extension of time for Defendants to answer or otherwise respond until the District of Colorado has resolved the contempt proceedings against the Plaintiffs in this action.

3.     The District of Colorado has scheduled a contempt hearing for September 2, 2005 at 3:45 p.m., concerning these plaintiffs, for their violation of that court's injunction limiting any *pro se* filings by them.  *See* Exhibit A (Order setting contempt hearing).

4.     This hearing arises from proceedings in the District of Colorado in which that court issued an injunction barring these plaintiffs from engaging in any further *pro se* litigation involving any of the transactions addressed in the Colorado action.  *See* Exhibit B (March 19, 2005 order) and Exhibit C (Magistrate's report and recommendation).  That injunction limiting *pro se* litigation by these plaintiffs has been affirmed on appeal, and as part of the affirmance, the U.S. Court of Appeals for the Tenth Circuit specifically approved the District of Colorado's injunction limiting these plaintiffs' future *pro se*

litigation.  *See* Exhibit D (10th Circuit O&J) and Exhibit E (Order denying petition for rehearing en banc.

5.      The District of Colorado's limitation of any further *pro se* litigation by these plaintiffs arose because the extensive pattern of prior frivolous and vexatious litigation previously pursued by these plaintiffs.  *See* Ex. C, at 19-22.  As the magistrate judge for the District of Colorado noted, these plaintiffs already had filed four civil actions in three different courts encompassing the same issues before they launched their fifth civil action, that one in the federal District of Colorado.  *See id.*

6.      Since the issuance of the District of Colorado's injunction, these plaintiffs have nevertheless filed three more additional, improper *pro se* civil actions, these in the District of Minnesota, the Northern District of Illinois, and now here in the District of Columbia.

7.      Indeed, in the District of Minnesota, the civil action by these plaintiffs already has been dismissed, in part because of its violation of the District of Colorado's injunction limiting *pro* se litigation by these plaintiffs.  *See* Exhibit F (District of Minnesota decision) and Exhibit G (8th Circuit summary dismissal of appeal)

8.      In light of this pattern of behavior by the Plaintiffs, certain of the defendants here moved for entry of an order to show cause why these Plaintiffs should not be held in contempt of the District of Colorado's order prohibiting them from further *pro se* litigation of the matters addressed by the Colorado action.  *See* Exhibit H-1 (Motion for contempt by Newspaper Defendants); Exhibit H-2 (Supplemental filing in support of motion for contempt); Exhibit H-3 (Second supplemental filing in support of motion for contempt); Exhibit H-4 (Third supplemental filing in support of motion for

contempt); Exhibit H-5 (Motion for contempt by Hall & Evans); Exhibit H-6 (Joinder in

contempt motion by Colorado Bar Association); Exhibit H-7 (Joinder in contempt motion

by McConnell Siderius Fleischner Houghtaling &  Craigmile).

9.     Among the remedies being sought in the Colorado contempt proceedings

is an order directing these plaintiffs to withdraw or voluntarily dismiss any civil action

filed in any court that is in violation of the Colorado order on *pro se* litigation, including

the instant action in the District of Columbia.

10.     Defendants here, some of whom are parties to the Colorado action or are

counsel to parties in the Colorado action, expect that the Plaintiffs here will soon – at

least following the September 2, 2005 contempt hearing – be faced with the need to purge

themselves of their contempt of the District of Colorado injunction.  As a result,

Defendants here expect that these Plaintiffs will shortly either voluntarily dismiss the

instant action in this Court, or be ordered to do so.

11.     In light of this understanding of the likely impact on this civil action of the

current proceedings in the District of Colorado, this Court should extend the time for any

answer or other response to the Plaintiffs' complaint until the Colorado contempt

proceedings are resolved.

WHEREFORE, this Court should enter an order directing that the time for Defendants to submit their answers or other responses to the Plaintiffs' complaint is extended until such time as the Colorado contempt proceedings have been resolved and the District of Colorado determines whether these Plaintiffs should be ordered to dismiss this civil action.

Respectfully submitted,

_____

Kevin A. Kernan, Esquire
Bar No. 457194
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
Suite 1200, Brawner Building
888 Seventh Street, N.W.
Washington, D.C.  20006-3967
Tel.: (202) 298-6161
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling &  Craigmile, LLC, The World Company, and White and Steele, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO PLAINTIFFS' COMPLAINT, along with its Memorandum of Points and Authorities in Support of its motion and a proposed Order was mailed, first class postage prepaid, on this 16th day of August 2005 to David Sieverding, Kay Sieverding, Ed Sieverding, and Tom Sieverding at 641 Basswood Avenue, Verona, Wisconsin 53593.

_____

Kevin Kernan