

COPY

FILED
U.S. DISTRICT COURT

2004 OCT 27 PM 4: 16

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. **02-N-1950 (OES)**

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.

---

**MOTION FOR ENTRY OF ORDER TO SHOW CAUSE
WHY PLAINTIFFS DAVID AND KAY SIEVERDING SHOULD NOT BE HELD IN
CONTEMPT OF COURT**

---

    Defendants WorldWest Limited Liability Company, d/b/a *The Steamboat Pilot & Today*, and Suzanne Schlicht (herein, "the Newspaper Defendants"), through their attorneys with Faegre & Benson, LLP, respectfully move this Court for entry of an Order to Show Cause against Plaintiffs David and Kay Sieverding, requiring these plaintiffs to appear and show cause why they should not be held in contempt of the Court's March 19, 2004 "Order Accepting Magistrate Judge's Recommendation." Contempt is warranted in this matter because these plaintiff have violated the Court's prohibition in its March 19, 2004 Order against any further filing of *pro se* litigation by these plaintiffs concerning the transactions addressed in this case.

    As grounds for this Motion, the Newspaper Defendants state as follows:

1. On March 19, 2004, this Court entered its "Order Accepting Magistrate Judge's Recommendation." (*See* Declaration of Christopher Beall, Ex. A, filed concurrently herewith.) This order was served on David and Kay Sieverding, as evidenced both by the certificate of service in the order itself, and by the fact that the plaintiffs promptly filed a notice of appeal to challenge portions of the order.[1]

2. The Court's order of March 19, 2004 imposes the following permanent injunction against all of the plaintiffs, including David and Kay Sieverding:

> 5. Plaintiffs are hereby enjoined and prohibited from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel.

(Beall Decl., Ex. A, at 3.)

3. On October 4, 2004, in the United States District Court for the District of Minnesota, David and Kay Sieverding – as *pro se* litigants, without any representation by counsel – filed a civil action under the caption *David and Kay Sieverding v. Faegre and Benson, LLC [sic], Steamboat Pilot/Today Newspaper/Internet Publication, WorldWest LLC,*

---

[1] Although the Sieverdings have appealed this Court's order of March 19, 2004, they have failed to raise any argument in their briefing to the Tenth Circuit Court of Appeals challenging the permanent injunction against further *pro se* pleadings. As a result, the Court's March 19, 2004 permanent injunction must be deemed final and binding. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) (holding that an issue not argued in a party's appellate briefs is deemed waived on appeal); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (White, Justice, ret.) (same); *see also Abercrombie v. City of Catoosa*, 896 F.2d 1128, 1231 (10th Cir. 1990) (same, even if issue is listed in a brief but not subsequently argued in substance).

*Ralph Gage, or other owner of Steamboat Pilot/Today.* The case has been assigned Case No. 04-4317 JRT/FLN. (*See* Beall Decl., Ex. B.)

4. The Sieverdings' complaint in the Minnesota action asserts various claims against the Newspaper Defendants, and now also the lawyers for the Newspaper Defendants, based on a September 7, 2000 article published by the *Steamboat Pilot & Today* concerning a restraining order hearing on September 6, 2000 in front of County Court Judge James H. Garrecht, of the Routt County Court. (*See id.*, at 81-82 (copy of Sept. 7, 2000 article).)

5. However, both the September 6, 2000 hearing in front of Judge Garrecht and the Newspaper Defendants' article on the hearing the next day were explicitly covered in the Sieverdings' complaint in the case before this Court. (*See* Beall Decl., Ex. C (copy of First Amended Complaint, filed Apr. 1, 2003).) In particular, one of the principal elements of relief sought by the plaintiffs in the case here in Colorado was the lifting of the earlier, state-court restraining order against Kay Sieverding, the restraining order that Judge Garrecht had entered at the conclusion of the county court hearing on September 6, 2000 and which is reported in the article published on September 7, 2000. (*See id.*, ¶¶ 250-66, 274-78 and "Request for Relief," at 40.) In addition, in their First Amended Complaint here in the Colorado case, the plaintiffs have specifically taken issue with that September 7, 2000 news report by the Newspaper Defendants on the proceedings before Judge Garrecht. (*See* Beall Decl., Ex. C, ¶¶ 256, 259.)

6. In addition to these correlations, the complaint itself in the Minnesota case makes plain on its face that it concerns some of the same transactions addressed here in the

Colorado case by virtue of the fact that the Minnesota complaint quotes **_verbatim_**, and liberally, from the First Amended Complaint in this action. (*See* Beall Decl., Ex. B, ¶¶ 38-80, 87-111.) The complaint also makes extensive reference to the procedural history of the Colorado case. (*See id.*, ¶¶ 24-25, 28, 146-49.)

7.  In light of these circumstances, there can be no dispute that the complaint in the Minnesota case is based on some of the same transactions that formed the basis of these plaintiffs' allegations in the Colorado case.[2] As a result, the *pro se* filing of the complaint in the Minnesota case is a direct violation of the Court's March 19, 2004 order prohibiting such *pro se* filings. (*See* Beall Decl., Ex. A, at 3, ¶ 5.)

8.  Under well-settled law in this District, this Court has broad discretion in using its contempt powers to require adherence to court orders. *See Cook v. Rockwell Int'l Corp.*,

---

[2] The Newspaper Defendants assume that the Sieverdings will attempt to justify their contemptuous filing of another *pro se* complaint concerning the events of September 6 and 7, 2000 in Routt County by contending that the First Amended Complaint in the Colorado case did not allege a libel claim against the Newspaper Defendants based on the September 7, 2000 publication, as has now been alleged in the Minnesota case. (*See* Beall Decl., Ex. B, ¶ 26.) Such an argument, however, relies on an overly cramped view of the scope of the Court's permanent injunction against future *pro se* filings by these plaintiffs. The Court's order plainly is not restricted to "claims" actually alleged in the Colorado case. (*See* Beall Decl., Ex. A, at 3, ¶ 5.) Rather, the order applies to *pro se* litigation of the "transactions described" in the Colorado case. (*See id.*)

There can be no dispute that the First Amended Complaint "describes" the "transactions" relating to the September 6, 2000 restraining order hearing in front of Judge Garrecht and the newspaper's subsequent publication of a new story reporting on that hearing. (*See* Beall Decl., Ex. C, ¶¶ 250-78.) As a result, it is immaterial that the plaintiffs in the Colorado case failed to specifically allege a claim for defamation based on the September 7, 2000 article.

907 F. Supp. 1460, 1463 (D. Colo. 1995); *see also O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992). Civil contempt serves two remedial purposes: (1) to enforce compliance with an order of the court, and (2) to compensate for losses caused by non-compliance. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992); *United States v. Cooper*, Case No. 03-B-1127 (PAC), 2004 WL 928190, at *1 (D. Colo. Mar. 16, 2004); *see also O'Connor*, 972 F.2d at 1211; *Cook*, 935 F. Supp. at 1462. A contempt order is proper where the movant proves by clear and convincing evidence that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order. *See Reliance Insurance Co. v. Mast Construction Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Civil contempt may be used to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court order. *See id.*

9.      In light of the showing herein, the Newspaper Defendants have presented clear and convincing evidence from which the Court may conclude that its March 19, 2004 order prohibits precisely the kind of *pro se* lawsuit that the Sieverdings have now filed in the District of Minnesota, and as a result, they are in contempt of this Court's permanent injunction.

10.     Based on this showing, the Court should require the Sieverdings to purge their contempt by voluntarily dismissing the Minnesota case and by paying for the Newspaper Defendants' attorney's fees and costs related to both the Minnesota action and this contempt proceeding. The Court should also order any further relief that it deems just and appropriate

under the circumstances and in light of the evident contempt for this Court shown by these plaintiffs.

### Certificate of Exemption from Local Rule 7.1(A)

Undersigned counsel for the Newspaper Defendants certifies, pursuant to D.C. Colo. L. Civ. R. 7.1(A), that no conference between the parties has been held concerning this Motion based on the Court's prior order of June 4, 2003 suspending the meet-and-confer requirements of Local Rule 7.1(A). (*See* Beall Decl., Ex. D ("Order Suspending Application to this Case of the Requirements of D.C.Colo.LcivR. 7.1A"), at 3.) In addition, no conference could have been held between the parties and their counsel in light of the Court's order of July 31, 2003 directing that the parties and their attorneys are to have no contact with each other apart from service of filings to the Court. (*See* Beall Decl., Ex. E ("Order Granting the City Defendants' Motion to Enjoin Further Filing of Pleadings and Order Enjoining Plaintiffs from Contacting Any Defendant or Counsel for Defendant"), at 4, ¶ 3.)[3]

---

[3] The Sieverdings' complaint in the Minnesota case demonstrates the extent to which the Sieverdings have persistently violated the Court's no-contact instructions in this order of July 31, 2003. (*See* Beall Decl., Ex. B, ¶¶ 6, 124-25, 128, 131, 225-39, 243-70, 272, 274, 278-85. 287-88. 292-99.) However, not wishing to burden the Court with yet more paper in this case, the Newspaper Defendants reserve for now their right to seek relief on the Sieverdings' continuing contempt of the no-contact order. The Newspaper Defendants are hopeful that the proceedings on the Sieverdings' contempt of the Court's March 19, 2004 order will cure the Sieverdings' separate, and continuing, violations of the no-contact instructions in the Court's order of July 31, 2003.

**WHEREFORE**, the Newspaper Defendants respectfully request that the Court enter an Order to Show Cause why plaintiffs David and Kay Sieverding should not be held in contempt of court for their violation of the Court's March 19, 2004 order, and further why they should not be required to voluntarily dismiss the Minnesota action and pay all attorney's fees incurred by the Newspaper Defendants related to the Minnesota action and this contempt proceedings, and also why they should not be required to provide such other remedies as the Court may determine are just and appropriate under the circumstances.

(A proposed Show Cause Order is attached.)

Respectfully submitted to the Court on October 27, 2004,

_____
Thomas B. Kelley
Christopher P. Beall
FAEGRE & BENSON LLP
District Court Box 21
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
(303) 607-3500

ATTORNEYS FOR DEFENDANTS
WorldWest Limited Liability Company,
d/b/a *The Steamboat Pilot & Today*, and
Suzanne Schlicht

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2004, a true and correct copy of the foregoing **MOTION FOR ENTRY OF ORDER TO SHOW CAUSE WHY PLAINTIFFS DAVID AND KAY SIEVERDING SHOULD NOT BE HELD IN CONTEMPT OF COURT** was served by first-class U.S. Mail, postage prepaid, upon:

| **Plaintiffs**: | |
|---|---|
| (With courtesy copy e-mailed to sieverding.kay@slides.com)<br><br>Kay Sieverding   David Sieverding<br>Ed Sieverding    Tom Sieverding<br>641 Basswood Avenue<br>Verona, Wisconsin  53593 | |
| **Defendants:** | |
| David R. Brougham, Esq.<br>HALL & EVANS<br>1125 17th Street, Suite 600<br>Denver, Colorado  80206 | Michael T. McConnell, Esq.<br>Traci L. Van Pelt, Esq.<br>McCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE, LLC<br>4700 South Syracuse Street, Suite 200<br>Denver, Colorado  80237 |
| John M. Palmeri, Esq.<br>Brett Norman Huff, Esq.<br>WHITE AND STEELE, P.C.<br>950 Seventeenth Street, 21st Floor<br>Denver, Colorado 80202-2804 | James B.F. Oliphant, Esq.<br>FELDMANN, NAGEL & OLIPHANT LLC<br>919 Oak Street<br>Post Office Box 775628<br>Steamboat Springs, Colorado  80477 |
| Patricia J. Larson, Esq.<br>Office of the General Counsel<br>American Bar Association<br>321 North Clark Street<br>Chicago, Illinois  60610-4714 | |

DNVR1:60281887.01

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. **02-N-1950 (OES)**

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.

---

### [Proposed] ORDER TO SHOW CAUSE WHY PLAINTIFFS DAVID AND KAY SIEVERDING SHOULD NOT BE HELD IN CONTEMPT OF COURT

---

Before the Court is the "Motion For Entry Of Order To Show Cause Why Plaintiffs David And Kay Sieverding Should Not Be Held In Contempt Of Court" filed by Defendants WorldWest Limited Liability Company, d/b/a *The Steamboat Pilot & Today*, and Suzanne Schlicht (herein, "the Newspaper Defendants"), and being fully advised of the premises, the Court hereby **FINDS and ORDERS**:

1. The Newspaper Defendants' submissions establish a prima facie showing that Plaintiffs David and Kay Sieverding have violated the permanent injunction contained in the Court's Order Accepting Magistrate Judge's Recommendation, entered March 19, 2004; and,

2. There is sufficient clear and convincing evidence from which the Court may conclude that Plaintiffs David and Kay Sieverding are in contempt of this Court's permanent injunction against further *pro se* filings by these plaintiffs; and,

3. Plaintiffs David and Kay Sieverding must appear before this Court, ***in person***, on _____, 2004, at _____ _.m., in Courtroom _____, upon penalty of arrest by the United States Marshal's Service or such other law enforcement authority as the Court may direct, to show cause why they should not held in contempt of court and why they should not be ordered to dismiss their civil action in the District of Minnesota under Case No. 04-4317 JRT/FLN; and,

4. In addition, at the Show Cause Hearing, Plaintiffs David and Kay Sieverding must also show cause why they should not be ordered to pay the attorney's fees and costs incurred by the Newspaper Defendants in connection with both the Minnesota action and this contempt proceeding, based on their contempt in violating the Court's March 19, 2004 order, and why the Court should not order such other injunctive relief to enforce the Court's prior orders.

5. The Newspaper Defendants are to serve a copy of this Order on Plaintiffs David and Kay Sieverding within three (3) days hereof, and they are then to file, forthwith, a certificate with the Court showing that such service on the plaintiffs has been effected and the means by which it was effected.

Done this ___ day of _____, 2004.

BY THE COURT:

_____
EDWARD W. NOTTINGHAM
United States District Judge

2