**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. **02-N-1950 (OES)**

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.

---

**NEWSPAPER DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO SHOW CAUSE
WHY PLAINTIFFS DAVID AND KAY SIEVERDING SHOULD NOT BE HELD IN
CONTEMPT OF COURT**

**(Request for Hearing Included)**

---

Defendants WorldWest Limited Liability Company, d/b/a *The Steamboat Pilot & Today*, and Suzanne Schlicht (herein, "the Newspaper Defendants"), through their attorneys with Faegre & Benson, LLP, submit this Supplemental Memorandum in support of their previously filed request for entry of an Order to Show Cause against Plaintiffs David and Kay Sieverding, requiring these plaintiffs to appear and show cause why they should not be held in contempt of the Court's March 19, 2004 "Order Accepting Magistrate Judge's Recommendation."

In further support of that Motion, the Newspaper Defendants state as follows:

1. On November 19, 2004, the United States District Court for the District of Minnesota, Magistrate Judge Franklin L. Noel presiding, held a hearing in Minneapolis on the Minnesota court's consideration of whether to dismiss of the Sieverdings' *pro se* complaint based on the March 19, 2004 order prohibiting certain *pro se* filings by the Sieverdings. (*See* Declaration of Eric Jorstad, ¶ 2, attached hereto as **Exhibit A**.) The Minnesota court took the matter under advisement following argument from counsel for the Newspaper Defendants and both Mr. and Mrs. Sieverding. (*See id.*)

2. During the hearing on November 19, 2004, Magistrate Judge Noel asked the parties what was the status of any proceeding in the Colorado case concerning the restrictions on *pro se* litigation by the Sieverdings, in light of the Colorado order against such *pro se* litigation. (*See* Jorstad Decl., ¶ 3.) Thereafter, the parties provided Magistrate Judge Noel with copies of the Colorado briefing related to the pending Motion.[1] (*See id.* ¶ 4.)

3. In light of the continuing pendency of the Minnesota case while Magistrate Judge Noel reviews the matter, and in light of the attorney's fees that have been incurred by the Newspaper Defendants as a result of the Minnesota case, there is still a pressing need for a Show Cause Hearing on the Sieverdings' contempt of the March 19, 2004 order.

---

[1] In a letter to the Minnesota court, defense counsel mistakenly informed Magistrate Judge Noel that the Sieverdings had not filed a response the Motion for Entry of Order to Show Cause. This oversight was quickly corrected by the Sieverdings, who supplied Magistrate Judge Noel with a copy of their objection to the Motion. This oversight occurred because defense counsel continue to be inundated with e-mail messages from the Sieverdings, making it difficult to determine what material the Sieverdings have actually filed with the Court and what material they are providing on a "meet-and-confer" basis.

4.  In their opposition to the pending Motion, the Sieverdings claim that this Court lacks jurisdiction to consider a contempt of its March 19, 2004 order because the Sieverdings have filed an appeal from that order. See Objection, ¶ 1. This argument is, as is the case with all the other arguments in the Sieverdings' Objection, plainly frivolous. This Court clearly has jurisdiction to enforce the restrictions of its injunction against *pro se* litigation despite the pendency of the Sieverdings' appeal in the Tenth Circuit Court of Appeals. See *Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 and n.2 (10th Cir. 1990) (holding that a trial court has jurisdiction to consider violations of a mandatory injunction even while the injunction is considered on appeal); *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985) ("Where, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes."); *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) ("[I]n the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision. . . .").

5.  The rest of the Sieverdings' argument in their Objection is equally groundless and not worthy of response, except to point out that the Sieverdings are wrong once again.

WHEREFORE, the Newspaper Defendants respectfully request that the Court enter an Order to Show Cause why plaintiffs David and Kay Sieverding should not be held in contempt of court for their violation of the Court's March 19, 2004 order.

**The Newspaper Defendants request that the Court schedule a Show Cause Hearing on this matter at the earliest practical time.**

(A proposed Show Cause Order was previously submitted with the initial Motion.)

Respectfully submitted to the Court on November 22, 2004,

Thomas B. Kelley
Christopher P. Beall
FAEGRE & BENSON LLP
District Court Box 21
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
(303) 607-3500

ATTORNEYS FOR DEFENDANTS
WorldWest Limited Liability Company,
d/b/a *The Steamboat Pilot & Today*, and
Suzanne Schlicht

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2004, a true and correct copy of the foregoing **NEWSPAPER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO SHOW CAUSE WHY PLAINTIFFS DAVID AND KAY SIEVERDING SHOULD NOT BE HELD IN CONTEMPT OF COURT** was served by first-class U.S. Mail, postage prepaid, upon:

| **Plaintiffs**: | |
|---|---|
| (With courtesy copy e-mailed to sieverding.kay@slides.com)<br><br>Kay Sieverding    David Sieverding<br>Ed Sieverding    Tom Sieverding<br>641 Basswood Avenue<br>Verona, Wisconsin 53593 | |
| **Defendants:** | |
| David R. Brougham, Esq.<br>HALL & EVANS<br>1125 17th Street, Suite 600<br>Denver, Colorado 80206 | Michael T. McConnell, Esq.<br>Traci L. Van Pelt, Esq.<br>McCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE, LLC<br>4700 South Syracuse Street, Suite 200<br>Denver, Colorado 80237 |
| John M. Palmeri, Esq.<br>Brett Norman Huff, Esq.<br>WHITE AND STEELE, P.C.<br>950 Seventeenth Street, 21st Floor<br>Denver, Colorado 80202-2804 | James B.F. Oliphant, Esq.<br>FELDMANN, NAGEL & OLIPHANT LLC<br>919 Oak Street<br>Post Office Box 775628<br>Steamboat Springs, Colorado 80477 |
| Patricia J. Larson, Esq.<br>Office of the General Counsel<br>American Bar Association<br>321 North Clark Street<br>Chicago, Illinois 60610-4714 | |

DNVR1:60284548.01

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. **02-N-1950 (OES)**

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.

---

### VERIFYING DECLARATION OF ERIC JORSTAD, Esq.

---

I, **Eric Jorstad**, being of legal age and with personal knowledge of the matters described below, state as follows:

1. I am a licensed attorney in the State of Minnesota. I am a partner with the firm of Faegre & Benson, LLP. I am one of the attorneys of record for the defendants who have been served with the Summons and Complaint and appeared (generally or specially, collectively, "Appearing Defendants") in the case *Sieverding, et al., v. Faegre & Benson, et al.*, in the United States District Court for the District of Minnesota, Case No. 04-4317 JRT/FLN (herein, "the Minnesota case"). This Declaration is submitted in connection with the Newspaper Defendants' "Motion For Entry Of Order To Show Cause Why Plaintiffs David And Kay Sieverding Should Not Be Held In Contempt Of Court" in the above-captioned action (herein, "the Colorado case").



EXHIBIT A

2. On November 19, 2004, Magistrate Judge Franklin L. Noel held a hearing in Minneapolis in the Minnesota case to consider the request by the Appearing Defendants there that the Minnesota court should *sua sponte* dismiss the Sieverdings' *pro se* complaint in light of the restrictions on *pro se* litigation imposed by the March 19, 2004 order in the Colorado case. Following the hearing, during which counsel for the Appearing Defendants as well as both David and Kay Sieverding spoke on the issue, Magistrate Judge Noel took the matter under advisement.

3. During the hearing, Magistrate Judge Noel asked the parties what was the status of the proceedings on the March 19, 2004 order in the Colorado case.

4. Following the hearing, the parties provided Magistrate Judge Noel with copies of their briefing on the Newspaper Defendants' Motion for Entry of An Order to Show Cause in the Colorado case.

5. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

_____
Eric Jorstad