UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. **02-CV-1950-EWN (OES)**

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.
_____

**NEWSPAPER DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO SHOW CAUSE**
_____

Defendants WorldWest Limited Liability Company, d/b/a *The Steamboat Pilot & Today*, and Suzanne Schlicht (herein, "the Newspaper Defendants"), through their attorneys with Faegre & Benson, LLP, in light of the Court's chamber's memorandum of June 9, 2005, referring to the magistrate judge the Newspaper Defendants' motion for entry of a show cause order against the plaintiffs, submit this Second Supplemental Memorandum in support of that motion so as to apprise the Court of the developments in this case since the filing of that motion.

In further support of their motion, the Newspaper Defendants state as follows:

1.    The Newspaper Defendants filed their motion for entry of an order to show cause why the plaintiffs should not be held in contempt on October 27, 2004. This motion arose from the plaintiffs' violation of this Court's prior order barring them from any further

litigation related to the transactions addressed in this case without representation from a licensed attorney.[1]

    2.    Since the filing of the Newspaper Defendants' supplemental memorandum in support of that motion on November 22, 2005, the following additional relevant events have occurred:

        a.    On January 19, 2005, Magistrate Judge Franklin L. Noel in the United States District Court for the District of Minnesota recommended that the plaintiffs' separate lawsuit there – which formed the basis of the Newspaper Defendants' contempt motion here because it concerned the same transactions addressed in this civil action – should be dismissed. Magistrate Judge Noel found that the *pro se* Minnesota complaint violated this Court's injunction against litigation without representation by a licensed attorney. (A copy of his Report and Recommendation is attached as **Exhibit A**.)

        b.    On May 23, 2005, District Judge John R. Tunheim accepted Magistrate Judge Noel's recommendation, and the Minnesota litigation was dismissed. (A copy of this order is attached as **Exhibit B**.)

---

[1] This Court's order barring litigation by the plaintiffs without representation from a licensed attorney has now been affirmed by the United States Court of Appeals for the Tenth Circuit, in an Order & Judgment that was issued April 22, 2005, on which the full court of appeals denied a motion from the plaintiffs for a rehearing en banc, in an order filed May 25, 2005.

2

    c. On June 22, 2005, the plaintiffs filed a Notice of Appeal in the District of Minnesota from Judge Tunheim's order.

    d. On June 24, 2005, the plaintiffs filed in this civil action here in Colorado a document (Docket No. 562 in this Court) that is labeled as a "notice of appeal" but appears to be an effort to initiate yet another unrepresented civil action, this time in the United States District Court for the District of Columbia. This putative filing in the District of Columbia also was attached with the plaintiffs' notice of appeal in the Minnesota case.

  3. As a result of the improper unrepresented litigation by the plaintiffs in the District of Minnesota, the Newspaper Defendants were forced to incur in excess of $12,850.00 in attorney's fees and costs. Those fees appear likely to continue to mount now that the plaintiffs have filed yet another frivolous appeal, this time in the Eighth Circuit.

  4. In addition, the Newspaper Defendants have been forced to incur at least $3,000 in attorney's fees and costs in connection with this contempt motion, with additional fees likely if this Court schedules a show cause hearing.

  5. Unless the District Court in the District of Columbia refuses to accept the plaintiffs' latest filing – which in light of its verbosity and lack of any jurisdictional basis may well occur *sua sponte* – the Newspaper Defendants may be forced to incur yet more attorney's fees and costs in yet another lawsuit that is again in violation of this Court's injunction against unrepresented litigation.

6.	These events provide abundant evidence that the Court should enter an order requiring the plaintiffs to show cause why they should not be held in contempt for violating this Court's injunction against unrepresented litigation.  Moreover, these events underscore the need for this Court to provide greater protection for the Newspaper Defendants, and all of the other defendants,[2] from any further frivolous litigation by these plaintiffs.

**WHEREFORE**, the Newspaper Defendants respectfully request that the Court enter an Order to Show Cause why plaintiffs David and Kay Sieverding should not be held in contempt for their violation of the Court's March 19, 2004 order.  The Newspaper Defendants further request that the Court take all steps necessary, following the issuance of the Order to Show Cause, to protect the Newspaper Defendants from further contemptuous conduct by the plaintiffs.

---

[2] The Newspaper Defendants are informed, and on that basis state, that the plaintiffs filed a second Minnesota lawsuit based on the same transactions addressed in this Colorado civil action, this one against the Colorado Intergovernmental Risk Sharing Association, whom the plaintiffs believe to be the insurance carrier for some of the defendants in this case. *See Kay Sieverding, et al. v. Colorado Intergovernmental Risk Sharing Association*, U.S. District Court for the District of Minnesota, Case No. 05-02 (JWF/JSM).  That case appears to be awaiting a decision from the Minnesota court following a magistrate judge's recommendation for dismissal, again in large part on the basis of the plaintiffs' violation of this Court's injunction against unrepresented litigation.  (A copy of the magistrate judge's report and recommendation, dated May 26, 2005, in that second, separate Minnesota case is attached as **Exhibit C**.)

Case 1:05-cv-01285-RNH-OES Document 15 Filed 08/22/2005 Page 4 of 7

Respectfully submitted to the Court this  27th  day of June, 2005,


                                        By  /s/ Christopher P. Beall
                                          Thomas B. Kelley
                                          Christopher P. Beall
                                        FAEGRE & BENSON LLP
                                        3200 Wells Fargo Center
                                        1700 Lincoln Street
                                        Denver, CO 80203-4532
                                        (303) 607-3500

                                        ATTORNEYS FOR DEFENDANTS
                                        WorldWest Limited Liability Company, d/b/a *The Steamboat Pilot & Today*, and Suzanne Schlicht


DNVR1:60307518.01

Case 1:05-cv-01285-RPM-OES Document 15 Filed 06/27/2005 Page 5 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on this __27th__ day of June, 2005, I electronically filed the foregoing **NEWSPAPER DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO SHOW CAUSE** with the Clerk of the Court using the ECF/CM electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

David R. Brougham, Esq. – broughamd@hallevans.com
HALL & EVANS
1125 17th Street, Suite 600
Denver, Colorado 80206

Brett Norman Huff, Esq. – bhuff@wsteele.com
WHITE AND STEELE, P.C.
950 Seventeenth Street, 21st Floor
Denver, Colorado 80202-2804

Michael T. McConnell, Esq. – mmcconnell@msfhc.com
Traci L. Van Pelt, Esq. – tvanpelt@msfhc.com
Meghan Elizabeth Pound, Esq. – mpound@msfhc.com
McCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE, LLC
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237

I also certify that on the same date, I placed the same foregoing document in the U.S. Mail, postage prepaid, correctly addressed to the following additional persons who are not registered with the Court's ECF/CM system:

**Plaintiffs**:
    (With courtesy copy e-mailed to sieverding.kay@slides.com)
    Kay Sieverding    David Sieverding
    Ed Sieverding    Tom Sieverding
    641 Basswood Avenue
    Verona, Wisconsin 53593

**Defendants:**
James B.F. Oliphant, Esq.
FELDMANN, NAGEL & OLIPHANT LLC
919 Oak Street
Post Office Box 775628
Steamboat Springs, Colorado 80477

Patricia J. Larson, Esq.
Office of the General Counsel
American Bar Association
321 North Clark Street
Chicago, Illinois 60610-4714

        /s/  Tracy Reed

DNVR1:60307518.01