IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE AMERICAN BAR ASSOCIATION'S MOTION FOR ENLARGEMENT
OF TIME IN WHICH TO RESPOND TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil procedure, Defendant American Bar Association ("ABA"), through its undersigned attorneys White & Case LLP, respectfully moves this Court for an enlargement of time up to and including September 7, 2005, within which to answer or otherwise respond to Plaintiffs' Complaint. In so doing, the ABA does not waive any potential defenses it may raise, including without limitation, dismissal of the case for lack of subject matter jurisdiction and in accordance with the judgment of the United States District Court for the District of Colorado, which enjoined Plaintiffs from engaging in any further pro se litigation involving the operative facts and issues alleged in the Complaint. Cause to grant this motion exists as discussed below.

1. On or about July 18, 2005, Plaintiffs pro se filed their Complaint. The Complaint was served on ABA on August 5, 2005; the ABA's response is due on August 25, 2005.

2. On or about August 15, 2005, defendants Jane Bennett, Faegre & Benson LLP, Hall and Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White & Steele, PC filed their Motion for Extension of Time In Which to Respond

RECEIVED
AUG 2 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

to Plaintiffs' Complaint, together with supporting Exhibits ("Motion"). That Motion with supporting Exhibits is listed as No. 8 on the Court's Docket for this matter ("Docket No. 8"). This Court granted the Motion on August 19, 2005, allowing the afore-named defendants until September 7, 2005 to respond to Plaintiffs' Complaint.

3. As the afore-named defendants state in their Motion, the action before this Court is the *ninth* pro se civil action that Plaintiffs have filed in state and federal courts concerning the same operative facts and issues.[1] The United States District Court for the District of Colorado enjoined the Plaintiffs from further pro se filings, which was affirmed on appeal by the U.S. Court of Appeals for the Tenth Circuit.[2] Plaintiffs have violated the District Court's injunction and, accordingly, the District Court scheduled a contempt hearing for September 2, 2005 at 3:45 p.m., concerning Plaintiffs' violation of the injunction.[3] Many of the afore-named defendants also are named defendants in the Colorado action.

4. The ABA also is a named defendant in the Colorado action.

5. Because the basis and cause for the instant motion is in all respects identical to that set forth in paragraphs 2, 8–11 of the afore-named defendants' Motion, the ABA will refrain from repeating the information set forth in that Motion. Suffice it to say the ABA also expects that following the September 2, 2005 contempt hearing, Plaintiffs either will voluntarily withdraw their patently frivolous action before this Court or will be ordered to do so by the Federal District Court of Colorado.

---

[1] Motion ¶¶ 1, 5–7. In fact, on August 22, 2005, defendant Hall & Evans LLP supplemented their filings in the District of Colorado Court, asserting that Plaintiffs had filed yet another lawsuit on July 12, 2005 in the Denver District Court, captioned *David and Kay Sieverding v. State of Colorado*, Civil Action No. 05-CV-05485, concerning the same operative facts and issues as in the instant action.
[2] Motion ¶ 4.
[3] Motion ¶ 3 and Exhibit A thereto (Order setting contempt hearing).

6. Therefore, for cause shown above, the ABA requests that this Court also grant the ABA an extension of time until September 7, 2005 to allow for resolution of the contempt issues that will be presented to the Federal District Court of Colorado at the September 2, 2005 hearing. *See Simpson v. Socialist People's Libyan Arab Jamahiriya*, 2001 WL 1701673, No. Civ. A. 00-1722(RMU) *2 (D.D.C. June 18, 2001) (discussing standards under Rule 6(b) and quoting *Lujon v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)).

WHEREFORE, the ABA respectfully requests that this Court enter an order enlarging the time in which the ABA must answer or otherwise respond to Plaintiffs' Complaint at least until September 7, 2005.

Dated: Washington, D.C.
August 24, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: *Carolyn B. Lamm*
Carolyn Lamm (D.C. Bar No. 221325)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2005 I caused copies of the foregoing American Bar Association's Motion For Enlargement Of Time In Which To Respond To Plaintiffs' Complaint to be served by Federal Express upon the following persons:


David Sieverding
Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE


Kevin Aloysius Kernan
O'BRIEN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, DC 20006-3939
Counsel for Defendants :    Jane Bennett
                            Faegre & Benson LLP
                            Hall and Evans LLP
                            McConnell Siderius Fleischner Houghtaling & Craigmile, LLC
                            The World Company
                            White & Steele, PC


Danielle Moore
OFFICE OF THE ATTORNEY GENERAL
1525 Sherman Street, 5th Floor
Denver, CO 80203
Counsel for:   Routt County Court

_____
Matthew Ahn