U.S. Court District of Columbia

Sieverding et al                                              05-cv-01283 RMU

v.

American Bar Association et al.
---

Plaintiffs motion complaining that Ms. Moore is using Mr. Kernans' ECF account to deceive the court and hide plaintiffs' objections and fear of irreparable damages and to deny plaintiffs' **their rights as crime victims under 18 U.S.C. 3771 B. 7 "The right to proceedings free from unreasonable delay"**

Ms. Moore is not registered in this court and does not have an ECF account. She used the account of a commercial business, Mr. Kernan, to file for her, while pretending to be independent from him. They refuse to post plaintiffs filings to ECF so as to deceive the court as to the nature of the issues.

Plaintiffs object to the defense counsel trying to use the ECF system to win a right not to Reply and gain leverage over plaintiffs in related actions in which plaintiffs think they might be set up for assassination or other criminal acts. The timely and accurate posting in a public record of this litigation is essential both so that the court is able to accurately know what the case is about and so that defendants can try to protect themselves from assassination by recording the identifies, motivations, and communications from the potentially dangerous parties. There has been considerable criminal acts and recent and violent threats as well as ongoing defamation of plaintiffs.

The first batch of respondents' response was due on 8/17. That meant that if they wanted an extension of time, they were supposed to confer with plaintiffs about it prior to 08/09. However, they did not enter a motion for an extension until about 4:30 on 8/15.

1

When Mr. Kernan filed his three-day late 100 page motion for an extension of time, he did not explain plaintiffs' urgent opposition or even state that they are opposed as he was obligated. As shown in the attached one page fax, plaintiffs are afraid that the defendants will have them assassinated so as to avoid responding. They also suffer irreparable damages due to delay because the defendants continue to defame them, as shown by the attached internet publication dated today, and more parties see the defaming articles..

The respondents' counsel filed 16 exhibits. Plaintiffs' 8 attachments were lumped together by the clerks as one attachment and not identified.

The worst problem, however, is that the plaintiffs' objection was not posted until about 65 hours after it left their hands.

Ms. Moore then filed a motion for an extension when she was already in default. She had also conferred with plaintiffs and been told of their urgent opposition, recent defamatory publications by the defendants, new damages to plaintiffs within the last few days, threats made last week etc. None of this did she disclose to the court, nor the other option that the one party she represents, who is an attorney, could just file pro se.

. Plaintiffs emailed Ms. Moore and Mr. Kernan their objections and asked them to upload them, but as the attached emails from Ms. Moore and Mr. Kernan shows, they maliciously refused, with the only possible intention of obstructing justice.

This improper use of the dual ECF/paper systems to limit plaintiffs' access to the court is especially an issue since in three years of various litigations the plaintiffs have had with the respondents and parties in contract with them, the defense have never stipulated to any facts and clearly acted with the criminal intention of obtaining denial of previous court's honest services.

Plaintiffs declare under penalty of perjury that the foregoing is true and correct under penalty of perjury that the foregoing is true and correct. Executed on August 18, 2005.

S./ *[signature]*
David Sieverding

S./ *[signature]*
Kay Sieverding

641 Basswood Ave. Verona, WI 53593 Voice, 608 848 5721, Fax 608 845 3201
Copy sent today to
Kevin A. Kernan
O'Brian, Butler, McConihe & Schaefer P.L.L.C.
888 17th St. Northwest Suite 1000
Washington District of Columbia 20006-3967

And to Danielle Moore
Colorado Attorney General Office
1525 Sherman St. 5th Floor
Denver, CO 80203

*[signature: Kay S.]*

RECEIVED
AUG 1 9 2005

JURY, PROSE-NP, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:05-cv-01283-RMU

SIEVERDING et al v. AMERICAN BAR ASSOCIATION et al
Assigned to: Judge Ricardo M. Urbina
Cause: 28:7422 Appeal from Administrative Decision

Date Filed: 06/27/2005
Jury Demand: Plaintiff
Nature of Suit: 900 Appeal of Fee Determination
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2005 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WHITE & STEELE served on 7/27/2005, answer due 8/16/2005; HALL AND EVANS LLC served on 7/27/2005, answer due 8/16/2005; WORLD COMPANY served on 7/28/2005, answer due 8/17/2005 (jf, ) (Entered: 08/03/2005) |
| 08/05/2005 |  | MINUTE ORDER denying 4 Motion to use ECF. The plaintiffs should contact the Clerk's office for assistance on filing documents and viewing the case docket. Signed by Judge Ricardo M. Urbina on 8/5/05. (md) (Entered: 08/05/2005) |
| 08/11/2005 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Amended Complaint Executed. ROUTT COUNTY COURT served on 7/28/2005, answer due 8/17/2005; JANE BENNETT served on 7/28/2005, answer due 8/17/2005 (jf, ) (Entered: 08/12/2005) |
| 08/15/2005 | 8 | MOTION for Extension of Time to File Answer by WHITE & STEELE, HALL AND EVANS LLC, WORLD COMPANY, JANE BENNETT, FAEGRE & BENSON, LLP, MCCONNELL SIDERIOUS. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Errata D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H-1# 9 Exhibit H-2# 10 Exhibit H-3# 11 Exhibit H-4# 12 Exhibit H-5# 13 Exhibit H-6# 14 Exhibit H-7# 15 # 16 Text of Proposed Order)(Kernan, Kevin) (Entered: 08/15/2005) |
| 08/16/2005 | 9 | RESPONSE (OBJECTION) to Defendant's motion to delay response to plaintiff's complaint filed by DAVID SIEVERDING, KAY SIEVERDING. (Attachments: # 1 Attachments)(jf, ) (Entered: 08/18/2005) |
| 08/18/2005 | 10 | MOTION for Extension of Time to File Answer re 1 Complaint, by ROUTT COUNTY COURT. (nmw, ) (Entered: 08/18/2005) |

Handwritten annotations: 8-15, 4:30 pm, Sent 7:00 pm, 8-15

From: David Sieverding <david_sieverding@mac.com>
Subject: Why didn't you follow the court ECF and local rules?
Date: August 18, 2005 5:44:30 PM CDT
To: Danielle Moore <danielle.moore@state.co.us>
Cc: sieverding.david@slides.com

8/18 4:43 RMT

Dear Ms. Moore
Colorado AG's office

You think you are privileged to file through someone else's ECF account but we are not? The Colorado Supreme Court has already ruled that pro se litigants cannot be treated differently without purpose. What is a legitimate purpose to deny the court's seeing our response to your potentially dispositive motion. If you are so worried about the District of Columbia then you should have not used Mr. Kernan's ECF account and you should have filed your motion for an extension last week, and applied for your District of Columbia certification weeks ago, or else let the county judge file for himself.

Why are you seeking delay for no reason except to burden us?

I don't believe that the delay is so that you can get certified. I think that is a sham. County Judge Garrecht knew that this action was coming and I bet you knew about it a long time ago. Furthermore, I have bills showing that the A.G. knew about this in 2003.

Furthermore, your assistant asked me for a delay through August only but now you are asking for additional delay for no reason but to set us up for risk of assassination, jail, and further defamation. I think you are trying to cover up for the D.A's involvement with an organization, CIRSA, that doesn't file tax returns, pretends to be a government but obviously isn't, and has an obviously bogus KPMG audit.

What would be your short version of County Judge Garrecht's reply? You have all the transcripts and the records already. Jane Bennett is already in default and has not claimed that I committed a crime.

Kay Sieverding
608 848 5721
sieverding.kay@slides.com

On Aug 18, 2005, at 4:59 PM, Danielle Moore wrote:

> Dear Ms. Sieverding:
>
> I wanted to acknowledge receipt of your email and objection. I also wanted to inform you that I cannot now or in the future file pleadings on your behalf. You will have to follow the direction of the United States District Court for the District of Columbia with reference to filing pleadings. I can be of no assistance in this endeavor.
>
> Sincerely,
>
> Danielle Moore
>
> Danielle Moore
> Assistant Attorney General
> Tort Litigation Unit
> Office of the Colorado Attorney General
> 1525 Sherman Street, 5th Floor
> Denver, Colorado 80203
> (303) 866-3545
> fax: (303) 866-5443
> danielle.moore@state.co.us
>
> The information contained in this e-mail is confidential and may be protected by legal privilege. It is intended only for the addressee, and access to this message by anyone other than the addressee is not authorized. If you are not the addressee, kindly delete this message immediately.
>
> ||| Kay Sieverding <sieverding.kay@slides.com> 8/18/2005 9:04 AM >>>
> 8/18/05 about 9 am RMT.
> to Colorado Attorney General's office
>
> Dear Ms. Moore
>
> I was quite disappointed to see your filing. I clearly told your assistant about our new damages and substantial risks of delay.
>
> Judge Garrecht is a lawyer. Let him file for himself. Pro se, he

doesn't need to register.

Since the paper filings are taking so long and, it seems across the country, there is some sort of conflict about pro se litigants using ECF, I faxed this to the court.

Please use your ECF account and file this for us.

Also, how did you get an ECF account if you are not registered in the District of Columbia?

Please promptly email all your filings to us.

Kay Sieverding

641 Basswood Ave
Verona, WI 53593
608 848 5721
fax 608 845 3201
email sieverding.kay@slides.com

U.S. Court District of Columbia

Sieverding v. ABA                                    05-cv-01283-RMU

Faxed objection to already defaulted Colorado State Defendant Routt County Court's Motion for a 3 Week Enlargement of Time thru Sept 7 with effect of subverting Rule 60 b (3) protections.

Because pro-se plaintiffs were denied an ECF account, they are forced, by the urgency of the matter, to fax to the judge's chamber. They filed in paper a previous objection on Tues morning and 48 hours later it is still not in the docket. Moore refused to email to plaintiffs.

**As plaintiffs explained in great detail to Moore's assistant, but not discolosed by her, plaintiffs believe they will be irreparably harmed by any additional delay.** They believe their lives are at stake. They were threatened again last week by David Brougham and various criminal elements are involved in the case, which offers proof of criminal acts. Furthermore, they are suffering new damages constantly. For instance, as of yesterday and probably today, the defendants are publishing on the Internet defamatory articles about plaintiffs, which were viewed by another old business association recently. This summer, plaintiffs were unable to take their minor son to visit his best friend because of the delay in the resolution based on merits, not on fraud and crime, of plaintiffs' claims. Their 85-year old mother, who lived in Steamboat, has been adversely affected. They have been under stress all summer and Ms. Moore now proposes to facilitate another action to injure and possibly kill plaintiffs. If the defendants can get plaintiffs into jail, it will be easy to kill them there. The other defendants are planning an adverse action towards plaintiffs on 9/2/05 and Ms. Moore's extension, if granted, will facilitate additional violations of plaintiffs' constitutional rights, after evidence of previous violations.

Plaintiffs spoke with Daniel Moore's representative yesterday. She did not ask any questions about the facts or make any pretense to needing more time.

The Colorado Attorney General has been aware of these events since the spring of 2003, or before. Itemized bills by Hall and Evans, a respondent in this action, show at least two conversations with the Colorado Attorney General. Furthermore, plaintiff is involved in related litigation in a district court in Colorado and the Colorado Attorney General appeared there several weeks ago and has been given extensive related information. So waiting until the last minute is a fraud, because they had years to prepare.

In this case Daniel Moore represents only one person, a county judge. He can file for himself without registration as a pro se defendant. The county judge predicted plaintiffs wouldn't be able to find a lawyer to defend their constitutional rights, as he took them away. He should have to answer for this.

Under penalty of perjury,    *Kay Sieverding*
Kay Sieverding 8/18/05 and faxed around 10:45 EST  David Sieverding
Sieverding.kay@slides.com, fax 608 845 3201, 641 Basswood Ave. Verona, WI 53593
cc. Danielle Moore  Danielle.moore@state.co.us

| | |
|---|---|
| FROM: | Kay Sieverding, fax 608 845 3201 |
| TO: | Chambers of Judge Urbina fax 202 354 3392 |
| CC: | Defense counsel Kevin Kernan fax 202 293 1640 |
| DATE: | 8/16/05 (2 am) |
| RE: | 05-02183 Filing for time extension by defendant on 8/15 contrary to posted rules |

The posted rules for Judge Urbina require that any time extension motion be filed 4 days before the deadline and include a statement of the other sides' opposition if any.

Kevin Kernan filed his motion only 48 hours before the first deadline on 8/17.

Mr. Kernan conferred with plaintiffs on Monday morning but his motion does not acknowledge plaintiffs' opposition or the objections that plaintiffs' emailed and faxed to him.

Because plaintiffs are pro se, they do not have an ECF account.

On 8/15, plaintiffs paid $50 to have a process server deliver an objection that they had faxed to him but the clerks refused to accept plaintiffs' objection from the process server. A copy is coming by courier for morning delivery. However, it is expected that the court might rule without knowing plaintiffs' opposition.

Under rules as published by Judge Urbina, the court is required to disallow the motion because it did not meet the 4-day time and conference requirements.

Plaintiffs are opposed to the motion because it seeks to subvert the law of a rule 60b(3) motion for review in a non-rendering court when the basic process of the court has been subverted and interpose an action with parties who have acted in a criminal manner and threatened plaintiffs. Plaintiffs believe they might be murdered to prevent the filing of a reply to this action.

The objection that plaintiff filed includes evidence of criminal acts. These criminal acts involve an unregulated foreign insurance company, a so called "audit" of a multi million enterprise by criminally suspect KPMG with no signatures of any person or party except the initials "KPMG LLP", and theft of honest services. Respondent Hall and Evans representative threatened plaintiffs on the telephone a week ago and the husband of respondent Jane Bennett, a convicted cocaine dealer on the FBI criminal database, threatened to shoot a potential buyer of Sieverdings' former property while they were inspecting the property for sale.

Thus plaintiffs have a legitimate fear that they will be murdered in the next two weeks in order that the defense can avoid filing a simple Reply to the complaint, which they have had since June because of previous service by email.

Kay Sieverding

*Kay Sieverding* (signature)

From: Kevin Kernan <kkernan@obmslaw.com>
Subject: **RE: please ecf this for me,**
Date: August 18, 2005 12:26:27 PM CDT
To: 'Kay Sieverding' <sieverding.kay@slides.com>

No.

-----Original Message-----
From: Kay Sieverding [mailto:sieverding.kay@slides.com]
Sent: Thursday, August 18, 2005 11:18 AM
To: kkernan@obmslaw.com
Subject: please ecf this for me,

Did you ECF for Moore?

Please ECF this for me.

Kay Sieverding




Real Estate | Reader Forum | Classifieds | Contact | Subscribe

Weather
Buy
79° Partly Cloudy
Current conditions
7 day forecast



## Archived stories

Story search | GO
More search options



### Restraining order issued against Sieverding

**Judge worried that dispute between City Council president's family and neighbor could escalate to violence**

By Tom Ross, Staff Reporter
THURSDAY, SEPTEMBER 7, 2000

**STEAMBOAT SPRINGS — SAYING HE WAS WORRIED THAT** a neighborhood dispute could escalate into violence, Routt County Judge James Garrecht issued a restraining order Wednesday prohibiting Kay Sieverding from contacting her neighbor, Jane Bennett, wife of City Council President Kevin Bennett.
The judge's ruling came after a hearing that lasted more than four hours and included a sharp exchange involving Sieverding's husband, David, and Bennett's attorney, Randall Klauzer.
Sieverding and Bennett live on Princeton Avenue in Old Town Steamboat Springs. The two families have not gotten along for years, but the level of acrimony has been growing this summer. The most recent incident happened Aug. 29, when witnesses said Sieverding stood in the street in front of the Bennett home and screamed "at the top of her lungs" that the Bennetts were violating her constitutional rights and breaking the law.
The dispute has boiled over this summer because of Sieverding's insistence that a garage addition and remodeling of a small log cabin on the Bennetts' property are in violation of city regulations.
Garrecht told Sieverding Wednesday not to come within 10 yards of Jane Bennett in the future. She also was ordered not to go onto the Bennetts' property.
"If she's near you, turn around and walk the other way," Garrecht told Sieverding. "Get yourself 10 yards away."
Garrecht referenced a tragic incident in Denver this year when tension between neighbors over parking disputes resulted in the shooting death of a schoolteacher and his daughter.
"I'm concerned about the escalating nature of this," Garrecht said. "I think more safety than harm is going to be accomplished by this (restraining order)."
Sieverding, who told the judge she believes she has acted properly throughout the summer, represented herself in the hearing, but her son and husband were seated at the table with her and actively advised her.
At one point in the proceedings, David Sieverding leaned over to Klauzer and said something to him in low tones. Klauzer leapt to his feet and loudly exclaimed, "What? I'm a son of a bitch? I'm a son of a bitch?"
At that point several people seated in the courtroom called out to Garrecht, "I heard it, too."
"People, this is a courtroom," Garrecht responded. "If you want to have a dogfight, go outside."
The judge then required David Sieverding to leave the advocate's table and take a seat in the audience.
Jane Bennett sought the restraining order after an Aug. 29 incident that began, she said, as she returned from buying produce, heard a car honking its horn and looked in the mirror to see Sieverding and her son following closely in their car. Bennett said she drove straight to her home to avoid contact with Sieverding.
"I got scared because I've had problems before," Bennett said. "I saw Mrs. Sieverding come charging at me through her yard. She started jumping up and down and screaming in the scariest voice, 'Just because you are the wife of the City Council president doesn't mean you can break the law.' I was so scared."
Bennett said she went inside and called the police.
Sieverding faces misdemeanor criminal harassment charges in connection with the incident, the judge observed in court.
Sieverding called Steamboat police officers Richard Brown and Kirby Blackman to testify about their visits to her neighborhood to respond to complaints. In response to direct questions from Sieverding, both officers

Community
Calendar
Reader Forum
Groups & Clubs
Find a new home
Sections
nboat
Listin
Front page
Classifieds
Service Directory
Public Notices
News
Sports
Obituaries
Births
Viewpoints
Dining Guide
Style
Outdoors
The Record
Business
Real Estate News
Featured Properties
Four Points
South Routt
West Routt
Education
Weddings
Engagements
Special Sections
Winter VacationLand
Yampa Valley Health Care
Wedding Guide
The Venue
Rodeo Guide
Assistance
Search






Marketplace
Real Estate:
Condominiums
Autos:
Recreational

Subscriptions
Contact
Advertising
About the Pilot & Today





said they had not observed her displaying physical aggression toward her neighbors.
"Did you ever see me act in a violent or threatening manor?" Sieverding asked Brown.
"No," he replied.
"Have you ever observed me behaving threateningly? Did I ever act in any way that seemed irrational?" Sieverding asked Blackman.
"Not at the times when I've been called," Blackman responded.
In her closing argument, Sieverding told the judge this has been the "strangest summer of her life."
"My honest belief, was that everything I've done over the summer was honest and proper," she said.
Sieverding has objected strenuously this summer to construction projects occurring on the Bennett property at the end of Princeton, a dead end street. She contends that the size of an addition being built above a freestanding, two-car garage violates the city development code. She also alleges code violations related to the Bennetts' conversion of an existing log shed into guest quarters.
City Planning Director Wendie Schulenburg testified Wednesday that she has responded in detail to Sieverding's concerns and has told her that the Bennetts' construction is in compliance with the code.
Klauzer argued that Sieverding's behavior, including the wide distribution of leaflets criticizing the Bennetts and the city's handling of her concerns, was in violation of the terms of a mediated agreement the Sieverdings and the Bennetts signed this year. The city paid $4,000 for a mediator to work on the agreement between the two families. It was meant to restore peace to their neighborhood.
Klauzer told Garrecht that failure to act now "would allow something horrible to occur here."
"This is personal abuse," Klauzer told Garrecht. "This is not going to stop, judge, until you stop this woman from harassing Jane Bennett."

To reach Tom Ross call 871-4210, or e-mail tomross@amigo.net

Employment:
Clerical Office
Rentals:
Homes
More classifieds
Submit a classified ad
Find a home
Calendar
Today's events:
Old-guy skateboarding
Bullriding competition
Music on the Green
**Go to the calendar**
**Submit an event**

More in News

Copyright © 2005 The Steamboat Pilot & Today. All rights reserved.

There's always more available in our print version. **Subscribe to The Steamboat Pilot & Today**!

If you have a question or comment, visit our **feedback** page.

Interested in **promoting your business** on our site?

Please acquaint yourself with our **Privacy Policy** and **Terms of Use Agreement**.

## ARTICLE I.
## VICTIMS' RIGHTS

### A. Best Efforts To Accord Rights

Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described below. (18 U.S.C. § 3771(c)(1))

### B. Rights of Crime Victims

A crime victim[1] has the following rights under 18 U.S.C. § 3771(a):

1. The right to be reasonably protected from the accused.
2. The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
3. <u>The right not to be excluded from any such public court proceeding</u>, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
4. The right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing, or any parole proceeding.
5. The reasonable right to confer with the attorney for the Government in the case.
6. The right to full and timely restitution as provided in law.
7. <u>The right to proceedings free from unreasonable delay</u>.
8. The right to be treated with fairness and with respect for the victim's dignity and privacy.

### C. Advice of Attorney

The prosecutor shall advise the crime victim that the crime victim may seek the advice of an attorney with respect to the rights enumerated above. (18 U.S.C. § 3771(c)(2))

### D. Enforcement Mechanisms for Victims

The Justice for All Act of 2004 provides crime victims, as defined in article II.D.1, with two mechanisms for enforcing the rights enumerated above.

1. <u>Judicial Enforcement</u>. Crime victims, or the Government on their behalf, may move in Federal district court for an order enforcing their rights. (18 U.S.C. § 3771(d)(3)) "The district court shall take up and decide any motion asserting a victim's right forthwith. If

---

[1] A "crime victim" for purposes of these rights is a person who satisfies the definition in article II.D.1 of this document.

5

D. Definitions of "Crime Victim"

The term "crime victim" is defined differently by different Federal statutes. Unless otherwise noted, these *AG Guidelines* use the following definitions.

1. Enforcement of Rights. For purposes of enforcing the rights enumerated in article I.B, a victim is "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia" (18 U.S.C. § 3771(e)) if the offense is charged in Federal district court. If a victim is under 18 years of age, incompetent, incapacitated, or deceased, a family member or legal guardian of the victim, a representative of the victim's estate, or any other person so appointed by the court may exercise the victim's rights, but in no event shall the accused serve as a guardian or representative for this purpose. (18 U.S.C. § 3771(e)) A victim may be a corporation, company, association, firm, partnership, society, or joint stock company. (1 U.S.C. § 1)

2. Provision of Services. For purposes of providing the services described in these *AG Guidelines*, a victim is "a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime." (42 U.S.C. § 10607(e)(2)) If a victim is an institutional entity, services may be provided to an authorized representative of the entity. If a victim is under 18 years of age, incompetent, incapacitated, or deceased, services may be provided to one of the following (in order of preference) for the victim's benefit:

    a. A spouse.

    b. A legal guardian.

    c. A parent.

    d. A child.

    e. A sibling.

    f. Another family member.

    g. Another person designated by the court.

(42 U.S.C. § 10607(e)(2))

E. Application

1. Providers of Rights and Services. These *AG Guidelines* apply to those components of the Department of Justice engaged in investigative, prosecutorial, correctional, or parole functions within the criminal justice system. The *AG Guidelines* are intended to