*UNITED STATES DISTRICT COURT FOR THE*
*DISTRICT OF COLUMBIA*

| | |
|---|---|
| SIEVERDING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-cv-01283-RMU |
| ) | |
| AMERICAN BAR ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

**COLORADO STATE DEFENDANT ROUTT COUNTY COURT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Colorado State Defendant, Routt County Court, by and through its attorneys, Office of the Colorado Attorney General and Assistant Attorney General Danielle Moore, hereby moves to dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3) and (6) for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983, identifying, at best, a violation of their right to due process involving Routt County Court. (Complaint, p.17, ¶20(g))  Yet, Plaintiffs cannot maintain their suit against Routt County Court on several legal grounds.  First, as an agency of the State of Colorado, Routt County Court is immune from suit under the Eleventh Amendment.  Next, Routt County Court is not a person for purposes of 42 U.S.C. § 1983 and is therefore not subject to suit.  Third, as a matter of judicial comity, this Court should dismiss Plaintiffs' complaint for violation of United States District Court for the District

of Colorado Judge Edward W. Nottingham's March 19, 2004 Order enjoining the Plaintiffs from filing any further *pro se* litigation. Finally, the United States District Court for the District of Columbia lacks personal jurisdiction over Routt County Court and is otherwise an improper venue for litigation of Plaintiffs' claims.

## ARGUMENT

### 1. The Eleventh Amendment Bars Plaintiffs' Claim against Routt County Court

The Eleventh Amendment to the United States Constitution provides that the judicial power of federal courts does not extend to actions against States and state agencies by private parties. *See*, *e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Ali v. District of Columbia*, 278 F.3d 1, 6 (D.C. Cir. 2002). Routt County Court is an agency of the State of Colorado created pursuant to the Colorado Constitution. *See* COLO. CONST. art. VI, § 1 (vesting judicial power of State of Colorado in courts, including county courts); COLO. CONST. art. VI, § 17 (creating county courts of State of Colorado); *see also* COLO. REV. STAT. § 13-1-111 (identifying county courts as courts of record in State of Colorado). Since Colorado has not waived its Eleventh Amendment immunity, *see Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988), Plaintiffs' action against Routt County Court is barred and must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Routt County Court Is Not a "Person" Within the Meaning of 42 U.S.C. § 1983

To the extent Plaintiffs claim a violation of their due process rights pursuant to 42 U.S.C. § 1983 against Routt County Court, they fail to state a claim upon which relief can be granted. 42 U.S.C. § 1983 applies to "[e]very person" who, under color of state law, deprives a citizen of

rights, privileges, and immunities secured by the federal Constitution and laws." The United States Supreme Court has interpreted the words "every person" to exclude states and state agencies. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Hence, because state entities are not "persons" subject to suit under 42 U.S.C. § 1983, Plaintiffs' complaint fails to state a claim upon which relief can be granted against Routt County Court and it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

      **3.**      **Principles of Judicial Comity Direct the Court to Dismiss Plaintiffs' Complaint**

On March 19, 2004, Judge Nottingham "…enjoined and prohibited [Plaintiffs] from commencing litigation in [the District Courts of Colorado] and any other court based on the series of transactions described in [Case No. 02-cv-01950-EWN-OES], unless they are represented by counsel." (Order Accepting Magistrate Judge's Recommendation, *attached hereto* as Exhibit A) Plaintiffs filed this lawsuit – a lawsuit which involves the same series of transactions described in Case No. 02-cv-01950-EWN-OES – *pro se*, on June 27, 2005. As a matter of judicial comity, this Court should dismiss Plaintiffs' complaint with prejudice because it violates Judge Nottingham's Order.[1] *See, e.g., Columbia Plaza Corporation v. Security*

---

[1] Of note, at the hearing on motions before Judge Nottingham on September 2, 2005, Judge Nottingham held Plaintiff Kay Sieverding in civil contempt of court, based in part, on her filing this lawsuit in violation of his March 19, 2004 Order. (Courtroom Minutes, *attached hereto* as Exhibit B) Ms. Sieverding was "…remanded to the custody of the United States Marshal for the District of Colorado to be incarcerated until she purges herself of the contempt of court by agreeing voluntarily to dismiss the lawsuits, the two lawsuits pending in the District of Columbia and the lawsuit pending in the District Court for the City and County of Denver." (Courtroom Minutes, p.3) At that same hearing, Plaintiff David Sieverding agreed to dismiss this case, voluntarily, on or before September 9, 2005.

*National Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.); *Food Fair Stores v. Square Deal Market Company*, 187 F.2d 219, 220 (D.C. Cir. 1951) (finding injunction to prevent adjudication of same cause of action in two different Federal courts proper); *see also* Fed. R. Civ. P. 41(b) (permitting dismissal of an action for violation of a court order).

    **4.**    **The Court Lacks Personal Jurisdiction Over Routt County Court**

To the extent Plaintiffs contend that this Court may exercise personal jurisdiction over Routt County Court on diversity grounds, Plaintiffs misapprehend the law. "In a diversity case, the federal district court's personal jurisdiction over the defendant is coextensive with that of a District of Columbia Court. … The District of Columbia long-arm statute provides that a District of Columbia court can exercise personal jurisdiction over a defendant if the claim arises from the defendant's 'transacting any business in the District of Columbia.'" *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (*quoting* D.C. Code § 13-423(a)(1)) (internal citations omitted); *see also International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945) (minimum contacts must exist between defendant and forum). In this case, Plaintiffs simply cannot establish that Routt County Court, a county court of the State of Colorado, transacted business in the District of Columbia or possessed any other minimum contacts with that forum. Therefore, the Court lacks personal jurisdiction over Routt County Court and Plaintiffs' complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

> 5. **The United States District Court for the District of Columbia Is an Improper Venue for Litigation of Plaintiffs' Claim**

Finally, 28 U.S.C. § 1391 discusses the proper venue for a civil action based on diversity, including: "…(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Where venue is improper, the district court "shall" dismiss a Plaintiffs' complaint. *See* 28 U.S.C. 1406(a). Here, Plaintiffs cannot show that any of the three requirements outlined above are met; thus, the Court should dismiss Plaintiffs' complaint on the additional ground of improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## CONCLUSION

WHEREFORE, Colorado State Defendant Routt County Court respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and grant such additional relief it deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 7th day of September 2005.

        JOHN W. SUTHERS
        Attorney General

        s/Danielle Moore
        DANIELLE MOORE, 32384*
        Assistant Attorney General
        Tort Litigation Unit
        Civil Litigation & Employment Law Section
        Attorneys for Routt County Court

        1525 Sherman Street, 5th Floor
        Denver, Colorado  80203
        Telephone:  (303) 866-3545
        FAX: (303) 866-5443
        E-mail: danielle.moore@state.co.us
        *Counsel of Record

CERTIFICATE OF SERVICE

      I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Carolyn Beth Lamm, Esq.<br>WHITE & CASE, L.L.P.<br>601 13th Street, NW<br>Washington, D.C. 20005-3807<br>clamm@whitecase.com | Frank Panopoulos, Esq.<br>WHITE & CASE, L.L.P.<br>601 13th Street, NW<br>Washington, D.C. 20005-3807<br>fpanopoulos@whitecase.com |

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

I hereby certify that I have served the document or paper to the following non CM/ECF participants by mail on September 7, 2005:

David Sieverding
Kay Sieverding
Tom Sieverding
Ed Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593

                                        s/Danielle Moore
                                        DANIELLE MOORE, 32384
                                        Assistant Attorney General
                                        Tort Litigation Unit
                                        Civil Litigation & Employment Law Section
                                        Attorneys for Defendants

                                        1525 Sherman Street, 5th Floor
                                        Denver, Colorado  80203
                                        Telephone:  (303) 866-3545
                                        FAX: (303) 866-5443
                                        E-mail: danielle.moore@state.co.us

*UNITED STATES DISTRICT COURT FOR THE*
*DISTRICT OF COLUMBIA*

| | |
|---|---|
| SIEVERDING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-cv-01283-RMU |
| ) | |
| AMERICAN BAR ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

ENTERED BY UNITED STATES DISTRICT COURT JUDGE RICARDO M. URBINA.

Having reviewed the pleadings and being sufficiently advised, IT IS HEREBY ORDERED that Colorado State Defendant Routt County Court's Motion to Dismiss Plaintiffs' Complaint is GRANTED.

DATE:

_____
Judge Ricardo M. Urbina

CERTIFICATE OF SERVICE

      I hereby certify that on October ___, 2005, I electronically filed the foregoing Order with the Clerk of Court using the ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Carolyn Beth Lamm, Esq. | Frank Panopoulos, Esq. |
| WHITE & CASE, L.L.P. | WHITE & CASE, L.L.P. |
| 601 13th Street, NW | 601 13th Street, NW |
| Washington, D.C. 20005-3807 | Washington, D.C. 20005-3807 |
| clamm@whitecase.com | fpanopoulos@whitecase.com |

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Danielle Moore, Esq.
Assistant Attorney General
Office of the Colorado Attorney General
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
danielle.moore@state.co.us


I hereby certify that I have served the document or paper to the following non CM/ECF participants by depositing copies of same in the United States mail, postage prepaid, at Washington, D.C., this ____ day of October, 2005, addressed as follows:

David Sieverding
Kay Sieverding
Tom Sieverding
Ed Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593


      s/ _____