IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

DAVID SIEVERDING, *et al.,*

Plaintiffs,

    v.

AMERICAN BAR ASSOCIATION, *et al.*,

Defendants.

_____

Case No. 1:05CV01283 (RMU)

### **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

    Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C., (collectively herein, "Defendants"), through their undersigned attorneys O'Brien, Butler, McConihe & Schaefer, LLP, respectfully move this Court for an Order dismissing the Plaintiffs' Complaint, and state as follows:

### **INTRODUCTION**

    On or about July 18, 2005, the Plaintiffs *pro se* filed their Complaint. This action represents the ninth *pro se* civil action the Plaintiffs have filed in state and federal courts that surrounds the same set of facts and encompasses the same issues. The Sieverdings' Complaint is long and difficult to understand but it stems from a series of incidents that began in 1991 when the Plaintiffs became involved in a dispute with their neighbors in Steamboat Springs, Colorado. The Plaintiffs' Complaint purports to state claims for, *inter alia*, fraud and conspiracy and for defamation allegedly caused by the inaccurate

1

newspaper reports published in 2000 and 2001 surrounding the Plaintiffs' dispute with their neighbors and the related legal proceedings.

The Plaintiffs' Complaint should be dismissed based upon the Plaintiffs' failure to include sufficient facts to support personal jurisdiction of this Court over the Defendants; the Plaintiffs violation of a Colorado District Court's ruling enjoining them from engaging in *pro se* civil litigation; and the Plaintiffs violation of Rule 8 of the Federal Rules of Civil Procedure.

## ARGUMENT

**1.     Plaintiffs' Complaint Lacks Sufficient Facts To Demonstrate Personal Jurisdiction.[1]**

The Plaintiffs' Complaint should be dismissed because it fails to provide sufficient facts upon which this Court may determine whether it may exercise personal jurisdiction over the Defendants. In order to establish personal jurisdiction over a defendant in the District of Columbia, a plaintiff must demonstrate that (1) the defendant transacted business in the District of Columbia; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." Atlantis Corp.v. Nisource, Inc., et al., 290 F. Supp.2d 34 (D.C.C. 2003)(*citing* Dooley v. United Technologies, 786 F. Supp. 65, 71 (D.D.C 1992).

The allegations regarding jurisdiction are insufficient as they do not contain the jurisdictional information for each and every party but instead only infer that the District of Columbia is an appropriate forum because one of the District of Columbia Defendants was "most influential in procedural departures." Therefore, the Plaintiffs failure to

2

demonstrate that the District of Columbia has jurisdiction over the Defendants subjects their Complaint to dismissal with prejudice pursuant to Fed.R.Civ.P 12(b)(2).

### 2. The Plaintiffs Are Barred By A Federal Court Order From Filing This Lawsuit *pro se*.[2]

The Plaintiffs' Complaint is also subject to dismissal because the Sieverdings are subject to a filing bar entered by Judge Edward Nottingham of the U.S. District Court for the District of Colorado, which was recently affirmed by the Tenth Circuit. *See Sieverding v. Colorado Bar Association*, No 02-N-1950 (D. Col. Mar. 19, 2004) (unpublished order); *Sieverding v. Colorado Bar Association,* No. 04-1108 (10th Cir. Apr. 22, 2005) (unpublished order). The filing bar "enjoin[s] and prohibit[s] the Sieverdings from commencing litigation in [the District of Colorado] or any other court based on the series of transactions described in [the District of Colorado case] unless they are represented by counsel." *See* Exhibit A (March 19, 2005 order) and Exhibit B (Magistrate's report and recommendation). That injunction was affirmed on appeal, and as part of the affirmance, the U.S. Court of Appeals for the Tenth Circuit specifically approved the District of Colorado's injunction limiting these plaintiffs' future *pro se* litigation. *See* Exhibit C (10th Circuit O&J) and Exhibit D (Order denying petition for rehearing en banc). The allegations in the Sieverdings' *pro se* Complaint filed with this court are clearly within the ambit of the Colorado District Court's filing bar.

On September 2, 2005, the U.S. District Court for the District of Colorado held a contempt hearing based upon the Plaintiffs' violation of the District of Colorado court's injunction barring the plaintiffs from filing their *pro se* Complaint, and other *pro se* civil

---

[1] The Defendants adopt and incorporate by reference Defendant Routt County Court's Motion to Dismiss, filed on September 6, 2005, regarding this Court's lack of personal jurisdiction over the Defendants.

3

actions involving any of the transactions addressed in the Colorado action.[3] At the hearing, Judge Nottingham found Plaintiff Kay Sieverding in civil contempt for violating the Court's injunction and ordered her incarcerated until such time that she voluntarily dismisses this present action with prejudice, as well as any other actions she has filed that are based upon the Colorado action.[4] Kay Sieverding refused to abide by the Court's ruling and was immediately incarcerated. David Sieverding initially agreed to abide by the Court's ruling and was ordered to dismiss his pending claims no later than September 9, 2005. Subsequently, Mr. Sieverding notified counsel that he does not intend to dismiss his claims so he is expected to face incarceration. *See* Exhibit E (Correspondence from David Sieverding to Counsel for the Defendants, dated September 6, 2005).

### 3. Plaintiffs' Lawsuit Should Be Dismissed Based Upon Its Failure To Comply With Rule 8 Of The Federal Rules Of Civil Procedure.

Plaintiffs' Complaint should be dismissed because it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to provide a statement of a claim showing that the Plaintiffs are entitled to relief. The intent of Rule (a)(2) is to require that the pleader's "short plain statements" give fair notice to the Defendants of what the Plaintiffs' claims are and the grounds upon which they rest. Bodine Produce, Inc. v. United Farm Workers Organizing Committee, 494 F.2d 541 (9th Cir. 1974). The District Court has authority to strike a pleading which does not comply with notice pleading requirement of FRCP 8(a), although exercise of such power should

---

[2] The Defendants adopt and incorporate by reference Defendant Routt County Court's Motion to Dismiss, filed on September 6, 2005, regarding the principles of judicial comity in dismissing this case.

[3] The Defendants have ordered the official transcript of the September 2, 2005 hearing, but for purposes of this Motion, the Defendants adopt and incorporate by reference the Courtroom Minutes of the hearing that are attached as Exhibit B to Defendant Routt County Court's Motion to Dismiss.

[4] The Sieverdings presently have two (2) other lawsuits pending that are subject to Judge Nottingham's Order; one other pending lawsuit in the District of Columbia and one pending lawsuit in the District Court for the City and County of Denver.

be reserved for cases in which the pleading is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.  <u>Nagel v. Pocono Medical Ctr.</u>, 168 FRD 22 (Pa. 1996).

The Plaintiff's Complaint is extremely long and verbose, it is difficult to follow, and it fails to provide the Defendants with notice of the Plaintiffs' claims and the grounds upon which the claims rest.  The Plaintiffs' Complaint purports to state claims for defamation allegedly caused by inaccurate newspaper reports published in 2000 and 2001 surrounding the Plaintiffs' dispute with their neighbors and the related legal proceedings, However, the Plaintiff's Complaint contains only rambling and incoherent allegations regarding the publications and fails to allege the manner in which the statements were defamatory or how each of the Defendants played a role in the alleged defamation.

## **CONCLUSION**

The Plaintiffs' Complaint should be dismissed based upon the Plaintiffs' failure to include sufficient facts to support personal jurisdiction of this Court over the Defendants; the Plaintiffs violation of a Colorado District Court's ruling enjoining them from engaging in *pro se* civil litigation; and the Plaintiffs violation of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling &  Craigmile, LLC, The World Company, and White and Steele, P.C. respectfully request this Court dismiss the Plaintiffs' Complaint with prejudice and grant such additional relief it deems appropriate under the circumstances.

Respectfully submitted,

_____
Kevin A. Kernan, Esquire
Bar No. 457194
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
Suite 1200, Brawner Building
888 Seventh Street, N.W.
Washington, D.C. 20006-3967
Tel.: (202) 298-6161
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was mailed, first class postage prepaid, on this 7th day of September 2005 to David Sieverding, Kay Sieverding, Ed Sieverding, and Tom Sieverding at 641 Basswood Avenue, Verona, Wisconsin 53593.

I hereby certify that a true copy of the forgoing DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was sent to the following e-mail addresses on September 7, 2005:

Carolyn Beth Lamm    clamm@whitecase.com,

Danielle Moore    danielle.moore@state.co.us,

Frank Panopoulos    fpanopoulos@whitecase.com,

_____
Kevin Kernan

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

DAVID SIEVERDING, *et al.,*

Plaintiffs,

    v.

AMERICAN BAR ASSOCIATION, *et al*.,

Defendants.

Case No. 1:05CV01283 (RMU)

## **ORDER**

THIS MATTER IS BEFORE THIS COURT on a Motion to Dismiss the Plaintiffs' Complaint filed by Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.; the argument of counsel; and for good cause having been shown; it is hereby

ORDERED that Defendants' Motion to Dismiss the Plaintiffs' Complaint shall, and hereby is, GRANTED.

    SO ORDERED.

_____
RICARDO M. URBINA
United States District Judge

DATE:

7

cc:    Kevin A. Kernan, Esquire
O'BRIEN, BUTLER, McCONIHE & SCHAEFER PLLC
Suite 1200, Brawner Building
888 Seventh Street, N.W.
Washington, D.C. 20006-3967
Tel.: (202) 298-6161
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.

David Sieverding
Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593

Plaintiffs *pro se*