IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

Sieverding, et al

        *Plaintifsf,*

v

American Bar Association, et al

        *Defendants.*

Case No. 1:05CV01283

(RMU)

**PLAINTIFFS' CONSOLIDATED OBJECTION TO DEFENDANTS' THREE MOTIONS TO DISMISS**

---

The Federal Rules of Civil Procedure specifically allow for a judgment to be voided under Rule 60(B)(3):

"When there is fraud... defiled the court itself or... perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases... showing an unconscionable plan or scheme which is designed to improperly influence the court's decision and exists where there has been the most egregious conduct involving the corruption of the judicial process." American Jurisprudence Volume 47, Second Edition 886, page 362

See complaint sections 1-2 for details. Further evidence of the scheme is shown by the defense and the Colorado judge being so desperate to avoid independent review the for filing this action, they threw Kay Sieverding in jail for refusing to "voluntarily withdraw" from this appeal and threatened to throw David Sieverding in jail unless he "voluntarily withdrew" from this appeal. The defendants continue to attack the

1

Sieverdings financially and emotionally by publishing articles on the Internet containing fraudulent statements.

These are the plaintiffs' allegations and they were pled with particularity as required by Rule 9, This Court has a Canon I duty to adjudicate them because they are new facts not considered by the Court of Appeals. The United States Supreme Court says that a new evidentiary review is mandated:

> "Since appellate mandate relates to the record and issues then before the court and does not purport to deal with later events, since district courts can recognize frivolous motions to reopen a case and since requirement of obtaining appellant leave for reopening as to the expense of litigation, the parties seeking to have injunction against it set aside on the basis of alleged misconduct by government counsel and by a material witness was not required to obtain leave from the US Supreme Court which had affirmed issuance of injunction before seeking to have the judgment set aside in the district court." Standard Oil Company of California v US 1976 97 Supreme Court, Quoted in Federal Rules Digest, West Law, page 510

So, the Supreme Court is saying that an evidentiary court is required whenever there is new evidence such as the billing records Colorado Case 02-cv-1950, which were not part of the record. Neither was the ABA letter to the judge asking for ex parte contact and suspension of the Rule 56, Summary Judgment procedure, which was not part of record on appeal. The plain language of Rule 60(B)(3) says nothing about which court the action must be brought in. American Jurisprudence is explicit about a non-rendering court being appropriate for such as situation. It is obvious that the District of Colorado cannot be impartial and basic principles of equity require an impartial court. The Fifth Circuit 1970 Banker's Trust case quoted by the ABA is irrelevant because the rules cannot be expanded by judicial interpretation. Since the rules leave for the plaintiff to choose the court, those are the rules. Plaintiffs have choice of forum and the plaintiffs

2

chose the District of Columbia because of its special expertise and because it is the home of the US Judiciary.

28 USC Section 1391 (1) and (2) do not apply because the action is not solely dependant on diversity but alleges violation of the Administrative Procedures Act, the canons of judicial conduct, and the Federal Rules of Civil Procedure. Also, this action could be brought under RICO and RICO further expands the jurisdictional options. The underlying defendants, the plaintiffs and the decision makers about the defense strategy are in UK, Illinois, Washington DC, Wisconsin, Colorado, New Jersey, Kansas and California. Spefically, litigation conduct was directed by O'Brien, Buttler, Lloyds of London and the ABA, as was shown in the defense counsels' bills. O'Brien, Buttler is based in the District of Columbia and Lloyds is in London. The head of ABA's Washington office, R.D. Evans, was consulted and the District of Columbia is the seat of the ABA's power. Faegre and Benson frequently work in the District of Columbia because they have a patent practice, and Hall and Evans belongs to an international law association. Furthermore, the defendants did not allege inconvenience. It appears that they are simply trying to avoid a hearing altogether or trying to get the hearing moved to Denver where they can exercise greater unfair control over the judicial process.

Further inter-jurisdictional and District of Columbia action is shown by the publication of the defense counsel about plaintiffs, see attachment. These publications are broadcast from Kansas. They are directed to Washington DC and the toll-free phone numbers featured in the ads work from Washington DC.

The litigation conduct was interstate through mail, FedEx, Internet and phone. There was no trial in Colorado. Most of the underlying events were also interstate as

3

plaintiffs left Colorado in July 2001. Many of the events in 02-cv-1950 occurred after that date and were done through interstate communications. The 02-cv-1950 interstate events include 1-17, 26-28, 31, 39, 41-48, 51-52, 54-69, 74, 95-100, 108-110, 326-337, 383-385, 390-419. The 05-01283 interstate facts include all of 1 because the restraining order has been in effect since the Sieverdings moved to Wisconsin in 2001 and it has adversely affected Sieverdings since then. The articles are broadcast from Kansas to the District of Columbia and include advertisements with 800 numbers that work in the District of Columbia, therefore all of 1, all of 2 and all of 3 have been interstate since 2001. Because there was not trial, no court ordered mediation, and no conferencing, all litigation was done by interstate carrier.

      The court also has an obligation to accept the case because the district made clear its animus toward the plaintiff when it jailed Kay Sieverding for filing a lawsuit that was allowed by the US Judiciary with no restriction, without an evidentiary hearing to find bad faith on part of plaintiffs. It is obvious that the Sieverdings cannot get a fair Rule 60(B)(3) hearing in Colorado so the District of Columbia is bound to accept the plaintiff's case.

      If the court wants to dismiss Judge Garrecht, that is fine with the plaintiffs as the restraining order can be withdrawn by Jane Bennett. Judge Garrecht had an opportunity to say that the restraining order was justified and to say that he was not bribed and he did not defend his innocence or the justifiability of the order, nor did Jane Bennett argue that the restraining order was justified. Therefore, plaintiffs' allegations made under penalty of perjury must be assumed to be true. These include facts 2-38. These are enough to overcome Rooker Feldman.

4

> "Under Allen v McCurrey, lower federal court must determine which issue litigated in a prior state proceeding… is identical to the issue presented in the federal suit…"

Allen v McCurrey… states that the exception might apply when "the state court failed to even acknowledge the existence of the Constitutional principle in which the litigant based his claim. The principle of collateral estoppel does not apply when there is reason to doubt the quality , the extensiveness or the fairness of the procedures followed in the prior litigation… In the federal –state context, the opportunity to be heard must include an opportunity for litigants to present their federal claims to a state tribunal which has jurisdiction to consider them. There are four key factors in determining whether a state judicial hearing was full and fair; 1) the precluded party must have been allowed to present witnesses and to cross examine the opposing party's witnesses and to present documentary evidence, 2) adequacy of counsel, 3 the right to be heard before an impartial adjudicator and 4 the availability of judicial review of this decision. All are supposed to be present to preclude Federal review. In this case, none were present. In the Bennett v Sieverding action, Sieverding was not allowed to present the local development code nor was she allowed to question witnesses about the Bennetts' violations of the local development code so as to prove their motivation for the restraining order. In Bennett v Sieverding, Sieverding informed the County Court that she had tried to get a lawyer and that her previous lawyer had quit because he said that he would lose the water and sewer account if he represented her. Not only did the judge not offer continuance, he suggested that she would never be able to find a Constitutional lawyer in Steamboat.

In 05-cv 1283, Sieverding suggested that part of Bennett's $8,000 paid for legal matters involving Sieverding in 2000 went to Judge Garrecht. He saw the complaint and did not deny that he was paid off, nor did he claim to be impartial. Previously, when Kay Sieverding tried to get him to review the restraining order under Colorado law, he refused. There is no other avenue of judicial review. The restraining order statute says that review will be by the rendering court. Judge Garrecht is the only judge in that court. Judge Garrecht has consistently refused to review the case. Furthermore, Sieverding hired two lawyers in Steamboat who said that they did not know how to get relief under the statute in the State system. One of them read and approved of Sieverding's 02-cv-1950 complaint, see attached letter from Bill Hibbard. In any case, review of the Bennett v Sieverding in not inextricably intertwined with the other requests for relief.

As far as res judicata, the whole part of this action is to review it. Res Judicata must be carefully determined. A judgment is not valid if it was not rendered in compliance with due process or if there was fraud on the court. Under Rule 60(B)(3) and Standard Oil of California v US Supreme Court case, independent review for fraud and violations of due process are required. The defendants must wait for the review and stipulate to the facts before they can call it frivolous. If it is so frivolous, then why is plaintiff, Kay Sieverding, in jail?

The Supreme Court already ruled in Swierkiewicz v Sorema in 2002 that a case cannot be dismissed on the basis of Rule 8. If the ABA or the defense does not understand something they should ask. Plaintiffs attached an annotated copy of the ABA's motion to dismiss showing that they have no valid reasons not to reply.

The ABA is specifically involved because they were defendants and they benefited from the 02-1950 order including a $10,000 award to the ABA and the finding of Res Judicata. The issue of the ABA's relationship to the general public is too important to be decided without a statement of stipulated facts.

Also, the plaintiffs believe that the ABA set the standard of conduct for the 02-1950 case when they refused to stipulate tot he facts, solicited ex parte contact as shown by their letter to judge Nottingham and asked to have rule 56 suspended. The ABA knew that the Summary Judgment process was suspended, the pleadings were closed plaintiffs and the facts misquoted and they ratified this conduct, making it more difficult to correct because of the ABA's overwhelming Washington-based status.

For these reasons the plaintiffs consider the ABA to be the lead respondent, in the related case, 05-cv-01672 (RMU) and is therefore a necessary participant in part two of the action.

If the District of Columbia does not accept this case, the plaintiffs will become bankrupt and will not be able to get jobs because of the ongoing Internet defamation. Also, the ABA and CBA's duty to the public, or lack of it, the use of taxpayer-paid insurance to cover the cost of defending governments against the very citizens who paid the insurance while not compensating the injured parties, the use of publicity about restraining orders to overcome a citizens right to presumption of innocence, and the jail ing of citizens to silence them are too important to be decided in a court with such overwhelming evidence of ex parte collusion, abandonment of the rules of evidence and procedure, and interference with plaintiffs presenting their case,.

Plaintiffs' problem with bulking of the record in previous cases was cause by the defendants 'refusal to stipulate to the facts. Plaintiffs cannot be required to continually repeat and paraphrase themselves and then be punished for that.

Due to the fact that Kay Sieverding is in jail, there have been unavoidable delays in getting the attachments ready. When the attachments are available, they will be forwarded to the court.

The filing restriction injunction did not conform to Rule 65 either in process or in form.

Verification: The plaintiffs hereby declare under penalty of perjury that to the best of their knowledge and belief everything included in this document, and all other documents filed with this and all other courts is true and correct.

*Kay Sieverding 09-20-05*

*Ed Sieverding 09-20-05*

*Tom Sieverding 09-20-05*

Service by ECF.