IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID SIEVERDING, et al.,           )
                                    )
            Plaintiffs,             )   Case No.:05-CV-01283
                                    )   (RMU)
      v.                            )
                                    )
AMERICAN BAR ASSOCIATION, et al.,   )
                                    )
            Defendants.             )

## URGENT MOTION FOR PARTIAL SUMMARY JUDGMENT

Urgent Motion for Partial Summary Judgment, under Rule 56 & 65, that there is no valid injunction limiting plaintiff's right to file in court and have their filings processed on the same basis as any other party (II-C).

This motion is pursuant to Rule 56. Defendants filed motions to dismiss which presume that plaintiffs stated facts are true. Plaintiffs verified their complaint under penalty of perjury as they did their 02-CV-1950 complaint.

Under the doctrine of equitable estoppel, Judge Urbina is required to make an independent evaluation of the facts. All of the various court opinions submitted by the defense rely solely on Colorado Magistrate Schlatter's Report and Recommendation. None of them afforded plaintiffs a reply or evidentiary hearing. See undisputed facts 61, 62, 62.1, 65, 66, 67, 68, 69, 72, 80, 127a.

The so-called injunction violates Canon III (A)(4) "A judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to the law." And Canon 3(A)5 "A judge must demonstrate due

regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay …parties should not feel coerced into surrendering the right to have their controversy resolved by the courts."

The right to petition the court for the redress of grievances is the most fundamental right. The right to make a living selling legal services is not a fundamental right. Thus the right to appear in court on one's own behalf is a more important right than the right to engage in the legal services business. A lawyer cannot lose a right to appear without an independent panel separate from the particular controversy and an evidentiary hearing. In the preceding related case, 02-CV-1950, plaintiffs filed a motion to get evidence of any misbehavior on their part, but it was ignored. A defense counsel from the preceding related case asked the Colorado Attorney Regulation Counsel to discipline Sieverdings, but the Colorado Attorney Regulation Counsel could find nothing to sanction.

That order is invalid and irrelevant for many reasons including: 1) This 05-CV-01283 action has substantial new information not included in 02-CV-1950. Much of this came from the defense bills which were not in the record on appeal. The 05-CV-01283 is based on different law also. A rule 60 B(3) action cannot by definition be res judicata. The Colorado court never even considered plaintiffs' motion to have the Jane Bennett restraining order voided. When plaintiff motioned to know the reason for the criminal charges against Kay Sieverding and the reason for the restraining order in July 2003, the Magistrate allowed the defendants to boycott the reply. So there was no decision on the merits. "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in

2

reasonable detail and not by reference to the complaint or any other document, the act or acts sought to be restrained." Rule 65(d) The American Bar Association's Motion to Dismiss Attachment II contains Judge Nottingham's order which is clearly not valid under Rule 65.

In all litigation with these defendants they successfully changed the subject from the Sieverdings claims to their right to sue. They now claim that the order is binding because plaintiffs chose to use their limited words with the 10th Circuit to discuss their claims, leaving their right to sue to later challenge. The Sieverdings deferral of this subject was supported by the U.S. Supreme Court in Troy v. Cochran, 5/31/05.

Plaintiffs believe that their response of requesting an evidentiary hearing and relying on res judicata language was adequate.

"A report and recommendation of a magistrate relative to a pretrial motion cannot automatically become an order of the court even though no party registers an objection." *Federal Rules of Evidence Service, Citing 28 USC 636 IV 45.*

"The requirement that every order granting an injunction and every restraining order recite the reasons for its issuance is a common sense rule imposed so that the parties will know why and on what factual basis a court acts. The requirement is also designed to aid the trial court by requiring it to marshal the evidence and to aid the appellate court on review. This rule is mandatory and may not be departed from even under emergency conditions." *Federal Procedure Lawyers Edition 47.27.*

"Where the district court failed to afford (the party adversely affected) an opportunity to cross examine … to present evidence and because the court made no

3

adequate finding of fact the order granting injunctive relief would be reversed." *Federal Rules Digest 65.*

In this case plaintiffs were never allowed to cross-examine and the rules of evidence were ignored. (See 02-CV-1950.) The magistrate and defense simply lied and admitted false evidence without the required procedure. Their basic claim is that plaintiffs were not entitled to the standard procedural safeguards because they are pro se.

"While the inherent power of the court may be used to punish conduct not taking place within the courtroom or as a formal part of the litigation it may only be imposed for bad faith conduct." *Federal Practice & Procedures Desk Book, Wright & Kane p. 563.*

"Bad Faith: Not simply bad judgment or negligence but involving the conscious doing of a wrong because of dishonest purpose." *Black's Law Journal.*

Plaintiffs goal in the 02-CV-1950 litigation was to get remedy as allowed by law. That is not bad faith. Defendants caused the record bulk by refusing to stipulate to the facts. If plaintiffs had filed in bad faith, then defendants had Recourse to Rule 9.

"An injunction may issue only if there is a showing that the defendant has violated or imminently will violate some provision of statutory or common-law ... the right which the conduct allegedly violates must be more than doubtful." *Federal Procedures Lawyers Edition 47.3.*

In this case the defendants are asserting they have a special privilege to boycott pro se litigation. But, there are no such special privileges.

"Permanent injunctions are granted only after a full hearing on the merits of a case." *American Jurisprudence 47.12.* In this case the hearing was denied and an

injunction issued outside Rule 65 protection. Therefore, the injunction prohibiting pro se litigation based on the 02-CV-1950 facts is void.

"The jurisdiction of a court of equity to grant an injunction to avoid a multiplicity of actions may be exercised only if the actions involve the same issues of fact and law." *Federal Rules Digest 47.18.*

The other actions pursued by Sieverdings in other jurisdictions involved different issues of fact and law.

Á court's equity powers may not be exercised in such a manner at to deprive a person of constitutional rights." *Federal Rule Digest 47.18.*

"The reasons requirement of FRCP 65d is satisfied by an injunctive order which recites that irreparable injury may result if an injunction does not issue ... where reasons are not set forth FRCP 65d is violated." *Federal Procedure Lawyer's Edition 47.27.*

"A Federal suit is not barred merely because the holding in such a case might be res judicata." *Federal Procedure Lawyer's Edition 47.110.*

"The interpretation and application of the Anti-injunction Act is controlled by Federal Law. The Act is to be strictly construed and may not be enlarged by loose statutory construction or whittled away by judicial improvisation." *Federal Procedure Layer's Edition 47.100.*

"Court have no authority to grant relief in the nature of mandamus if the (movant) has an adequate legal remedy aside from the mandamus such as a suit for monetary judgment or the opportunity to raise the legal issues involved in a suit brought by the government. <u>United States ex rel Girard Trust v. Helvering</u>, 301 US.

5

"An order entered without jurisdiction may be challenged only on direct appeal. *American Jurisprudence § 59 p. 47.*

"Excess of jurisdiction, as distinguished from the entire absence of jurisdiction means that the act, although within the general power of the judge, is not authorized and therefore void with respect to the particular case because the conditions which alone authorize the exercise of his general power in that particular case are wanting and hence the judicial power is not in fact lawfully invoked." *46 American Jurisprudence 2nd § 82 p. 200.*

I verify under penalty of perjury plaintiffs' "urgent motion under Rule 56 and 65 that there is no valid injunction limiting plaintiffs right to file in court and have their filings processed on the same basis as any other party." I do this from jail where I was sent at the motion of Fuegre and Benson for filing this action.

Dated this 23 day of September, 2005.

*Kay Sieverding*
Kay Sieverding
Clear Creek County Jail
PO Box 518
Georgetown, CO 80444

s

Service by ECF