In the United States District Court
for the District of Columbia

David Sieverding et al
        plaintiffs

        v

American Bar Association et al.

05 VC 0128 3

LET THIS BE FILED
DATE: 9/26/2005
Ricardo M. Urbina
JUDGE RICARDO M. URBINA

Motion for an extension of time to
respond to all defense motions
until 20 days after Kay Sievering
is released from jail.

    Defendants cannot create
their own defense. In this case
defendants' defense is that
Judge Nottingham sent Kay
Sieverding to jail. However,

(1)

Sieverdings did not cause that.
The brief courtroom minutes
show no misconduct in court
by either David or Kay Sieverding.
The imprisonment came as a
result of an oral defense motion.
It is clear from the wording
in defense motions for an expansion
of time that they had all planned
to have the judge imprison the
Sieverdings before the hearing,
although prison was not
mentioned in any of the
written record. In none of
the written or oral motions to
find Sieverding in contempt of

(2)

Court were any Rules mentioned as required by Rule 7.

The defense shows their bad faith in their motions. They all claim that there is a VAlid injunction prohibiting the Sieverdings from litigation related to series of events ... basis for this case. However, Judge Nottingham's order says "based on" not "related to". The so-called order violated Rule 65 in both procedure and form. The US Supreme Court ruled in Troy v Cochran, 5/31/05, that there is no time limit for challenging an injunction, it can be challenged when needed.

3

The defendants show their bad faith in their ridiculous statement "Ms. Sieverding ... remains incarcerated pending her voluntary dismissal." A withdrawal as a condition of release from jail, where Sieverding was taken in chains and shackles and is held under gun point and bars, by its very nature cannot be voluntary. The fact that the defense counsel were willing to participate in such a fraud on the justice system just to avoid stipulating to

④

the facts, as they have not in any related action, shows the weakness of their defense.

Because Sieverding is incarcerAted in a county prison in a small town, she has not even seen 2 of the 3 pending defense motions, as of 9/10/05.

Sieverdings initiated the 05-cv-01283 60(B)(3) action with these reasonable assumptions 1) They would have access to the 02-1950 record 2) They would have

⑤

access to 400 pages of RELEVANT
legal authorities they had
collected 3.) They would have
access to a computer 4) They
would have access to the
Internet 5.) They would be able
to get a good nights sleep, instead
of sleeping in a cold and noisy
jail where the lights are never
turned off 6.) They would have
access to the University of
Wisconsin law library and to
Moores Federal Procedure, Federal
Rules Digest, Federal
Procedure Lawyers' Edition,
American Jurisprudence, and

6

Lexis Nexus. 7.) They would have access to their subscription case database Caseclerk.com.

Without these legal resources, and the ability to effectively discuss the documents between themselves, plaintiffs cannot effectively respond to the defense motions. For instance, the defense claims that Rooker Feldman bars their Actions. Plaintiff remembers that Ruth Ginsberg said that 1983 actions are open to

⑦

All who do not have access to habeas corpus but can't remember the case citation.

Plaintiffs can make a common sense objection to the defendants' argument that the District of Columbia is not a proper venue (they polluted the District of Colorado by joint illegal collusion, the ABA's power is based in Washington, the U.S. government Rule making is obligated to provide a remedy to judicial misconduct) but an objection quoting legal authorities

⑧

will be more effective.

The ABA's claim that they have no duty to CARE for the public is an important public policy question, affecting virtually all citizens. Furthermore, the CBA is a voluntary private association, to which the ABA has added legitimacy. A portion of the state of Colorado's web site concerns restraining orders. This is important to Sievending's claims because under Colorado law the only way in which a permanent restraining order

⑨

CAN legally be effected without a finding of criminal behavior is if the parties were in an intimate sexual relationship, which Sieverding and Bennett were not. The Colorado Judicial site notes many procedural problems with these laws and, in 2002, made many "high priority low cost" recommendations to the CBA. However it appears 3 years later that these recommendations have been boycotted by the CBA.

Due process requires that the Sieverdings be

(10)

free from imprisonment (without
an impartial judge and a
basis in law) so that they
can gather their legal Authorities
and properly respond. The
county jail library, which Sievering
has daily requested access to
but been daily denied, is
unlikely to have any information
related to the proper venue
for rule 60 B 3 actions.

In order to have a
decision based on the merits,
therefore, Sieverdings make
their first request for an
extension of time until the

(11)

Challenged Colorado court releases Sieverding. At that time Sieverding will be 950 miles from home, with no plane reservations, with no possessions other than the clothes on her back. Most likely, she will be sick when released. For these reasons plaintiffs request an expansion of time untill 20 days after Kay Sieverding's release from jail.

Kay Sieverding   Kay Sieverding
Clear Creek County Jail POB
518, Georgetown CO 80444

(12)