IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

### THE AMERICAN BAR ASSOCIATION'S REPLY
### IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs' response to the American Bar Association's Motion to Dismiss the Complaint ("Motion") underscores why this Court should grant the ABA's Motion and dismiss Plaintiffs' Complaint as against the ABA with prejudice.

As the Court is aware, Plaintiffs are subject to a judgment of the Colorado District Court enjoining them from commencing any further litigation based on the underlying dispute in that court unless represented by counsel. The ABA requests that this Court accord comity to the Colorado District Court's judgment and dismiss this and the related action (1:05CV 01672) as against the ABA forthwith for the reasons stated in the ABA's Motion. The ABA further contends that, as against it, Plaintiffs' arguments in their Consolidated Objection to Defendants' Three Motions to Dismiss and the Amendment thereto (Consolidated Objection") are without merit.

In response to the ABA's arguments that Plaintiffs' Complaint is barred by the doctrine of res judicata and Rule 60(b)(3) does not provide a procedural basis for this action, Plaintiffs state that a "judgment is not valid if it was not rendered in compliance with due process or if there was fraud on the court." Consolidated Objection at 6. In this regard, Plaintiffs ultimately rely on Rule 60(b)'s preservation of the Court's equitable power to entertain an independent action to relieve a party from a judgment or set aside a judgment for fraud on the court, notwithstanding the passing of the time limit set forth in Rule 60(b)(3). Amendment to Consolidated Objection at 1. *See Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C.Cir. 1996) (discussing Rule 60(b)).

Plaintiffs make two assertions suggesting that there was fraud on the Court. First, the state court judge, Judge Garrecht, "did not deny that he was paid off." Consolidated Opposition at 4, 6. Second, specifically with respect to the ABA, the ABA's letter to District Judge Nottingham requesting that the court stay consideration of Plaintiffs' motion for partial summary judgment until after it considered the Magistrate Judge's Recommendation, which letter was copied to all parties, including Plaintiffs, allegedly constituted ex-parte collusion because the ABA asked that it be contacted by the court's clerk in the event the court had any questions concerning the request. Consolidated Opposition at 2, 7. (A copy of the ABA's letter is attached to Plaintiffs' Amendment to their Consolidated Objection, at pages 20–21.)

These assertions of alleged bribery and ex parte collusion do not support a claim for fraud on the court or any other claim justifying relief from the Colorado District Court's judgment. *Baltia Air Line*, 98 F.3d at 642–43. Rather, they are representative of the type of allegations, the ABA suggests, that led the Colorado District Court to enjoin Plaintiffs from any further filings unless represented by counsel. Further, the Tenth Circuit specifically denied Plaintiffs' motion

2

to investigate Magistrate Judge Schlatter and the district court. *Sieverding v. Colorado Bar Assoc.*, 126 Fed. Appx. 457, 459 (10th Cir. 2005).

In response to the ABA's arguments that, as against the ABA, the Complaint fails to meet the pleading requirements of Rule 8(a)(2) and should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted, Plaintiffs state that "[t]he Supreme Court already ruled in Swierkiewicz v. Sorema in 2002 that a case cannot be dismissed on the basis of Rule 8." Consolidated Objection at 6. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), however, does not help Plaintiffs since the Court held that the petitioner in that case had satisfied Rule 8(a)'s requirements because his complaint gave the respondent fair notice of the basis for petitioner's discrimination claims and the grounds upon which they rested, and stated claims upon which relief could be granted. *Id.* at 514. In contrast, the factual assertions concerning the ABA contained in the Complaint and Consolidated Objection, even when construed under the generous reading allowed to pro se plaintiffs, do not state a claim upon which relief can be granted. *See* ABA Motion at 11–15.

For example, Plaintiffs argue that "[t]he ABA is specifically involved because they were defendants and they benefited from the 02-1950 order including a $10,000 award to the ABA and the finding of Res Judicata. The issue of the ABA's relationship to the general public is too important to be decided without a statement of stipulated facts." Consolidated Objection at 7. This assertion does not support a cognizable claim upon which relief can be granted in this Court, however, because it is founded on the facts that (1) Plaintiffs named the ABA as a defendant in the Colorado District Court action, and (2) the ABA was awarded a judgment against Plaintiffs in that action.

3

In response to the ABA's argument that venue is improper in this district, Plaintiffs state that "28 USC Section 1391 (1) and (2) do not apply because the action is not solely dependant on diversity…" Consolidated Objection at 3. In its Motion, the ABA cited 28 U.S.C. § 1391(b), which states:

> [a] civil action *wherein jurisdiction is not founded solely on diversity of citizenship* may…be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added). Section 1391(b)(2), which is the correct venue statute, has apparently been misread by Plaintiffs, who otherwise failed to address the question of why this Court should have jurisdiction over a matter that properly belongs in the District of Colorado.

Plaintiffs also allude to the Administrative Procedures Act as somehow governing venue in this District. Consolidated Objection at 3. That Act has no application here, however, as none of the defendants are a U.S. Government "agency" and the federal courts are excluded from the Act's purview. *See* 5 U.S.C. § 551(1)(B).

## CONCLUSION

For the foregoing reasons, the ABA's motion should be granted and the Court should enter an order dismissing the Plaintiffs' Complaint as against the ABA with prejudice.

Dated: Washington, D.C.
       September 29, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _/s/ Frank Panopoulos_
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2005 I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.


Danielle Moore
Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, CO 80203
Danielle.moore@state.co.us

Attorney for Defendant Routt County Court


I hereby certify that I have served the foregoing to the following non CM/ECF participants by overnight courier:

David Sieverding
Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

_____
Frank Panopoulos