# THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Kay Sieverding, et al<br><br>    *Plaintifsf,*<br><br>  v<br><br>American Bar Association, et al<br><br>    *Defendants.* | Case No. 1:05CV01283<br><br>(RMU) |

## Second Errata to Objection

---

  Washington jurisdiction is established by the broadcasting of the articles into DC with the toll-free telephone number advertisements. The ABA has a power base in Washington. The Administrative Procedures Act extends jurisdiction. RICO extends jurisdiction. The ABA and O'Brien, Butler, McConihe & Schaefer, LLP directed 02-cv-1950 litigation from Washington, as was show by the 02-cv-1950 legal bills. As discussed in the 05-cv-1283 complaint, Magistrate Schlatter's Report and Recommendations misrepresents the facts and, in equity, must be ignored. As discussed in the 05-cv-1283 plaintiffs' objections, the Supreme Court ruled in Swierkiewicz v Sorema 2002 that a complaint cannot be dismissed under Rule 8.

  The defendants are held in joint and several bases. That simplifies the presentation of claims. The court should know that the defendant's claim that they are unable to understand anything that the plaintiffs write, but only once did any defendant ask for a more definite statement. As discussed in the 05-cv-1283 complaint, 02-cv-

1950 was not decided on the merits therefore it does not trigger res judicata. The 02-cv-1950 events have been tolled by the various filing back to July 11, 2002. The desperation of the ABA and the other defendants is shown by their violations of the Rules of Professional Conduct in using accusations of criminal acts and incarceration to gain advantage in a civil matter. The weakness of the Colorado Attorney Regulation Council in protecting citizens against intentional torts is shown in the attached letter, which says that they will not pursue these serious allegations unless they are proven in court first. Isn't this like the police telling a violent victim that they will no pursue allegations unless they are proven in court first. To establish that Faegre and Benson committed these wrongful acts in court would, generally, require a lawyer willing to risk his professional relationships to sue Faegre and Benson.

    Verification: The plaintiffs hereby declare under penalty of perjury that to the best of their knowledge and belief everything included in this document, and all other documents filed with this and all other courts is true and correct.

*/s/ Kay Sieverding*
Kay Sieverding

*/s/ Ed Sieverding*
Ed Sieverding

*/s/ Tom Sieverding*
Tom Sieverding