IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>AMERICAN BAR ASSOCIATION, et al. )<br>)<br>*Defendants*. )<br>) | Case No. 1:05CV01283<br>(RMU) |

### THE AMERICAN BAR ASSOCIATION'S CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND URGENT MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant American Bar Association ("ABA"), through its undersigned counsel, respectfully opposes Plaintiffs' two motions for partial summary judgment. Because Plaintiffs' two simultaneously filed motions concern related issues, the ABA consolidates herein its oppositions to those motions and addresses each in turn.

I.  **Motion for Partial Summary Judgment With Respect to Res Judicata**

In their Motion for Partical [sic] Summary Judgment That There is No Claims Preclusion or Res Judicata ("Partial S.J. Motion"), Plaintiffs argue that the doctrine of res judicata does not apply to the judgment of the U.S. District Court for the District of Colorado in *Sieverding v. Colorado Bar Association,* No. Civ. 02-M-1950 ("Colorado Action"), because the facts in the Colorado Action were undisputed and the truth of Plaintiffs' allegations were presupposed as true. Partial S.J. Motion at 1.

The ABA's arguments concerning the applicability of res judicata to this case were presented in the ABA's Memorandum of Points and Authorities in Support of its Motion to

Dismiss ("05CV1283 Memorandum") at 1–2, 7–10, and its Reply in support of that motion at 2. The ABA's arguments concerning the applicability of res judicata to the companion case (05CV01672) were presented in the ABA's Motion to Dismiss the Complaint at ¶¶ 2-4. For the reasons stated in those arguments, which are incorporated herein by reference, Plaintiffs' Partial S.J. Motion must be denied.

In response to Plaintiffs' Partial S.J. Motion, the ABA additionally states that, contrary to Plaintiffs' contentions, it is clear from Magistrate Judge Schlatter's opinion that Plaintiffs' allegations as to the ABA in the Colorado Action were never "undisputed." Rather, for the purposes of determining, *inter alia,* the ABA's motion to dismiss Plaintiffs' complaint, Magistrate Judge Schlatter "presume[d] that the plaintiff's factual allegations [were] true, and construe[d] them in a light most favorable to the plaintiff." *Sieverding v. Colorado Bar Assoc.,* 2003 WL 22400218, *15 (D. Col. Oct. 14, 2003). Nonetheless, Magistrate Judge Schlatter held that the various versions of Plaintiffs' complaints "generally, if not always, fail[ed] to provide any linkage between facts and claims," and that "Plaintiffs' claims that they were owed duties by…the Bar Associations are beyond frivolous. Their claims are downright absurd." *Id.* at *16-19.

Accordingly, as to the ABA, Magistrate Judge Schlatter dismissed Plaintiffs' complaint as a matter of law for failure to state a claim upon which relief can be granted. *Id.* at *34. Dismissals for failure to state a claim are considered final judgments on the merits for purposes of res judicata. *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002).

A party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law. *Kaempe v. Myers*, 367 F.3d 958, 966 (D.C.Cir. 2004). Even assuming that all of Plaintiffs' allegations as to the ABA are

true—which the ABA continues to deny—it is clear from Magistrate Judge Schlatter's opinion that, as to the ABA, "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Therefore, summary judgment in Plaintiffs' favor based on the facts they alleged in the Colorado Action as against the ABA would not be proper as a matter of law and, consequently, Plaintiff's Partial S.J. Motion as to the ABA must be denied as a matter of law. *Kaempe v. Myers*, 367 F.3d at 966.

### II.  Urgent Motion for Partial Summary Judgment

Plaintiffs' Urgent Motion for Partial Summary Judgment ("Urgent S.J. Motion"), requests that the Court rule that "there is no valid injunction limiting plaintiff's right to file in court and have their filings processed on the same basis as any other party." Urgent S.J. Motion at 1. Again, Plaintiffs contend that the allegations in their Colorado Action complaint are true and incorrectly assert that their statement of facts in that case was undisputed. Further, Plaintiffs claim that this case "has substantial new information not included in 02-CV-1950," which allegedly includes information "from the defense bills which were not in the record on appeal." Urgent S.J. Motion at 2.

However, the bill to which Plaintiffs refer, a copy of which is attached to Plaintiffs' Amendment to their Consolidated Objection to Defendants' Three Motions to Dismiss, at page 22, states only that the magistrate judge's clerk informed counsel that a reply would not be necessary for one of Plaintiffs' numerous filings. Plaintiffs' assertion that this communication evidences alleged ex parte collusion between defense counsel in the Colorado Action and the magistrate judge's clerk does not support a claim for fraud on the court or any other claim justifying relief from the Colorado District Court's judgment. *See Baltia Air Lines, Inc. v.*

*Transaction Mgmt., Inc.*, 98 F.3d 640, 642–43 (D.C.Cir. 1996). Further, Plaintiffs raised similar claims of ex parte collusion in the Colorado Action, and the Tenth Circuit specifically denied Plaintiffs' motion to investigate Magistrate Judge Schlatter and the district court. *Sieverding v. Colorado Bar Assoc.*, 126 Fed. Appx. 457, 459 (10th Cir. 2005).

For these reasons and for those stated in the ABA's Motion to Dismiss the Complaint in this case and its Reply in support thereof, which the ABA incorporates herein by reference, the ABA asserts that Plaintiffs have presented no basis on which they should be permitted to use this Court as a surrogate appeals court to collaterally review the Colorado District Court's judgment. *See* 05CV1283 Memorandum at 7–10; Reply at 2–3. Because the facts were and are disputed, and because the Colorado District Court's judgment should be accorded comity by this Court, The ABA requests that Plaintiffs' Urgent Motion for Partial Summary Judgment be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' two motions for partial summary judgment should be denied.

Dated: Washington, D.C.
October 11, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 11, 2005 I electronically filed the foregoing ABA Consolidated Opposition to Plaintiffs' Motion for Partial Summary Judgment and Urgent Motion for Partial Summary Judgment and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine.

    I hereby certify that I have served the foregoing to the following non CM/ECF participants by Quick International Courier:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444David Sieverding

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

 

_____
Matthew Ahn