IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE AMERICAN BAR ASSOCIATION'S CONSOLIDATED OPPOSITION
TO PLAINTIFFS' REQUEST FOR COUNSEL, MOTION FOR SPECIAL
PROSECUTOR AND SECOND MOTION FOR SPECIAL PROSECUTOR**

Defendant American Bar Association ("ABA"), through its undersigned counsel, respectfully opposes Plaintiffs' request for counsel and its two motions for special prosecutor. Because Plaintiffs' three motions concern related issues, the ABA consolidates herein its oppositions to these motions and addresses each in turn.

I.    **Request for Counsel under Administrative Procedures Act**

Plaintiffs' Request for Counsel under the APA ("Counsel Request") requests that the Court "quickly award [Plaintiffs] legal assistance under the Administrative Procedures Act." Counsel Request at 1. However, the APA has no application here, as none of the defendants is a U.S. Government "agency" and the federal courts are excluded from the Act's purview. *See* 5 U.S.C. § 551(1)(B). The Act states that any person compelled to appear before an agency has the right to be represented by counsel. 5 U.S.C. § 555(b). Plaintiffs, however, have not been

compelled to appear before any agency, and thus, the APA has no bearing on this case. Plaintiffs' request for counsel under the APA, therefore, must be denied.

**II.      Motion for Special Prosecutor**

Plaintiffs have filed two motions requesting the appointment of special prosecutors. It appears that Plaintiffs refer to the position now titled Independent Counsel, which was a redesignation by the Ethics in Government Act Amendments of 1982, Pub. L. No. 97-409, § 2059, 96 Stat. 2039 (January 3, 1983).

Plaintiffs' first Motion for Special Prosecutor ("First Motion") appears to be missing pages. In the pages presented, Plaintiffs describe a purported conversation between Plaintiff Kay Sieverding and a woman she met while in jail. The woman, whose "father is a lawyer" and "also a coke dealer [who] sells to lawyers and judges," purportedly told Ms. Sieverding that the "legal system in Colorado is totally corrupt." *Id*.

This conversation, however, does not provide a basis for appointment of independent counsel under 28 U.S.C. §§ 591-92 because neither the ABA nor any of the other defendants are within the purview of the statute, which contemplates investigations of only certain top level federal government officials. *See* 28 U.S.C. §§ 591-92. Plaintiffs' First Motion, therefore, must be denied.

**III.     Second Motion for Special Prosecutor**

The Second Motion for Special Prosecutor ("Second Motion"), concerns Plaintiffs' desire to investigate the Colorado Intergovernmental Risk Sharing Agency ("CIRSA"). This motion should be denied for several reasons.

First, CIRSA is not a party to this litigation. Second, CIRSA does not fall into the class of individuals to which 28 U.S.C. §§ 591 applies. Third, none of Plaintiffs' allegations, even if

2

true, would warrant the appointment of an independent counsel under 28 U.S.C. §§ 591-92. These allegations include the following: (a) Plaintiffs' suspicions about an audit of CIRSA that was "signed only KPMG Inc.," which Plaintiffs recognized as "a firm that was recently discussed in the Wall Street Journal because someone associated with them was accused of some sort of criminal conspiracy," Second Motion at 1-2; (b) in the audit, the compensation of one of the directors of one of CIRSA's reinsurers was not listed, Second Motion at 2; and (c) "CIRSA is very secretive," as evidenced by a phone conversation with one of CIRSA's director's secretaries, in which the secretary told Plaintiffs that "she didn't know what [the directors] do." Second Motion at 3.

Because Plaintiffs have not provided a basis for appointment of independent counsel under 28 U.S.C. §§ 591-92, their Second Motion must be denied.

## CONCLUSION

For the foregoing reasons, the ABA respectfully requests that the Court deny Plaintiffs' request for counsel and two motions for special prosecutors.

Dated: Washington, D.C.
October 11, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2005 I electronically filed the foregoing ABA Consolidated Reply to Plaintiffs' Request for Counsel, Motion for Special Prosecutor and Second Motion for Special Prosecutor and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine.

I hereby certify that I have served the foregoing to the following non CM/ECF participants by Quick International Courier:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn