# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING, et al.,

        *Plaintiffs*,

v.

AMERICAN BAR ASSOCIATION, et al.,

        *Defendants*.

Case No.:02-CV-1983 (RMU)

LET THIS BE FILED
DATE: 10/28/05

## PLAINTIFFS' RESPONSE TO ABA's OPPOSITION TO PLAINTIFFS INVOKING THE APA AND EAJA FOR ATTORNEY ASSISTANCE

    Plaintiff will suffer irreparable injury if such counsel is not provided. Because she doesn't have a lawyer, plaintiff has been jailed with hepatitis carrying violent IV drug users for six (7) weeks. Not only does this baseless and illegal jailing risk plaintiff's life but it makes the carrying on of civil litigation ten times as difficult. Only with great difficulty, delay and expense can plaintiff access the law library, her records or the court dockets. She cannot confer with defense counsel.

    The 05-CV-01283 action is a defensive action. Since 1992 convicted cocaine dealer Kevin Bennett has actively sought to severely hurt plaintiffs and he has brought unethical lawyers, unethical journalists and unethical government officials into the effort.

    Kevin Bennett and his partner Jane Bennett brought baseless criminal accusations against Sieverding in order to cover up their own crimes.

A newspaper in financial privity with Bennett, the Steamboat Pilot/World Company, has defamed Sieverding for over five (5) years.

The 02-CV-1950 defense counsel colluded criminally to deprive plaintiffs of fair litigation.

The incarceration of Kay Sieverding has no basis in law. She is not accused of a crime. At the so-called hearing, the adjudicator Colorado Federal Judge Nottingham had illegally and criminally colluded with the 02-CV-1950 defense counsel to deny honest services. The only legal authority cited when the 02-CV-1950 defense counsel asked to have the judge jail Sieverding was a totally irrelevant case about union strikes.

When Sieverding filed a motion for the legal authority to jail her, the judge denied the motion and refused to state his legal authority.

The judge had no authority. "By statute, the federal courts are given power to punish contempts of their authority provided that such power to punish contemptnors shall not be construed to extend to any cases except (1) the misbehavior of any person in their person or so near thereto as to obstruct the administration of justice (2) the misbehavior of any of the officers of the court in their official transactions and (3) the disobedience or resistance to any lawful writ process order rule decree or command of the court ... those courts cannot go beyond statutory boundaries in imposing punishment for criminal contempt ... the words thereto ... a decision declaring that the words are to be given a geographical meaning." *American Jurisprudence 2d 17 § 66-70.*

Under (2) what plaintiffs file and write in other courts is not within Judge Nottingham's discretion. Sieverding is not an officer of the court.

There is and can be no lawful order of the court prohibiting pro se litigation because, like lawyer aided litigation, pro se access to the courts is guaranteed by the Privileges and Immunities Clause, the 1st Amendment, and 28 U.S.C. 1654. Interference with access to the courts thru force and intimidation is illegal under 42 U.S.C. § 1985. The Department of Justice Civil Resource Manual 215 prohibits Mandamus where other relief is available to the moving party such as a motion for legal fees or participation in criminal prosecution for perjury. (Citing U.S. ex rel Girard Trust Co. v. Helvering, 301 US. 540, 544 (1937) and Nixon v. Sirica, 487 F. 2d 700 (D.C. cir 1973).

Rule 60(D) is mandatory. There is no order stemming from District of Colorado 02-CV-1950 that meets the requirements of Rule 60 in either procedure or form.

The defendants simply lie in claiming that the 10th Circuit reviewed it as it is not discussed in Sieverdings' 10th Circuit briefs. The U.S. Supreme Court in Troy v. Cochran (5/31/05) said that an enjoined party may elect to defer review of a court order.

In the 02-CV-1950 forum after her jailing, Sieverding filed a motion for production of the essential elements of an injunction. However, Judge Nottingham declined the motion without explanation and the defense counsel, who had illegally colluded to have Sieverding threatened, kidnapped and illegally jailed, declined to produce them.

In 1993, Congress affirmed the United Nations International Covenant on Civil and Political Rights "No one shall be deprived of his liberty except on such grounds and in accordance with such procedure as are established by law ... Anyone who is arrested shall be informed, at the time of arrest and shall be promptly informed of any charges against him ... Everyone lawfully within the territory of a state shall ... have the right to

liberty of movement ... The above-mentioned rights shall not be subject to any restrictions except those, which are provided by law, are necessary to protect national security, public order, public health or morals or the rights and freedoms of others and are consistent with the other rights ... No one shall be held guilty of any criminal offense on account of any act or omission which did not constitute a criminal offense under national or international law ... Everyone shall have the right to recognition everywhere as a person before the law ... No one shall be subjected to ... unlawful attacks on his honor and reputation ... Everyone has the right to protection of the law against such ... attacks ... All persons are equal before the law and are entitled without any discrimination to the equal protection of the law ... the law shall guarantee to all persons equal and effective protection against discrimination on any ground such as ... political or other opinions".

Rulemaking is identified as an administrative agency of U.S. Judiciary by its own web site. Unauthorized rulemaking is not allowed. Unauthorized rulemaking is an administrative act. Ex parte collusion is not a judicial procedure even if it involves judges because it is not in court or on the record.

Review of these issues is not available in appellate procedure because they involve only what is on the record and do not have a mechanism for evidentiary review. Habeas Corpus is not available when no crime is alleged.

In the jailing of Kay Sieverding, she was neither allowed to present most of her arguments nor to cross examine her accusers. Because Judge Nottingham could be potentially stripped of his job and incarcerated for denial of honest services, he could not be an impartial adjudicator.

42 U.S.C. § 1985, Rule 60(B)(3), and the federal criminal statute for denial of honest services would not have been laws passed by Congress if it had not been intended that they be available to citizens.

United States Code Title 5 does not except administrative acts by federal judges. § 703 provides that the APA applies "If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer." Plaintiffs served the U.S. government properly. (See attachment I)

The U.S. government official footnotes provide: "274. Waiver of sovereign immunity contained in Administrative Procedure Act with respect to claims for non-monetary relief against the United States, its agencies or officials was not limited to formal agency action, but applied to all actions seeking non-monetary relief for official misconduct." "275. This chapter and section 551 et seq of this title provides for judicial review of agency action and a waiver of sovereign immunity in an action for relief other than monetary money damages that states a claim that a federal agency or officer failed to act as required in an official capacity." Rowe v. U.S., C.A 9 (Alaska) 1980, 633 F. 2d 799 certiorari denied 101 S. Ct. (See attachment 2)

The U.S. Judiciary Rulemaking is in the District of Columbia and it failed to act to provide a remedy for judicial misconduct so jurisdiction is properly established in Washington DC.

Furthermore, the U.S. Code Footnote 307 states that the Administrative office of the U.S. Courts can be served "Doctrine of sovereign immunity did not prevent ... seeking injunctive relief preventing Administrative Office of the United States Courts ...

5

where Administrative Office acted beyond its authority ... in that ... sovereign immunity was no bar to an injunctive action brought to redress an unlawful act." (See attachment 3)

Therefore, plaintiffs request (1) an order under the EAJA providing legal assistance to Sieverding and (2) an order requiring the Rulemaking branch of the U.S. Judiciary to answer.

I hereby verify under penalty of perjury that to the best of my knowledge all the facts in this motion are true and the theories are correct.

Dated this 20 day of October, 2005.

*Kay Sieverding*
Kay Sieverding
Clear Creek County Jail
PO Box 518
Georgetown, CO 80444

Service by ECF

Note 325

County v. Brennan, C.A.9 (Cal.) 1979, 608 F.2d 1319, certiorari denied 100 S.Ct. 3010, 447 U.S. 921, 65 L.Ed.2d 1112.

**326. Miscellaneous actions sovereign immunity waived**

To the extent that former serviceman was challenging final agency action, in form of final decision by Bureau of Correction of Naval Records (BCNR), he was not required to establish waiver of sovereign immunity by United States, inasmuch as United States had waived sovereign immunity under Administrative Procedure Act under such circumstances. Swann v. Garrett, N.D.Ind.1992, 811 F.Supp. 1336.

## § 703. Form and venue of proceeding

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. <u>If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.</u> Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

(Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 392; Pub.L. 94–574, § 1, Oct. 21, 1976, 90 Stat. 2721.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
**1966 Acts.**

| Derivation: | United States Code | Revised Statutes and Statutes at Large |
| --- | --- | --- |
| | 5 U.S.C. 1009(b) | June 11, 1946, ch. 324, § 10(b), 60 Stat. 243. |

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

**1976 Acts.** House Report No. 94–1656, see 1976 U.S. Code Cong. and Adm. News, p. 6121.

**Amendments**

**1976 Amendments.** Pub.L. 94–574 provided that if no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer as defendant.

### LIBRARY REFERENCES

**Administrative Law**
Food and drugs, see 21 CFR Parts 10, 12, 13, 606, 607, 610, and 640.
Judicial review of agency action, see Koch, Administrative Law and Practice § 8.1

**American Digest System**
Judicial review of administrative decisions; nature and form of remedy, see Administrative Law and Procedure ⚖=657.1 to 661.
Judicial review of administrative decisions; venue, see Administrative Law and Procedure ⚖=664.

66

**Encyclopedias**
Judicial review o
  Public Ad
Judicial review
  tive Law a

**Forms**
Housing, compla

**Law Review and Jou**
Matter of A–A–:
  discretion

**Texts and Treatises**
Actions against
  Practice a
Form of procee
  Cooper, F

Administrative l
See, also, WEST

Absence or inadeq
  view 5
Adequate and excl
  review 17
Applicable form of l
  Generally 6
  Declaratory jud
  Deportation ord
  Habeas corpus
  Injunctions 8
  Mandamus 10
  Naturalization
  Show cause ord
Construction with c
Court specified by s
Courts of competen
Declaratory judgm
  of legal action 7
Deportation orders
  legal action 11
Exclusive opportun
Habeas corpus, ap
  action 9
Inadequacy of statu
Indispensable defen
Injunctions, applic
  tion 8
Jurisdictional natu
Mandamus, applic
  tion 10
Naturalization pr
  form of legal acti
Prior, adequate, an
  ty for review 17
Proper defendants

Attachment 3

id sale of townhouses by Secretary of Department of Housing and Urban Development and regional administrator was essentially suit designed to reach Government monies, to subsidize all units of project, and thus was not claim for which United States had consented to suit under provision of Administrative Procedure Act which contained limited waiver of Government's sovereign immunity. Thomas v. Pierce, D.Kan.1987, 662 F.Supp. 519.

Federal land bank, in action against Agricultural Stabilization and Conservation Service seeking declaratory judgment regarding ownership and lien interest in peanut quota, did not complain of any agency action and thus failed to state claim under Administrative Procedure Act, so that sovereign immunity under Act was not waived. Federal Land Bank of Columbia v. Shepard, M.D.Ga.1986, 646 F.Supp. 1145.

**303. —— Reimbursements**

Request by Commonwealth of Massachusetts for declaration that medicaid abortions, though admittedly falling within proscription of Hyde Amendment, were reimbursable when provided pursuant to court order during pendency of earlier litigation sparked by Hyde Amendment was in reality a request for "money damages" and, as such, fell within exception to subject-matter jurisdiction and waiver of sovereign immunity provided by statute. Com. of Mass. by Dept. of Public Welfare v. Departmental Grant Appeals Bd. of U.S. Dept. of Health and Human Services, C.A.1 (Mass.) 1987, 815 F.2d 778, transferred 15 Cl.Ct. 73.

**304. Hearings**

Court of Federal Claims lacked jurisdiction of claim by descendants of Indian tribal members that Indian Health Service violated Administrative Procedure Act (APA) because they were not afforded opportunity to object to termination of service; APA did not establish jurisdiction over claims for money, and court did not have jurisdiction to award hearing. Allred v. U.S., 1995, 33 Fed.Cl. 349, appeal dismissed.

**305. Injunctive relief—Generally**

All questions of amenability of a federal officer to a suit for injunctive relief must be decided with reference to this section authorizing an action in a court of the United States on a claim that an agency or officer or an employee acted or failed to act in an official capacity or under color of legal authority. Schnapper v. Foley, C.A.D.C.1981, 667 F.2d 102, 215 U.S.App.D.C. 59, 212 U.S.P.Q. 235, certiorari denied 102 S.Ct. 1448, 455 U.S. 948, 71 L.Ed.2d 661.

Where relief in nature of mandatory injunction is sought against agency or public official and where jurisdiction is based on federal question jurisdiction, injunctive remedy itself would be provided by section 551 et seq. of this title and this chapter, and suit is not barred by sovereign immunity of United States. Carpet, Linoleum and Resilient Tile Layers, Local Union No. 419, Broth. of Painters and Allied Trades, AFL-CIO v. Brown, C.A.10 (Colo.) 1981, 656 F.2d 564.

**306. —— Contract actions**

This section amounted to a waiver of sovereign immunity with respect to disappointed bidder's suit for injunctive relief against award of contract to another. B.K. Instrument, Inc. v. U.S., C.A.2 (N.Y.) 1983, 715 F.2d 713.

Government contractor could seek injunction in district court to prevent alleged violation of section 1905 of Title 15, where data involved were originally provided to government pursuant to terms of various contracts instead of being provided by government contractor pursuant to regulation. Megapulse, Inc. v. Lewis, C.A.D.C.1982, 672 F.2d 959, 217 U.S.App.D.C. 397.

**307. —— Administrative Office of the United States Courts**

Doctrine of sovereign immunity did not bar bankruptcy judge and court reporters serving Bankruptcy Court from seeking injunctive relief preventing Administrative Office of the United States Courts from putting into effect a Bankruptcy Court reporting contract where Administrative Office acted beyond its authority in accepting an unresponsive bid, in that even if the waiver of sovereign immunity in this section was inapplicable, sovereign immunity was no bar to an injunctive action brought to redress an unlawful act. Goldhaber v. Foley, D.C.Pa.1981, 519 F.Supp. 466.

**308. —— Department of Defense**

District court had jurisdiction under this section over action brought by government subcontractor seeking to enjoin Department of Defense [from releasing] certain documents [pursu]ant to request made by [requester under] the Freedom of Information [Act of] this title. Babcock [v.] Rumsfeld, D.C.Ohio 19[__].

**309. —— Department [of Housing and] Urban Development**

District court had ju[risdiction over action] brought by operators [of privately owned] housing projects, whos[e mortgages were] insured by the Federal [Housing Administ]ration and who were r[equired to regular]ly submit detailed finan[cial statements, seek]ing to enjoin the Depa[rtment of Housing] and Urban Developme[nt from releasing] the reports to local a[ssociations which] could verify the gross i[ncome of the pro]jects. Charles River P[ark "A", Inc. v. De]partment of Housing an[d Urban Develop]ment, C.A.D.C.1975, 5[19 F.2d 935, 171] U.S.App.D.C. 286.

Tenants of privately [owned federally] subsidized housing com[plex could not as]sert claim for money d[amages for viola]tion of the Administrat[ive Procedure Act] (APA) by the Departme[nt of Housing and] Urban Development (H[UD), which ap]proved lease and hous[ing rules that al]legedly violated tenants' [procedural and] statutory rights, as c[laims for money] damages are barred by [the terms] of the APA; moreover, [any remedy] [awar]dy in tenants' favor aga[inst federal defen]dants precluded tenants [from obtaining de]claratory and injuncti[ve relief against] federal defendants. Sn[owden v. Kemp, Hu]Heights Apartments, L[ ___,] 794 F.Supp. 1141.

Requested injunctive [relief in action] brought under Fair Ho[using Act went] beyond relief authorize[d by Administra]tive Procedure Act, alth[ough plaintiffs con]tended that funds at iss[ue in action as] brought had already be[en disbursed and] therefore allegedly in[jurious acts or] omissions of Departmen[t of Housing and] Urban Development we[re not fully ad]dressable as a practica[l matter; plaintiffs] had not presented suffic[ient proof that] conditions had been a[meliorated or cor]rected or that proposed [relief was nec]essary, and agency's c[ontrol over past] and future grant funds g[ave it flexibility/lever]age to remedy past and [future noncom]pliance with fair [housing laws.] N.A.A.C.P., Boston Ch[apter v. Kemp,] D.Mass.1989, 721 F.Sup[p. ___].

62