IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE AMERICAN BAR ASSOCIATION'S OPPOSITION TO PLAINTIFFS'
MOTION UNDER RULES 9(b) AND 12(e) TO COMPEL DEFENDANTS
TO PRODUCE EVIDENCE THAT THEY PREVIOUSLY
<u>DISPUTED PLAINTIFFS' FACTS</u>**

Defendant American Bar Association ("ABA"), through its undersigned counsel, respectfully opposes Plaintiffs' Motion Under Rules 9(b) and 12(e) to Compel Defendants to Produce Evidence that they Previously Disputed Plaintiffs' Facts ("Motion").

Fed. R. Civ. P. 9(b) and 12(e) do not provide a basis for Plaintiffs to raise this Motion. Rule 9(b) covers averments of fraud or mistake, and is inapplicable here. Rule 12(e) concerns vague or ambiguous *pleadings* as defined in Rule 8, and thus is also inapplicable.

Although not explicitly stated here, this Motion is rooted in Plaintiffs' belief, which they have stated many times, that the allegations of their complaint as to the ABA in their action before the United States District Court for the District of Colorado, captioned *Sieverding v. Colorado Bar Association,* No. Civ. 02-M-1950, 2003 WL 22400218 (D. Col. Oct. 14, 2003) ("Colorado Action"), must be accepted as "undisputed" because the ABA never asked for, *inter*

*alia,* a more definite statement under Rule 12(e) concerning their complaint, and did not assert that Plaintiffs perjured themselves or otherwise violated Rule 9(b) concerning any of their allegations. *See, e.g.,* Plaintiffs' Motion for Partical (sic) Summary Judgment that there is no Claims Preclusion or Res Judicata (docket no. 32 at 1), in which Plaintiffs state: "Because plaintiffs verified [their allegations] under penalty of perjury and testified under personal knowledge they are an affidavit. Plaintiffs' words must be accorded respect because in previous litigation they also verified under penalty of perjury but no allegations of perjury or violations of Rule 9 were alleged."

However, in the Colorado Action, the ABA filed a motion pursuant to Rule 12(b)(6) for dismissal of the complaint with prejudice, asserting that, as a matter of law, Plaintiffs' complaint failed to state a claim against the ABA upon which relief could be granted and further, that Plaintiffs could not amend that complaint to properly state a claim against the ABA upon which relief could be granted.

In considering the ABA's Rule 12(b)(6) motion, Magistrate Judge Schlatter "presume[d] that the plaintiff's factual allegations [were] true, and construe[d] them in a light most favorable to the plaintiff." *Sieverding,* 2003 WL 22400218, *15. This standard, however, does not include a concession by any defendant that the allegations of the complaint, or any one of them, are "undisputed." *See Alexis v. Dist. of Columbia,* 77 F.Supp.2d 35, 46 (D.D.C. 1999) (granting motion to dismiss and noting the distinction between facts that are "undisputed" and those that are "assumed in the plaintiffs' favor"). Even under this presumption, nevertheless, Magistrate Judge Schlatter held that the various versions of Plaintiffs' complaints "generally, if not always, fail[ed] to provide any linkage between facts and claims," and that "Plaintiffs' claims that they

were owed duties by…the Bar Associations are beyond frivolous. Their claims are downright absurd." *Sieverding,* 2003 WL 22400218, at *16-19.

Since the truth of the factual allegations contained in Plaintiffs' Colorado complaint was not at issue in considering the ABA's Rule 12(b)(6) motion, the ABA was never required under Rules 9(b), 12(e), or otherwise, to "dispute" any of Plaintiffs' factual allegations. While the allegations were presumed to be true for the purposes of ruling on the ABA's motion as a matter of law, they were never "undisputed."

Similarly, in the present case, the ABA has filed a motion requesting that Plaintiffs' Complaint be dismissed pursuant to Rules 8(a)(2), 12(b)(3), 12(b)(6), res judicata and the *Rooker-Feldman* doctrine. Each of these is a question of law for the Court to determine. None of these concern whether the ABA did or did not file documents in the Colorado Action that "disputed" the factual allegations of the Plaintiffs' Colorado complaint.

The ABA therefore respectfully requests that this Court deny Plaintiffs' Motion that the ABA be required to "produce details that they previously disputed the facts[.]"

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Plaintiffs' Motion Under Rules 9(b) and 12(e) to Compel Defendants to Produce Evidence that They Previously Disputed Plaintiffs' Facts should be denied as to the ABA.

Dated: Washington, D.C.
       October 31, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _/s/ Frank Panopoulos_
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

     I hereby certify that on October 31, 2005 I electronically filed the foregoing ABA Opposition to Plaintiffs' Motion Under Rules 9(b) and 12(e) to Compel Defendants to Produce Evidence that they Previously Disputed Plaintiffs' Facts and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson, LLP, McConnell Siderious, White & Steele, Hall and Evans LLC, and The World Company.


Danielle Moore
OFFICE OF THE COLORADO ATTORNEY GENERAL
1525 Sherman Street
5th Floor
Denver, CO 80203
(303) 866-3545
danielle.moore@state.co.us

Attorney for Defendant Routt County Court.



     I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444David Sieverding

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

                                                 /s/ Matthew Ahn
                                                 Matthew Ahn