## FOR THE DISTRICT OF COLUMBIA

SIEVERDING, et al,

     *Plaintiffs,*

v.

    Case No.:05-CV-01283
    (RMU)

AMERICAN BAR ASSOCIATION, et al.,

     *Defendants.*

**PLAINTIFFS' RESPONSE TO MOTION 47 ABA'S REFUSAL TO SUPPLY**

**PROOF OF PREVIOUS DISPUTE OF EVIDENCE**

The ABA's answer to the plaintiffs' motion to compel production of previous evidentiary disputes dodges the question and tries to obscure the facts. Defendants do not have a right to reserve their defenses or to general denial. The ABA said the District of Colorado case 02-cv-1950 defense disputed the facts but there was no list of facts stipulated or disputed, no affidavits and no sworn statements by defendants, When plaintiffs point this out, the ABA changes the subject and misquotes irrelevant discussion on motions to dismiss. They also lie about the law of negligence. In District of Colorado case 02-cv-1950, plaintiffs supplied prima facie evidence of intentional torts by lawyers and more than enough evidence to support a theory that the ABA and CBA were proximate causes.

Since Sieverdings had specifically motioned for a jury trial prior to any responsive pleadings a jury was supposed to decide if the ABA and CBA were liable as proximate causes, not the judge. The ABA asked the federal judge to dismiss the entire

RECEIVED

NOV 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

case so that they would not have to explain their acts and omissions to the judge or the

press. Then the ABA ratified the Colorado Regulation Counsel disregard for its statutory

obligation to investigate obstruction of justice by lawyers, while at the same time

claiming falsely that the Colorado Attorney Regulation Counsel is a citizen's only

recourse for attorney crimes. They further tried to cover up by having the plaintiff jailed.

They have fixed the American judicial system to protect their members and allow them to

commit crimes and they don't want any questions.

Now, they are again misrepresenting the facts and law about the District of

Colorado case 02-cv-1950 litigation history and the effect of a refusal to respond to a

summary judgment motion. It is not the legal option of the judge to suspend the Federal

Rules of Civil Procedure, even if one party is pro se,

"For purposes of appeal... involuntary (dismissal) where... adverse rulings...
impeded the proper presentations of his cause of action (page 7)... under rules governing
the right of dismissal generally partial termination is usually conditional on the showing
that no prejudice will result to the adverse party's rights. Unilateral dismissal of less than
all claims involved in an action of a Federal District Court cannot be accomplished after
answer has been filed unless a stipulation is signed by all parties to the action, or by
(valid) order of the court (page 23)... when a plaintiff invokes the jurisdiction of the
court... dismissal of a party's action is a drastic punishment and should not be invoked
except where the actions of the party show deliberate and contumacious disregard of the
court's authority thus (even) the giving of perjured testimony... or his attempts to
suppress evidence have been held not to warrant dismissal with prejudice (page 33)...
(however plaintiffs did not give perjured testimony) A defendant's... conduct may
operate as an estoppel to assert his right to dismissal (page 33)... Jurisdiction to dismiss
for failure to comply with an order of the court, whether by inherit power of the court or
by statute or rule presupposes an order lawfully made, one within the court's power to
enter (page 35-36)... The power of a trial court to dismiss... is not unlimited (page 36)...
Involuntary dismiss is regarded as an extreme sanction... Dismissal will not be upheld
where the court has abused its discretion (page 54)... fraud, irregularity, providential
hinderance... mistake of court (are) sufficient to justify reinstatement of a cause (page
66)... where a judgment of non-suit or dismissal has been entered and thereafter set
aside... the cause stands precisely as though the judgment had never been entered... the
cause takes its place on the docket the same as if it had **not** been dismissed (page 67)... if
a judgment of non-suit is for any reason unauthorized or illegal, the judgment **should** be
set aside and the case reinstated on proper motion (page 72)... in the absence of any

showing of injury or prejudice to the adverse party, **refusal to vacate an order or dismissal or to reinstate the action may constitute an abuse of discretion** (page 74)... American Jurisprudence Second Edition, Volume 24, Dismissal (pages 7-74)

Thus, as detailed in the uncontested admitted facts of District of Columbia case 05-cv-01283, the dismissal of District of Colorado case 02-cv-1950 was improper and the litigants must now proceed to an oral conference on plaintiffs' motions for summary judgment in both District of Columbia case 05-cv-01283 and in District of Columbia case 05-cv-01672.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 11/05/05.

Kay Sieverding
Clear Creek County Jail
Box 518
Georgetown, CO 80444