IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIEVERDING, et al, <br><br> *Plaintiffs,* <br><br> v. <br><br> AMERICAN BAR ASSOCIATION, et al., <br><br> *Defendants.* | Case No.:05-CV-01283 (RMU) |

## REQUEST FOR ORAL HEARING ON THE DEFENDANTS' MOTIONS TO DISMISS, PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT, AND COURT MEDIATED SETTLEMENT CONFERENCE

"The judiciary cannot avoid… with whatever difficulties a case may be attended, we must decide if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given." Chief Justice Marshall 1824 quoted in Federal Practice and Procedure, Wright and Kane, Federal Practice Desk Book, page 437

The plaintiffs presented uncontroverted prima facie evidence.

"Prima facie evidence means evidence which is sufficient to establish the facts… evidence which standing alone and unexplained would maintain the presumption and warrant the conclusions to support which it introduced" American Jurisprudence, Volume 27, Section 5

Plaintiffs proved their entitlement to injunctive relief and to the damages in the

undisputed amount.

"Where either party has filed a timely request for hearing on the motion that may be dispositive of a claim or defense, the court generally must provide an oral hearing… before entering an order that is dispositive." American Jurisprudence 2nd, Volume 75, motions section 34 page 27.

Local rules require conference on motions but the defendants have not even attempted to

confer. Local rules require either ADR or court mediation.

1

I declare under penalty of perjury that the foregoing is true and correct. Executed on 11/10/05.

_____
Kay Sieverding

_____
Ed Sieverding

_____
Tom Sieverding