**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KAY SIEVERDING, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | Case No. 1:05CV01283 |
| | ) | (RMU) |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN BAR ASSOCIATION, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**THE ABA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION**
**OF DEFENSE 02-CV-1950 AFFIDAVITS SUPPORTING**
**SANCTIONS AGAINST THE SIEVERDINGS**

In this two sentence Motion, and without any factual basis, legal support, or argument for the Motion, Plaintiffs have stated that "[s]anctions cannot legally be granted without affidavits," and that "sanctions were awarded in violation of due process" in the U.S. District Court for the District of Colorado. Plaintiffs apparently are referring to an Order by the Colorado District Court in which that court adopted the Magistrate Judge's Recommendation and granted certain defendants' motions for sanctions against the Plaintiffs.[1] As to the ABA, Plaintiffs' present Motion is entirely without merit.

As shown by the listing of motions in the Magistrate Judge's Recommendation at *34, none of the motions for sanctions were filed by the ABA. Further, as to the motions that were

---

[1] The Colorado District Court's Order is attached as Exhibit 2 to the ABA's Motion to Dismiss the Complaint, filed in this action. The Magistrate Judge's Recommendation (*Sieverding v. Colorado Bar Assoc.*, No. Civ. A. 02-M-1950, 2003 WL 22400218 (D. Col. Oct. 14, 2003), adopted by the District Court on March 19, 2004), *aff'd* 126 Fed. Appx. 457 (10th Cir. 2005)), in which the motions for sanctions are discussed by the Magistrate Judge, is attached as Exhibit 1 to the ABA's Motion to Dismiss the Complaint in this action.

considered by the Magistrate Judge, it is clear from the opinions in the Colorado proceedings that the Magistrate Judge's recommendation was proper and consistent with procedures for evaluating motions for sanctions.  Accordingly, the ABA moves this Court to deny Plaintiffs' Motion as to the ABA.


## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Compel Production of Defense 02-CV-1950 Affidavits Supporting Sanctions Against the Sieverdings should be denied as to the ABA.


Dated:  Washington, D.C.             Respectfully submitted,
        November 23, 2005

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
      Carolyn B. Lamm (D.C. Bar No. 221325)
      Frank Panopoulos (D.C. Bar No. 459365)
      **WHITE & CASE** LLP
      701 13th St., N.W.
      Washington, D.C.  20005
      (202) 626-3600

      *Attorneys for Defendant*
      *American Bar Association*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2005 I electronically filed the foregoing ABA Opposition to Plaintiffs' Motion to Compel Production of Defense 02-CV-1950 Affidavits Supporting Sanctions Against the Sieverdings and proposed order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson, LLP, McConnell Siderious, White & Steele, Hall and Evans LLC, and The World Company.

Danielle Moore
Assistant Attorney General
OFFICE OF THE COLORADO ATTORNEY GENERAL
1525 Sherman Street
5th Floor
Denver, CO 80203
(303) 866-3545
danielle.moore@state.co.us

Attorney for Defendant Routt County Court.

I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

_____
Matthew Ahn