IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID SIEVERDING, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.:05-CV-01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO THE ABA'S RESPONSE
TO PLAINTIFFS' MOTION TO COMPEL THE
DEFENDANTS TO SHOW A BASIS FOR
SANCTIONS AGAINST THEM**

The defendants did not serve their document on Kay Sieverding.

None of the defendants responded with any evidence that there was a basis for sanctions against plaintiffs. Nor have any of them controverted plaintiffs detailed assertions that the 02-CV-1950 litigation was conducted contrary to the Law of Civil Procedure.

The ABA asserts that it had nothing to do with the sanctions. The ABA ratified them. The ABA claimed that they were protected from further litigation (see email exchange with Pat Larson in July 2005 certificate of service by email). The ABA also put a $10,000 lien on plaintiffs' property without any hearing or basis in law and without even a bill.

In 02-CV-1950 Magistrate Schlatter selectively misquoted a lawyer mentioned by plaintiffs despite plaintiffs later providing a quote from the same lawyer contravening that of Magistrate Schlatter.

Judge Crabb had no problem with plaintiffs filing 100 page complaints until the plaintiff added the ABA.

American Jurisprudence supports plaintiffs' theory that the ABA had a duty to conduct its activities as a bar association carefully so as to not cause damage to the public and using its expertise. The McGee Commission clearly notified the ABA that the public was claiming damages because of their difficulties in finding a lawyer to sue a lawyer. The Supreme Court cited various studies about the public complaint against unscrupulous lawyers. Plaintiff quoted a Stanford law professor, Dan Dobbs, Prosser and Keeton, international law, a local lawyer, and the Wisconsin Court of Appeals all supporting a theory of Bar duty. All the various acts and immunities of the ABA take some time to discuss. However, at the very least, for any judge to find that the ABA does not have a duty to care for the public would require, at the very least, a statement of facts and laws and a formal summary judgment hearing. The ABA's sole defense that the state attorney regulation counsel removed their liability was "B.S." because a duty cannot be delegated, plaintiff alleged various theories of immunity which covered a lot more than the responsibilities of the attorney regulation counsel and the ABA knew that the Colorado Attorney Regulation Counsel was ineffective in protecting the rights of third persons. The question of proximate cause was a question for the jury.

As discussed in more detail in the plaintiffs' complaint the Magistrate's report was fraudulent in both facts and law. Plaintiffs recently filed a summary of their 02-CV-1950 complaints again in that court and asked why their complaint was defective but their was no response (see attached). **David download from 02-CV-1950.**

2

The 10th Circuit was left with the impression that the case was about zoning but even the 02-CV-1950 defendants defense lawyer now admits there were many other claims.

Judge Schlatter, for instance, asserted that "prosecutors possessed absolute immunity" but they have no immunity for anything after they dismiss a criminal prosecution including press conferences. (See attached Harlow v. Fitzgerald, U.S. Supreme Court 457 U.S. 800, 811 n. 16, 73 L. Ed. 2nd 396, 102 S. Ct. 2727 (1982)). Magistrate Schlatter also asserted "that City's were immune from suits for tort" but:

"Del Monte Dune's argument was not that the city had followed its zoning ordinances and policies but rather that it had not done so. As is often true in § 1983 actions, the disputed questions were whether the government had denied a constitutional right in acting outside the bounds of its authority and, if so, the extent of any resulting damages. These were questions for the jury." (City of Monterey v. Del Monte Dunes at Monterey, United States Supreme Court 5/24/99, 526 U.S. 687, 119 S. Ct. 1624, 143 L. Ed. 2d 882.

"Qualified or 'good faith' immunity is an affirmative defense that must be pleaded" Harlow, 457 U.S. at 819 quoted in Pierson v. Ray 386 U.S. 547, 559, 18 L. Ed. 2d 288 87 S. Ct. 1213 (1967).

However, in 02-CV-1950 there were no "Replies". The court allowed the government actors to plead immunity without any stipulations to the facts. When plaintiffs objected to the total exclusion of their facts and denial of the jury trial they had selected before any responsive pleadings were filed, the judge complained that he was expected to read their objections and motions. But that was required by the Laws of Civil

Procedure. The defendants multiplied the pleadings by their refusal to stipulate to the facts.

"When execution of a government's policy or custom whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury ... the government as an entity is responsible under § 1983" Melton v. City of Oklahoma City, 879 F. 2d 706 (10th Circuit 6/21/1989).

Magistrate Schlatter wrote "insurance companies may not be sued for bad faith by parties who were not themselves insured" (p. 20, 2nd col.). However, "a person not a party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit the nonparty, provided that the benefit claimed is a direct and not merely incidental benefit of the contract" E.B. Roberts Construction Co. v. Concrete Contractors Inc, 704 P. 2d 859 Colo 1985.

Magistrate Schlatter and the defense assert that Rule 41 causes claims preclusion but the U.S. Supreme Court and American Jurisprudence 2nd (1979) deny that.

Magistrate Schlatter wrote that plaintiff should be penalized by financial sanctions and loss of her right to petition the court because:

"Ms. Sieverding's malice and bad faith is illustrated by the manner in which she has made wild accusations about virtually every public official in Steamboat Springs .. She has brazenly accused the public officials of every manner of crime and corruption, admitting all the while that she has no evidence whatsoever to support her accusations."

Actually, Sieverding's claims that the various officials aided and abetted an extortion of Sieverding and the cover-up thereof were supported by detailed undisputed affidavits and 750 pages of document evidence. Her allegation that Kevin Bennett

4

threatened to shoot the family of Thom Ernst if they bought and built on Sieverding's extra lot was supported by an email from Thom Ernst and undisputed by Bennett and his lawyer. The Real Estate Agents covered this up because they had the property listed for sale.

Plaintiff's claims that the torts against her developed in the climate of drug related corruption were also supported. Both the Steamboat Pilot and the Denver Post have articles in their internet files about the cocaine connections of former local judge Joel Thompson who started the restraining order action against Sieverding. Mr. Brougham himself discussed Mr. Bennett's status as a convicted cocaine dealer. Plus Sieverding supplied names of Steamboat residents who had told her about drug use and sale of drug evidence by the police. There was nothing to stop the defendants from deposing those people and presenting contrary affidavits. Sieverding also directed the defense to written reports she had made to the Steamboat police in 1994 about cocaine dealing by a city official that they had covered up. Just last week the Denver press reported that an Arvada city council member was caught with a meth lab in his house. In this context, extortion of property rights and use of defamation and malicious prosecution is extremely believable.

Sieverding should not be financially attacked and jailed for pointing out facts related to acts that hurt her. One reason for Sieverding to emphasize the cocaine connection is to establish a basis to bring in the U.S. Commission on Drug Related Corruption.

I hereby verify under penalty of perjury that to the best of my knowledge all the facts in this pleading are true and the legal citations and theories are correct

Dated this ___8___ day of _____12_____, 2005.

*Kay Sieverding*
Kay Sieverding
Clear Creek County Jail
PO Box 518
Georgetown, CO 80444

s

6