# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING *et al.*,          :
                                      :

           Plaintiffs,        :     Civil Action No.:     05-1283 (RMU)
                                        :

           v.              :     Document Nos.:     16, 17, 27
                                        :

AMERICAN BAR ASSOCIATION *et al.*,  :
                                      :

           Defendants.      :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

## I. INTRODUCTION

This matter comes before the court on the defendants' motions to dismiss. The *pro se* plaintiffs, the Sieverding family, bring an independent action[1] to set aside two adverse judgments

---

[1] The plaintiffs move to set aside two judgments under Federal Rule of Civil Procedure 60(b)(3). One judgment in question was entered on March 24, 2004; the other judgment was entered before that date. Def. American Bar Association's ("ABA") Mot. to Dismiss, Exs. 1 & 2. Pursuant to Rule 60(b)(3), the plaintiffs' action is time barred because the judgments the plaintiffs seek to set aside were entered more than one year ago. FED. R. CIV. P. 60(b); *Carr v. Dist. of Columbia*, 543 F.2d 917, 926, n.67 (D.C. Cir. 1976).

       The plaintiffs' amended reply to the American Bar Association's ("ABA") motion to dismiss, however, states that they bring an independent action, rather than a motion for relief from judgment under Rule 60(b)(3). Pls.' Supplemental Opp'n to Defs.' Mots. to Dismiss at 9. Therefore, the court assumes that the plaintiffs intended to bring an independent action. *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (holding that courts must construe *pro se* filings liberally, and that the district court should have read all of the *pro se* plaintiff's filings together before dismissing the case for lack of subject-matter jurisdiction, but also noting that a court need not "cull through every filing of a *pro se* litigant to preserve a defective complaint"). The one-year time limit on Rule 60 motions is not applicable to independent actions. *Carr*, 543 F.2d at 926.

       An independent action, also known as an original action, is a proceeding that sounds in equity and "is available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 45, 47 (1998). A party bringing an independent action must show that: (1) the judgment should not, in equity and good conscience, be enforced; (2) a good defense exists; (3) fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970).

on the basis of fraud.  The first judgment that the plaintiffs wish to set aside is a restraining order

issued by the Routt County Court against plaintiff Kay Sieverding.  The second judgment is an

order of the United States District Court for the District of Colorado sanctioning the plaintiffs

under Federal Rule of Civil Procedure 11, dismissing their case with prejudice, and enjoining the

plaintiffs from further litigation on issues relating to the same transaction or series of transactions

without counsel.  Defendant American Bar Association ("ABA") moves to dismiss the case

against it pursuant to several doctrines, including the doctrine of res judicata.  Defendant Routt

County Court moves to dismiss the case for failure to state a claim.  Jane Bennett, Faegre &

Benson LLP, Hall and Evans LLC, The World Company, McConnell Siderius Fleischner

Houghtaling & Craigmile LLC, and White & Steele, P.C. (the "Personal Jurisdiction

Defendants") move to dismiss the claims against them for lack of personal jurisdiction.  Because

res judicata bars the plaintiffs' suit against the ABA, the court grants the ABA's motion to

dismiss.  Because the plaintiffs fail to state a claim against defendant Routt County Court, the

court grants that defendant's motion to dismiss.  Because the plaintiffs fail to plead facts

establishing personal jurisdiction over the Personal Jurisdiction Defendants, the court grants

those defendants' motion to dismiss.


## II.  BACKGROUND

### A.  Factual History

This case grows out of a heated property dispute between neighbors in Steamboat,

Colorado.  Am. Compl. at 7-8.  In 1992, the Bennett family erected a fence around their property

2

that claimed part of a road adjacent to the plaintiffs' home.[2]  *Id.*  The plaintiffs objected to what they perceived as zoning violations.  Tensions between the families escalated, culminating ultimately in the issuance of a restraining order against Kay Sieverding.  Am. Compl. at 7.  The plaintiffs seek relief from this order and judgments from related judicial proceedings.  *Id.* at 7, 26.

### B.  Procedural History

The plaintiffs brought suits regarding the restraining order in at least two state court actions and five federal court actions.  Def. ABA's Mot. to Dismiss at 3-5.   In their suit in the United States District Court for the District of Colorado before Magistrate Judge Schlatter, the plaintiffs brought suit against all of the defendants in this case.[3]  *Sieverding et al. v. Colo. Bar Ass'n et al.*, 2003 WL 22400218 (D. Colo. Oct. 14, 2003) (unpublished opinion).  After a

---

[2]      Apparently, good fences do not always make good neighbors, for the parties' dispute began far back in 1992  "when the Bennetts fenced off and barricaded the road."  Am. Compl. at 8.  The plaintiffs allege that defendant Jane Bennett "put up a fence 60 feet from their property line and through oral and in person threats, written threats by their lawyer, and physical barricade claimed the road bed, about 6000 square feet, as their own to the exclusion of [the] Sieverdings, whose residential property adjoined the disputed road for a substantial length."  *Id.*  The plaintiffs further allege that the "Bennetts also repeatedly launched full sized aerial fireworks about 75 feet downhill from [the] Sieverdings' yard, in violation of national fire safety standard."  *Id.*
        The plaintiffs' heated dispute with their neighbors is reminiscent of Shakespearean drama:

        Two households, both alike in dignity,
        In fair Verona, where we lay our scene,
        From ancient grudge break to new mutiny,
        Where civil blood makes civil hands unclean.

        William Shakespeare, Romeo and Juliet, Prologue.  Fortunately, as far as the court can tell, no star-crossed lovers have yet committed suicide over this overblown dispute among neighbors.

[3]      The only defendant named in this case that was not named in the suit in the United States District Court for the District of Colorado is the "U.S. Judiciary."  Because the plaintiffs do not allege any wrongdoing on the part of the U.S. Judiciary, the court *sua sponte* dismisses the suit against the U.S. Judiciary.  *Iwachiw v. N.Y. State Dep't. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (affirming the district court's *sua sponte* dismissal against "named defendants on whose part the amended complaint alleged no wrongdoing").

painstakingly thorough review of the plaintiffs' "verbose, prolix, and impossible to understand" complaint,[4] Magistrate Judge Schlatter recommended that the court sanction the plaintiffs, dismiss the case with prejudice and enjoin the plaintiffs from further litigating issues based on the transactions or series of transactions underlying the case, unless represented by counsel. *Id.* at *1. Judge Nottingham of the district court adopted Magistrate Judge Schlatter's recommendations in full. Order, Civ. No. 02-1950 (D. Colo. Mar. 19, 2004) ("Order Accepting Magistrate Judge's Recommendation") at 3. The Tenth Circuit Court of Appeals affirmed the district court's decision. *Sieverding et al. v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion). In response to the Tenth Circuit's ruling, the plaintiffs have filed suits in numerous courts across the nation, in some cases filing multiple suits in the same court.

On June 27, 2005, the plaintiffs brought an independent action in this court to set aside the Routt County Court and district court of Colorado judgments on the basis of fraud. Am. Compl. at 6. The plaintiffs contend that the various defendants violated the law through "extortion, lying about the facts and laws, attempting to bring about wrongful incarceration, first amendment retaliation, abuse of process, and civil conspiracy under 42 U.S.C. § 1983." *Id.* The plaintiffs also seek an injunction against defendant The World Company from further publishing articles regarding the Sieverding-Bennett property dispute on the internet. *Id.* at 70. The ABA moves to dismiss the case pursuant to the doctrine of res judicata and for failure to state a claim. The Routt County Court moves to dismiss the case for failure to state a claim. The Personal Jurisdiction Defendants move to dismiss the claims against them for lack of personal jurisdiction.

---

[4] The Tenth Circuit characterized Magistrate Judge Schlatter's efforts as "Herculean." *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

4

The court now turns to the defendants' motions to dismiss.

### III.  ANALYSIS

### A.  The Court Grants Defendant ABA's Motion to Dismiss

Defendant ABA argues that the doctrine of res judicata bars this action because the

plaintiffs have litigated similar claims against the ABA based on similar facts in the district of

Colorado action.  Def. ABA's Mot. to Dismiss at 9.  According to the ABA, the plaintiffs

concede that the present suit is an extension of the same series of events described in the

complaint filed in the United States District Court for Colorado.  *Id.*  In response, the plaintiffs

argue that res judicata does not bar this action because the previous proceedings did not comply

with due process and the judgment was fraudulent.  Pls.' Opp'n to Defs.' Mots. to Dismiss at 7.

### 1.  Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of

action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944,

946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue

preclusion (commonly known as collateral estoppel) – that apply in different circumstances and

with different consequences to the litigants.  *NextWave Pers. Commc'n, Inc. v. Fed. Commc'n

Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C.

Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an action precludes the

parties or their privies from relitigating issues that were or could have been raised in that action."

*Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449

U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an

issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

### 2.  The Plaintiffs' Claims Against Defendant ABA are Barred by Res Judicata

The plaintiffs are barred from bringing this suit under the principles of claim preclusion for a number of reasons.  First, the ABA was a party in the plaintiffs' suits in the district court for Colorado and the Tenth Circuit Court of Appeals.  *Sieverding et al.*, 2003 WL 22400218, at *1; *Sieverding et al.*, 2005 WL 928748, at *1.  Res judicata bars a subsequent suit between the same parties where the two suits "share a common nucleus of facts."  *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 212 (D.C. Cir. 2004).

Second, in each action, the plaintiffs litigated their claim to a final judgment on the merits.  *Sieverding et al.*, 2003 WL 22400218, at *1; Order Accepting Magistrate Judge's Recommendation at 3; *Sieverding et al.*, 2005 WL 928748, at *1.  A dismissal for failure to state a claim on which relief can be granted under Rule 12(b)(6) is a "a resolution on the merits and is ordinarily prejudicial."  *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002) (citing *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *Federated*

*Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981)).  Because Judge Nottingham dismissed

the plaintiffs' claims against the ABA under Rule 12(b)(6), his judgment serves as a judgment on

the merits for purposes of res judicata.  *Polsby*, 201 F. Supp. at 49.

Third, the plaintiffs' complaint in this court is  based on the same series of events as the

complaint in the district court of Colorado.  *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195,

205 (D.C. Cir. 1985).  For example, the plaintiffs claim that the ABA contributed to the fraud in

the Routt County Court action through various acts and omissions.  Am. Compl. at 6.  The

plaintiffs also argue that the defendants' refusal to stipulate facts, their alleged ex-parte contact

with Judge Nottingham, and their alleged request to have Federal Rule of Civil Procedure 56

"suspended" in the district court of Colorado constitutes litigation fraud.  Pls.' Opp'n to Defs.'

Mots. to Dismiss at 7.

The plaintiffs made the same accusations regarding the ABA's conduct in the Routt

County Court in their complaint in the Distict of Colorado action.  Def. ABA's Mot. to Dismiss,

Ex. 5 at 3-9.  Indeed, the plaintiffs concede that the action in this court is based on the same

series of events as the Colorado lawsuits, but argue that this suit is not barred by res judicata

because they bring an independent action.  Pls.' Opp'n to Defs.' Mots. to Dismiss at 1, 2, 6.  The

fact that the plaintiffs have filed an independent action provides no relief from res judicata

because res judicata bars claims underlying an independent action when they could have been or

were litigated in a prior action.  *Weldon v. United States*, 70 F.3d 1, 5 (5th Cir. 1995) (applying

res judicata where the plaintiff sought to set aside an earlier judgment through an independent

action, alleging misrepresentation and fraud upon the court).  The plaintiffs raised the ABA's

alleged fraudulent conduct in the Colorado actions.  Def. ABA's Mot. to Dismiss, Ex. 5 at 3-9.

Further, the plaintiffs raised the ABA's alleged misconduct in their appeal to the Tenth Circuit. *Sieverding et al.*, 2005 WL 928748, at *1. In short, res judicata bars the plaintiffs' independent action because they already raised arguments regarding the defendants' alleged fraudulent conduct in the Colorado courts, and those courts ruled that the plaintiffs' claims were meritless. *Id.*

### B. The Court Grants Defendant Routt County Court's Motion to Dismiss

Defendant Routt County Court argues that the plaintiffs fail to state a claim upon which relief can be granted. Def. Routt County Court's Mot. to Dismiss at 2-3. As an initial matter, the court notes that the plaintiffs do not contradict any of the defendant's arguments. *See generally* Pls.' Opp'n to Defs.' Mots. to Dismiss; Pls.' Supplemental Opp'n to Defs.' Mots. to Dismiss. Accordingly, the court may treat the defendant's assertions as conceded. *Fox v. Am. Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003) (ruling that "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded"), *aff'd*, 389 F.3d 1291 (D.C. Cir. 2004). Out of an abundance of caution, however, the court proceeds to analyze the merits of defendant Routt County Court's motion to dismiss.

### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice

pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and

defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48

(internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his

prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or

"plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134,

136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a

complaint for failure to state a claim unless the defendant can show beyond doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Warren*

*v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.  Thus,

in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations –

including mixed questions of law and fact – as true and draw all reasonable inferences therefrom

in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy*

*Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292

F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as

true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual

allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### 2.  The Plaintiffs Fail to State a Claim Upon Which Relief Can be Granted

The plaintiffs allege that defendant Routt County Court violated 42 U.S.C. § 1983.  Am.

Compl. at 17; Def. Routt County Court's Mot. to Dismiss at 1.  Section 1983 applies to "[e]very

person" who, under color of state law, deprives a citizen of "any rights, privileges, and

immunities secured by the federal Constitution and laws." 42 U.S.C. § 1983.  The Supreme

Court has interpreted the words "every person" to exclude states and state agencies.  *Hafer v.*

*Melo*, 502 U.S. 21, 26 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Because Routt County Court is a state entity not subject to suit under 42 U.S.C. § 1983, the court

concludes that the plaintiffs fail to state a claim against defendant Routt County Court.

### C.  The Personal Jurisdiction Defendants' Motion to Dismiss

The Personal Jurisdiction Defendants argue that the plaintiffs fail to plead sufficient facts

to establish personal jurisdiction.  Personal Jurisdiction Defs.' Mot. to Dismiss at 2-3.  In

response, the plaintiffs state that defendants Faegre and Benson LLP and The World Company

have contacts with the District of Columbia.  Pls.' Opp'n Defs.' Mots. to Dismiss at 3-4.  The

plaintiffs do not allege any facts concerning personal jurisdiction for defendants James B.F.

Oliphant, White & Steele, McConnell Siderius Fleischner Houghtaling & Craigmile, or Routt

County Court.  *See generally* Pls.' Opp'n to Defs.' Mots. to Dismiss.

### 1.  Legal Standard for A Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff

has the burden of establishing a prima facie case that personal jurisdiction exists.  *E.g., Second*

*Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  A prima

facie case in this context means that the plaintiff must present evidence sufficient to defeat a

motion for judgment as a matter of law.  *See Cable/Home Commc'n Corp. v. Network Prods.,*

*Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1227

(D.C. Cir. 1984) (indicating, under a differently labeled but similar standard, that such motions

should be denied unless "the evidence, together with all inferences that can reasonably be drawn therefrom is so one-sided that reasonable men could not disagree on the verdict").

To determine if a basis for personal jurisdiction exists, the court should resolve factual discrepancies in the complaint and affidavits in favor of the plaintiff. *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). However, the court need not treat all of the plaintiff's allegations as true. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000) (stating that courts should not accept bare allegations and conclusory statements). Moreover, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 30 (D.D.C. 2004) (internal quotations omitted).[5]

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry." *GTE New Media Servs.*, 199 F.3d at 1347. First, a plaintiff must show that the personal jurisdiction may be grounded in one of the several bases provided by the District of Columbia's long-arm statute. D.C. CODE § 13-423 (2001); *GTE New Media Servs.*, 199 F.3d at 1347. That statute provides, *inter alia*, that personal jurisdiction exists over a person acting directly or by an agent for a claim for relief arising from the person's

(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

---

[5]    If the defendant's affidavits raise issues to defeat jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier v. Sun Int'l Hotels*, 288 F.3d 1264, 1269 (11th Cir. 2002).

> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. CODE § 13-423(a). Subsection (b) qualifies the reach of the statute by noting that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id.* § 13-423(b).

Second, the Due Process Clause of the Fifth Amendment requires the plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)); *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118 (D.C. Cir. 1999) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### 2. The Plaintiffs' Claims do Not Arise from Acts in the District of Columbia

The plaintiffs allege that some of the defendants have a connection to the District of Columbia. According to the plaintiffs, attorneys Faegre and Benson frequently work in the District of Columbia because their firm has a patent practice, and defendant Hall and Evans LLC

12

is an international law practice.  Pls.' Opp'n to Defs.' Mots. to Dismiss at 3.  The plaintiffs also

assert that Faegre and Benson LLP's website contains a toll-free number that is accessible from

the District of Columbia.  *Id.* at 3-4.  The plaintiffs argue that jurisdiction is proper over The

World Company because The World Company broadcasts articles into the District of Columbia.

*Id.* at 3-4.  As noted previously, the plaintiffs do not allege any facts concerning personal

jurisdiction for defendants James B.F. Oliphant, White & Steele, McConnell Siderius Fleischner

Houghtaling & Craigmile, or Routt County Court.  *See generally id.*

The plaintiffs also argue that litigation was conducted inter-state, via mail, federal

express, internet, and phone, and that the underlying events occurred through inter-state

communications.  *Id.* at 3-4.  The plaintiffs, however, do not state that any communication or

action giving rise to this suit occurred in the District of Columbia.  *Id.*

Contrary to the plaintiffs' assertions, the court cannot exercise jurisdiction over the

Personal Jurisdiction Defendants.  Assuming *arguendo* that the plaintiffs' allegations about the

Personal Jurisdiction Defendants' contacts with the District of Columbia satisfy long-arm statute

and the Due Process Clause, the plaintiffs still fail to demonstrate that their cause of action arises

out of the defendants' contact with the District of Columbia.  D.C. Code § 13-423(b); *Gorman*

*Ameritrade Holding Corp. and Freetrade Com, Inc.*, 293 F.3d 506, 509 (D.C. Cir. 2002); *Koteen*

*v. Bermuda Cablevision, Ltd.*, 913 F.2d 973, 974-75 (D.C. Cir. 1990) (explaining that the

defendants' contacts with the District of Columbia "must relate to the factual circumstances

giving rise to [the] suit").  The plaintiffs do not state, and the court cannot discern, how their

claims bear any relationship to the District of Columbia.  Much of the alleged fraud occurred in

Colorado.  Though the plaintiffs argue that most of the fraud occurred through inter-state mail,

they do not argue that any of it occurred in the District of Columbia or arose from the defendants'

activities in the District of Columbia.  Because the plaintiffs' claims have nothing to do with the

defendants' conduct in the District of Columbia, this court cannot exercise personal jurisdiction

over the defendants.

### IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motions to dismiss.  An order

consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th

day of July, 2006.


RICARDO M. URBINA
United States District Judge