IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

KAY SIEVERDING, *et al.*,

Plaintiffs,

v.

Case No. 1:05CV01283
Judge Ricardo M. Urbina

AMERICAN BAR ASSOCATION, *et al.*,

Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 17, 2006 ORDER REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C., (collectively herein, "Personal Jurisdiction Defendants"), through their undersigned attorneys O'Brien, Butler, McConihe & Schaefer, LLP, respectfully move this Court for an Order denying the Plaintiffs' Motion for Reconsideration of the Court's July 17, 2006 Order granting Defendants' Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Motion for Reconsideration") (docket entry #65) of this Court's Order ("Order") (docket entry # 62) granting the defendants' motion to dismiss the Plaintiff's Complaint, and state as follows:

### ARGUMENT

The Motion for Reconsideration fails to state an intervening change of controlling law since July 17, 2006, the availability of new evidence, or a showing that this Court made a clear error of law compelling this Court to grant the Motion for Reconsideration

1

as against the Personal Jurisdiction Defendants. Broudy v. Mather, 355 F. Supp. 2d 1 (D.C.C. 2004) ("A motion for reconsideration should be granted only if the court 'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (*citing* Firestone v. Firestone, 316 U.S. App. D.C. 152, 76 F.3d 1203, 1208 (D.C. Cir. 1996). Plaintiffs state no basis for their requested relief and this Court should deny the Motion for Reconsideration.

### 1. PLAINTIFFS MOTION FOR RECONSIDERATION STATES NO NEW FACTS

In granting the Personal Jurisdiction Defendant's Motion to Dismiss the Plaintiffs Complaint ("Defendant's Motion to Dismiss") (docket entry #17), this Court states in its Memorandum Opinion Granting the Defendants' Motions To Dismiss ("Memorandum Opinion") (docket entry #63) that the Plaintiffs failed to plead facts establishing personal jurisdiction. Mem. Op. at 2. Specifically, this Court found that Plaintiffs (a) failed to allege any facts concerning the personal jurisdiction for defendants White & Steel, P.C., McConnell Siderius Fleischner Houghtaling & Craigmile, or James B.F. Oliphant; (b) failed to meet the burden of establishing a prima facie case that personal jurisdiction exists; and (c) failed to show that their claims arose from acts taken by the Personal Jurisdiction Defendants' in the District of Columbia. *Id.* at 10-13.

To overcome Defendant's Motion to Dismiss, the Plaintiffs had the burden of satisfying a two-part test, as clearly enunciated by the Court's Memorandum Opinion. *Id.* at 11-12 (*citing* GTE New Media Serv. v. Bellsouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000; Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945); Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 95 (D.C. Cir. 2002)). The Plaintiffs were required

demonstrate personal jurisdiction based on the District of Columbia's long arm statute and satisfy the Due Process Clause of the Fifth Amendment through sufficient "minimum contacts", with such contacts relating to the factual circumstances giving rise to the suit. Id. at 13 (citing Koteen v. Bermuda Cablevision, Ltd., 913 F.2d 973, 974-75 (D.C. Cir. 1990).

Instead of offering new evidence or facts that may show otherwise; the Plaintiffs submit a baseless argument in their Motion for Reconsideration of the existence of personal jurisdiction based on a "conspiracy theory".[1] Plaintiffs "conspiracy theory" argument is conclusory at best and fails to allege specific acts connecting defendants with the District of Columbia, as determined by this Court in its Memorandum Opinion[2]. Id. at 4-5; Second Amendment Found v. United States Conf. of Mayors, 348 U.S. App. D.C. 238 (2001) (quoting Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F.2d 779, 787-88 (D.C. Cir. 1983) (stating that "bare allegation of conspiracy theory or agency is insufficient to establish personal jurisdiction….")).

In addition to Plaintiffs failure to demonstrate "pertinent jurisdictional facts" connecting defendants to the District of Columbia, the Plaintiffs also failed to show the elements of a civil conspiracy.[3] The Plaintiff asserts no new facts upon which to find the

---

[1] See Pls.' Mot. for Reconsideration at 4-5 (stating, in support of Plaintiff's conspiracy theory, that "The State of Colorado hired David Brougham through his employer Hall and Evans to cause the 02-1950 litigation to be terminated without a decision on its merits. The Colorado Attorney General and Colorado Insurance Commissioner conferred with David Brougham about this as did the director of the Colorado Bar Association and representatives of the ABA. There is prima facie evidence showing that all of the parties acted in conspiracy.")

[2] In granting the Personal Jurisdiction Defendant's Motion to Dismiss the Plaintiffs Complaint, this Court found that the Plaintiffs claims failed to state any "communication or action giving rise to this suit… in the District of Columbia." Mem. Op. at 12-13.

[3] See Second Amendment Found, 348 U.S. App. D.C. at 238; Halberstam v. Welch, 227 U.S. App. D.C. 167, 705 F.2d 472, 477 (D.C. Cir. 1983) ( "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme.").

3

existence of personal jurisdiction and this Court should deny Plaintiffs Motion for Reconsideration.

### 2. PLAINTIFFS MOTION FOR RECONSIDERATION DOES NOT DEMONSTRATE CLEAR ERROR OF LAW

As stated above, a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) can be granted upon discovering errors of law compelling correction. National Trust v. Department of State, 843 F. Supp. 453, 455 (D.D.C. 1993). As discussed above and clearly set forth in the Memorandum Opinion, this Court did not commit an error of law in finding that Plaintiffs failed to plead facts establishing personal jurisdiction over the Personal Jurisdiction Defendants. While Plaintiffs do not appear to assert error, they emphasize application of Fed. R. Civ. P. 4(k)(2) as against the Personal Jurisdiction Defendants.

Fed. R. Civ. P. 4(k)(2) authorizes courts to exercise personal jurisdiction over persons if it is "consistent with the Constitution and laws of the United States… with respect to claims arising under federal law… and the person is not subject to the jurisdiction of the courts of general jurisdiction of any state. Odilla Mutaka Mwani v. Osama Bin Laden, 368 U.S. App. D.C. 1, 23 (2005). Without fully addressing the applicability of Rule 4(k)(2), the Plaintiff's demand for application of this Rule does not afford Plaintiffs relief as against the Personal Jurisdiction Defendants because application in this instance would be inconsistent with the Constitution and the laws of the United States.[4] The Memorandum Opinion specifically states that the Plaintiffs have failed to demonstrate "minimum contacts" between the Personal Jurisdiction Defendants and the

---

[4] See Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985) (stating that the "[Due Process] Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts.").

4

District of Columbia. Mem. Op. at 12; Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum.").

In light of the arguments made in Plaintiffs Motion for Reconsideration, it is important to note that a Rule 59(e) motion isn't an avenue to reargue the same underlying facts and theories. Inasmuch as Plaintiffs offer no reasonable justification for granting the Motion for Reconsideration, it should be denied

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs Motion for Reconsideration.

Date: August 10, 2006

Respectfully submitted,

O'Brien, Butler, McConihe & Schaefer

*[signature]*

Jerome C. Schaefer
D.C. Bar No. 224931
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
888 17th St., N.W., Suite 1200
Washington, D.C. 20006
(202) 298-6161
jschaefer@obmslaw.com

*Attorney for Defendants*
*Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 17, 2006 ORDER REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, along with a proposed Order was mailed, first class postage prepaid, this ___ day of August 2006, to Kay Sieverding at 641 Basswood Avenue, Verona, WI 53593, David Sieverding at 641 Basswood Avenue, Verona, WI 53593, Ed Sieverding at 641 Basswood Avenue, Verona, WI 53593, and Tom Sieverding at 641 Basswood Avenue, Verona, WI 53593.

I hereby certify that a true copy of the forgoing CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION, along with a proposed Order was sent to the following e-mail addresses on August 10, 2006:

| | |
|---|---|
| Carolyn Beth Lamm | clamm@whitecase.com |
| Frank Panopoulos | fpanopoulos@whitecase.com |
| Danielle Moore | danielle.moore@state.co.us |

_____
Jerome C. Schaefer