IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE ABA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING THE ACTIONS**

Defendant the American Bar Association ("ABA") respectfully urges this Court to deny Plaintiffs' Motion for Reconsideration of Order Dismissing the Actions ("Motion"). In their Motion, Plaintiffs simply have restated the principal argument from their original complaint and reassert that there is a conspiracy to deny them justice with regards to events that originated in Colorado. In a well-reasoned decision, this Court ruled that the Plaintiffs' claims against the ABA were barred by *res judicata*. *See* Memorandum Opinion dated July 17, 2006 at 6-8 (docket entry No. 63). There is nothing in Plaintiffs' Motion that refutes or requires the court to set aside that judgment.

**ARGUMENT**

This Court should deny Plaintiffs' Motion because it lacks merit. While not explicitly stated in the Motion, Plaintiffs appear to rely on Rule 59(e) as the basis of their Motion. However, "[a] Rule 59(e) motion is discretionary and need not be granted unless the district

court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quotation marks and citation omitted). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995). However, reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled". *Nwachukwu v. Karl*, 222 F.R.D. 208, 210 (D.D.C. 2004); *Horizon Lines v. United States*, 429 F. Supp. 2d 92, 97 (D.D.C. 2006).

Plaintiffs' Motion does not present any new facts or evidence, and there is no suggestion that there has been clear error in the Court's prior order or that there has been an intervening change of controlling law. Instead, Plaintiffs simply reiterate the allegations of their original complaint. Courts routinely deny reconsideration when the motion "is essentially a rehash of the arguments presented to and previously rejected by this Court." *New York*, 880 F. Supp. at 39. Moreover, "a motion to reconsider must establish more than simply the defendant's continued belief that the court's decision was erroneous." *Id*. Because Plaintiffs have failed to demonstrate the existence of any of these factors, the Motion should be denied.

In *McLaughlin, v. Bradlee,* which bears many similarities to the present case, the court denied the plaintiff's Rule 59(e) motion after having dismissed the original complaint on the basis of *res judicata.* 602 F. Supp. 1412, 1415 (D.D.C. 1985). Indeed, the court's "reaction to plaintiff's filing of [the Rule 59(e)] motion [was] one of disbelief" because the plaintiff "presented no new argument," and simply "repeat[ed] his request for discovery and an evidentiary hearing" despite the fact that the court had already rejected this contention. *Id*.

Moreover, the Court also noted the plaintiff's prolific, "vexatious and harassing abuse of the judicial process." *Id.* at 1417.

Because Plaintiffs have similarly only restated the principal argument from their original complaint, the ABA moves this Court to deny Plaintiffs' Motion as to the ABA.

## CONCLUSION

For the foregoing reasons, the ABA requests that Plaintiffs' Motion for Reconsideration of Order Dismissing the Actions be denied as to the ABA.

Dated:  Washington, D.C.
       August 14, 2006

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
    Carolyn B. Lamm (D.C. Bar No. 221325)
    Frank Panopoulos (D.C. Bar No. 459365)
    **WHITE & CASE** LLP
    701 13th St., N.W.
    Washington, D.C. 20005
    (202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 14, 2006 I electronically filed the foregoing ABA Opposition to Plaintiffs' Motion for Reconsideration of Order Dismissing the Actions and proposed order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson, LLP, McConnell Siderious, White & Steele, Hall and Evans LLC, and The World Company.

Danielle Moore
Assistant Attorney General
OFFICE OF THE COLORADO ATTORNEY GENERAL
1525 Sherman Street
5th Floor
Denver, CO 80203
(303) 866-3545
danielle.moore@state.co.us

Attorney for Defendant Routt County Court.

     I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn