United States Court District of Columbia

| | |
|---|---|
| Sieverding | 05-01283/05-01672/05-02122 |
| v. | |
| A.B.A. et al. | Judge Urbina |

Plaintiff's request for clarification as to the status of her actions:

1.) Are her written filings being held for irradiation or is filing permission denied? The court clerks said that because of concerns about terrorism, new court policy is to irradiate paper filings and that causes delays.

2.) Given that the court's dismissal of these actions was not entered by the clerk, that plaintiff timely filed motions for reconsideration that cited legal authorities and that the court has not ruled on, is the Court planning to review and respond to plaintiff's motions for reconsideration or is there a final judgment that she can appeal to higher authority?

3.) Plaintiff has recently discovered more evidence to support jurisdiction in D.Columbia. It turns out that Jerome C. Schaefer and Mutual Insurance of Bermuda directed the 02-1950 litigation from D.C. In Colorado, they did not comply with Rule 26 required initial disclosure of all insurance policies that may pay or may reimburse. They also did not comply with Rule 26 in the D.C. actions and Schaefer mislead the court and the plaintiff as to the nature of his involvement, claiming that he was representing others and not divulging that he is President and CEO of Mutual Insurance. In fact, the Vice President of Mutual Insurance is apparently the same Michael J. Burns that the SEC barred from participation in the securities industry because he served as a front man for a known criminal enterprise. (see attached) Mutual Insurance is located in a country with only 68,000 residents with high illiteracy that is internationally re-known for

1

government corruption. Plaintiff called their office in Bermuda (441 292 7633) and other offices in the same building. It appears that they have only one employee in Bermuda. They appear to have an answering machine and do not offer a directory of employees on voice mail. According to the main tenant of the first floor of the Swan Building, Gallagher Associates, Mutual Insurance is located "behind the brown door". Mutual Insurance is not regulated by any U.S. state or federal agency nor by the U.K. In Bermuda, to be licensed as an insurance company, only $120,000 in assets is required. Mutual Insurances list as their chairman and COO a William D. Weingand who lists as his only address a small residence in Woodlands Texas. When plaintiff called the home office of Mutual Insurance in Bermuda, the same Mr. Weigand was the only person besides the office secretary who was apparently available to represent the company. Thus, it appears that Mutual Insurance is not a legitimate insurance company. According to Mr. Schaefer's web site, they are located in Bermuda because of its low standards for regulation.

4.) Since there is supposed to be an evidentiary hearing for dismissal based on jurisdiction, should plaintiff reserve her information about Mutual Insurance for the hearing and will she be able to cross-examine Mr. Schaefer about Mutual Insurance?

Plaintiff appreciates the court instructing her as to whether there is a final judgment that she can appeal from. She would prefer the Court have an oral hearing about her motions for reconsideration and address the issues in them so that if she files an appeal the issues are more narrowly defined. If she is to appeal to the Court of Appeals, she

would like to have a question of law for them to rule on. She hopes instead that the Court will order the defendants to respond to her motions for summary judgment so that facts will be stipulated to or denied and that the issues under review are narrowed.

    Respectfully submitted

Kay Sieverding, 641 Basswood Ave., Verona, WI 53593 608 848 5721