UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING *et al.*,          :
                                  :
       Plaintiffs,          :
                                  :   Civil Action No.:   05-1283 (RMU)
       v.                   :
                                  :   Document No.:      65
AMERICAN BAR ASSOCIATION *et al.*, :
                                  :
       Defendants.          :

**MEMORANDUM OPINION**

DENYING THE PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

**I. INTRODUCTION**

The *pro se* plaintiffs, the Sieverding family, bring this independent action[1] to set aside two adverse judgments on the basis of fraud. The first judgment that the plaintiffs ask the court to set aside is a restraining order issued by the Routt County Court in Colorado against plaintiff Kay Sieverding. The second judgment is an order of the United States District Court for the District of Colorado sanctioning the plaintiffs under Federal Rule of Civil Procedure 11, dismissing their case with prejudice, and enjoining the plaintiffs from further litigation on issues relating to the same transaction or series of transactions without counsel. On July 17, 2006, this court dismissed the action against defendant American Bar Association ("ABA"), reasoning that

---

[1] One judgment in question was entered on March 24, 2004; the other judgment was entered before that date. Def. American Bar Association's ("ABA") Mot. to Dismiss, Exs. 1 & 2. An independent action, also known as an original action, is a proceeding that sounds in equity and "is available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 45, 47 (1998). A party bringing an independent action must show that: (1) the judgment should not, in equity and good conscience, be enforced; (2) a good defense exists; (3) fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970).

the plaintiffs' claims were barred by res judicata. The court also dismissed the claims against defendant Routt County Court for failure to state a claim. Finally, the court dismissed the claims against Jane Bennett, Faegre & Benson LLP, Hall and Evans LLC, The World Company, McConnell Siderius Fleischner Houghtaling & Craigmile LLC, and White & Steele, P.C. (the "Personal Jurisdiction Defendants") because the plaintiffs failed to plead facts establishing personal jurisdiction over those defendants. This matter comes before the court on the plaintiffs' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[2] Because the plaintiffs' motion essentially reiterates their previous arguments, the court declines to order relief from judgment.

## II.  BACKGROUND

### A.  Factual History

This case grows out of a heated property dispute between neighbors in Steamboat, Colorado. Am. Compl. at 7-8. In 1992, the Bennett family erected a fence around their property

---

[2] Because the plaintiffs do not cite a relevant legal standard in their motion for "reconsideration," the court must determine, as a preliminary manner, whether to analyze the motion under Federal Rule of Civil Procedure 59(e) or 60(b). A motion filed within ten days of the entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e) and a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b). *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 179 n.1 (D.D.C. 2005). The court entered its order dismissing the plaintiffs' case on July 17, 2006, and the plaintiffs moved for reconsideration on August 1, 2006. Excluding holidays and weekends per Federal Rule of Civil Procedure 6(a), the plaintiffs' motion for reconsideration was filed eleven days after the court entered its order. Although Rule 6(e) grants litigants an extra three days to account for service by mail, FED. R. CIV. P. 6(e), Rule 6(e)'s three-day extension of time does not apply to Rule 59(e) motions. *Albright v. Virtue*, 273 F.3d 564, 570-71 (3d Cir. 2001) (concluding that the time for filing a motion for reconsideration under Rule 59(e) cannot be enlarged by Rule 6(e)). Because the plaintiffs filed their motion eleven days after the court's entry of judgment and because Rule 6(e)'s three-day extension of time is inapplicable in the present context, the court analyzes the motion under Rule 60(b).

that claimed part of a road adjacent to the plaintiffs' home.[3]  *Id.*  The plaintiffs objected to what they perceived as zoning violations.  Tensions between the families escalated, culminating ultimately in the issuance of a restraining order against Kay Sieverding.  Am. Compl. at 7.  The plaintiffs seek relief from the restraining order and judgments from related judicial proceedings.  *Id.* at 7, 26.

### B.  Procedural History

The plaintiffs brought suits regarding the restraining order in at least two state courts and five federal courts.  Def. ABA's Mot. to Dismiss at 3-5.  In their suit in the United States District Court for the District of Colorado before Magistrate Judge Schlatter, the plaintiffs brought suit against all of the defendants in this case.[4]  *Sieverding et al. v. Colo. Bar Ass'n et al.*, 2003 WL 22400218 (D. Colo. Oct. 14, 2003) (unpublished opinion).  After a painstakingly thorough review of the plaintiffs' "verbose, prolix, and impossible to understand" complaint,[5] Magistrate Judge Schlatter recommended that the court sanction the plaintiffs, dismiss the case with prejudice and enjoin the plaintiffs from further litigating issues based on the transactions or series of transactions underlying the case, unless represented by counsel.  *Id.* at *1.  Judge Nottingham

---

[3]  The parties' dispute began far back in 1992 "when the Bennetts fenced off and barricaded the road."  Am. Compl. at 8.  The plaintiffs allege that defendant Jane Bennett "put up a fence 60 feet from their property line and through oral and in person threats, written threats by their lawyer, and physical barricade claimed the road bed, about 6000 square feet, as their own to the exclusion of [the] Sieverdings, whose residential property adjoined the disputed road for a substantial length."  *Id.*  The plaintiffs further allege that the "Bennetts also repeatedly launched full sized aerial fireworks about 75 feet downhill from [the] Sieverdings' yard, in violation of national fire safety standards."  *Id.*

[4]  The only defendant named in this case that was not named in the suit in the United States District Court for the District of Colorado is the "U.S. Judiciary."  Because the plaintiffs did not allege any wrongdoing on the part of the U.S. Judiciary, the court *sua sponte* dismissed the suit against the U.S. Judiciary.  Mem. Op. (July 17, 2006) at 3, n.3.

[5]  The Tenth Circuit characterized Magistrate Judge Schlatter's efforts as "Herculean."  *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

of the district court adopted Magistrate Judge Schlatter's recommendations in full. Order, Civ. No. 02-1950 (D. Colo. Mar. 19, 2004) ("Order Accepting Magistrate Judge's Recommendation") at 3. The Tenth Circuit Court of Appeals affirmed the district court's decision. *Sieverding et al. v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion). In response to the Tenth Circuit's ruling, the plaintiffs filed suits in numerous courts across the nation, in some cases filing multiple suits in the same court.

On June 27, 2005, the plaintiffs brought an independent action in this court to set aside the Routt County Court and district court of Colorado judgments on the basis of fraud. Am. Compl. at 6. The plaintiffs contend that the various defendants violated the law through "extortion, lying about the facts and laws, attempting to bring about wrongful incarceration, first amendment retaliation, abuse of process, and civil conspiracy under 42 U.S.C. § 1983." *Id.* The plaintiffs also seek an injunction against defendant The World Company from further publishing articles regarding the Sieverding-Bennett property dispute on the internet. *Id.* at 70.

The defendants filed three motions to dismiss. The court granted the defendants' motions to dismiss on July 17, 2006, and eleven days later, the plaintiffs filed a motion for relief from judgment. The court now turns to the plaintiffs' motion.

### III. ANALYSIS

#### A. Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a

judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B. The Court Denies the Plaintiffs' Motion for Relief from Judgment

The court notes at the outset that even when read in the most generous light possible, the plaintiffs' motion fails to address any of the six factors under Rule 60(b).[6] "Motions for reconsideration . . . are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted). Indeed, the plaintiffs' "motion is little more than a rehash of the arguments" already raised in the briefs submitted to the court. *Id.* at 533; *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (affirming a district court's denial of a motion for reconsideration because the motion "did little more than rehash old arguments"). In its memorandum opinion explaining its reasons for granting the defendants' dispositive motions, the court concluded that res judicata barred the claims against defendant ABA. The court reasoned that the plaintiffs "already raised arguments regarding the defendants' alleged fraudulent conduct in the Colorado courts, and those courts ruled that the plaintiffs' claims were meritless." Mem. Op. (July 17, 2006) ("Mem. Op.") at 8. The plaintiffs' instant motion does not alter the court's previous analysis, and indeed, supports the conclusion that the claims against the ABA are barred

---

[6] For that matter, the plaintiffs fail to address any of the factors under Rule 59(e).

by res judicata. *See* Pl.'s Mot. for Reconsideration at 14 (stating that the plaintiffs' instant action "requests the same relief which was denied" in Colorado).

In its memorandum opinion, the court also concluded that the complaint fails to state a claim against defendant Routt County Court because it is not subject to suit. Mem. Op. at 10. Because the plaintiffs do not address that conclusion in the instant motion, the court declines to revisit the issue at this juncture. *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (noting that "the court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf"). The court additionally dismissed the claims against the Personal Jurisdiction defendants because the plaintiffs' claims do not arise from acts in the District of Columbia. *Id.* at 12-14. Once again, the plaintiffs' instant motion supports the court's earlier conclusion because the acts the plaintiffs complain of took place in Colorado. *See* Pl.'s Mot. at 5, 8, 9. Because the plaintiffs' motion is utterly devoid of any new arguments or facts and because the plaintiffs have not presented any evidence supporting the Rule 60(b) factors, the court declines to grant the plaintiffs relief from judgment.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion to alter or amend the judgment.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of November, 2006.

RICARDO M. URBINA
United States District Judge
