IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| Defendants. ) | |

**THE ABA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 28, 2006 ORDER DISMISSING PLAINTIFFS' FIRST MOTION FOR RECONSIDERATION**

Defendant the American Bar Association ("ABA") opposes Plaintiffs' Motion for Reconsideration of This Court's November 28, 2006 Order dismissing the first Motion for Reconsideration (docket entry No. 71) and respectfully requests this Court to deny Plaintiffs' Motion. In their instant Motion, Plaintiffs simply repeat allegations from their first Motion for Reconsideration without presenting anything of a material or controlling nature that would change the outcome of the Court's November 28, 2006 Order ("11/28/06 Order"). In a well-reasoned decision, this Court denied the Plaintiffs' first Motion for Reconsideration "[b]ecause the plaintiffs' motion is utterly devoid of any new arguments or facts and because the plaintiffs have not presented any evidence supporting the Rule 60(b) factors . . . ." 11/28/06 Order at 7. Nothing in Plaintiffs' instant Motion supports reconsideration of this Court's prior decision.

## ARGUMENT

Plaintiffs assert, *inter alia,* that evidence regarding insurance, Rule 26, and ex parte communications warrant reconsideration of the Court's 11/28/06 Order. Under *Canady v. Erbe Elektromedizin Gmbh*, 99 F. Supp. 2d 37 (D.D.C. 2000), Plaintiffs must meet the following requirements in order to obtain relief under Federal Rule of Civil Procedure 60(b): "(1) The evidence must have been in existence at the time of trial . . . (2) The evidence must be such that it was not and could not by the exercise of due diligence have been discovered in time to present it in the original proceeding; (3) It must not be merely cumulative or impeaching; (4) The evidence must be admissible and credible, and of such a material and controlling nature as will probably change the outcome." *Id.* at 44. None of Plaintiffs' alleged evidence meets the requirements set forth in *Canady*.

Furthermore, Plaintiffs have already presented this alleged evidence in prior motions, most recently in their Reply to Mr. Schaefer's Objection to Plaintiff's Motion for Reconsideration filed on August 21, 2006. Motions for reconsideration "are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted); *compare, McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1415 (D.D.C. 1985) (noting that the court' reaction to the filing of a second motion for reconsideration was one of "disbelief"). The ABA therefore respectfully requests that this Court, in again weighing the value of this alleged evidence, conclude that Plaintiffs' second Motion for Reconsideration must be denied because it, like the first, is "utterly devoid of any new arguments or facts . . ." *See* 11/28/06 Order at 7.

The ABA also takes this opportunity to inform the Court that on September 25, 2006, Plaintiff Kay Sieverding failed to appear at a show cause hearing in the District of Colorado,

prompting that court to issue a warrant for her arrest. A copy of the district court's Show Cause Hearing Courtroom Minutes and Warrant for Arrest is attached as Exhibit 1. Ms. Sieverding thereafter fled to Canada. *See* Ms. Sieverding's Motion for defense notice attached as Exhibit 2.

On information and belief, Ms. Sieverding remains a fugitive. Under the "fugitive disentitlement doctrine," "one who is a fugitive from justice cannot seek relief from the judicial system the authority of which he or she is evading." *United States v. Funds Held in Name or for Ben. of Wetterer*, 899 F. Supp. 1013, 1022 (E.D.N.Y. 1995), *rev'd on other grounds*, 210 F.3d 96 (2d Cir. 2000). The rationales for this doctrine include "the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequality of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998). Although this doctrine was traditionally applied to criminal appeals, it has been extended to civil proceedings. *See, e.g., Wetterer*, 893 F. Supp. at 1032 (applying disentitlement doctrine to civil forfeiture proceeding) and *U.S. v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997) (applying doctrine to dismiss appeal of civil contempt order).

The ABA therefore requests that this Court require Plaintiffs to establish that Ms. Sieverding is no longer a fugitive and, if they do not, that this Court consider Plaintiffs' use of repetitive Motions in light of the fugitive disentitlement doctrine.

## CONCLUSION

For the foregoing reasons, the ABA requests that Plaintiffs' Motion for Reconsideration of 11/28/06 Order of Dismissal (doc 71) be denied as to the ABA.

Dated: Washington, D.C.
       December 22, 2006

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: /s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
WHITE & CASE LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant
American Bar Association*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 22, 2006 I electronically filed the foregoing The ABA's Opposition to Plaintiffs' Motion for Reconsideration of 11/28/06 Order of Dismissal (doc 71) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Faegre & Benson, LLP, McConnell Siderious, White & Steele, Hall and Evans LLC, and The World Company.

Danielle Moore
Assistant Attorney General
OFFICE OF THE COLORADO ATTORNEY GENERAL
1525 Sherman Street
5th Floor
Denver, CO 80203
(303) 866-3545
danielle.moore@state.co.us

Attorney for Defendant Routt County Court.

     I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

*/s/ Zachary King*
Zachary King