

UNITED STATES COURT DISTRICT OF COLUMBIA

Sieverding

05-cv- 01283 /05-01672/  RECEIVED
05-  021122
RMU                          JAN 3 – 2007

A.B.A. et al.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiffs' second motion for an ECF account.

Previously the Court denied the plaintiffs' motion for an ECF account. The local

rules say that while lawyers can automatically get an ECF account, pro se litigants can be

refused an ECF account.

The lack of an ECF account is interfering with plaintiffs' fundamental rights. For

instance, Judge Urbina says that the Sieverdings motion for reconsideration of his 7/17

order should be treated as a rule 60 motion instead of a rule 59 motion because it was

received 11 days after his order and he wanted not to extend the 3 days mailing. In fact,

the clerk did not mail the order at all. The only way that plaintiffs even knew that the

order had been filed was that they were checking the docket to see if their proof of

service on the U.S. government, which they had mailed in weeks before, had been

docketed.

The District of Western Wisconsin extends ECF filing privileges to all litigants,

not just attorneys, just as they accept filings mailed or delivered to the clerks' office from

all litigants.

There are no reported problems with anyone posting spam on dockets by ECF.

The D of Columbia is extremely slow to docket paper filings.  Apparently all

paper filings are searched for biological contaminates. That is expensive and time

consuming for district personnel.  Uniform availability of ECF will eliminate that



expense.  Even prisons could be set up with ECF accounts coded for type of complaint. Uniform ECF would allow for statistical analysis of the underlying social issues and potentially complaints could be reduced  by early intervention before problems develop so far as to reach a lawsuit.

Filing by ECF brings many advantages. It is easy to save a word file as a PDF and upload it after picking the category from the drop down menu.  The drop-down ECF menus are useful guides in labeling filings and connecting them to the filings to which they are directed.  ECF allows ease in attaching and labeling exhibits.  It saves time and money and allows postings on weekends and evenings. The defendants are served and can update their email addresses as they wish.  The created pdf files are smaller and easier to download and save than the scanned pdfs.  A created pdf file is more likely to be read than a scanned file.  Generally, a paper filer is marked as "second-class".

As discussed in their first motion for an ECF account, the Sieverdings already know how to use ECF having used it in another court.

The Sieverdings own a business with a web site to which their customers upload graphic files for printing.  The process used is very similar to ECF.  Many of their customers are not college educated and are older.  None the less the Sieverdings' customers are virtually all able to save their files in an appropriate format and upload them.  Many lawyers apparently choose law as a profession because they are technology adverse. There is no reason to think that only lawyers can master ECF. When the Sieverdings did use ECF. they taught themselves how to use it.  The clerks observed that the Sieverdings had no more problems using ECF than the lawyers.



The ECF systems of the various federal courts have differences and ECF is obviously a system in development. The Sieverdings went to MIT and are familiar with systems analysis. Because of the frustrating progression of their litigation, they have spent large amounts of time studying and thinking about court procedure. Therefore, they may be able to offer some suggestions for ECF improvement based on their experiences as pro se litigants. If the Court successfully integrates pro se litigants into their ECF systems, a more economical as well as equitable result should occur.

Respectfully 12/29/06

Kay Sieverding

c/o David Sieverding 641 Basswood Ave., Verona, WI 53593 608 848 5721

Service by ECF and email on 12/29/06

jschaefer@obmslaw.com (Jerome C. Schaefer representing Mutual Insurance of Bermuda)

clamm@whitecase.com and fpanopoulos@whitecase.com (Carolyn Beth Lamm and Frank Panopoulos at White & Case representing Lloyd's of London, apparently)

beth.mccann@state.co.us (Danielle Moore's former supervisor at CO attorney general's office)

From: Kay Sieverding <citizensbarassoc@mac.com>
Subject: **05-1283/ 05-01672 filings**
Date: December 29, 2006 6:11:21 PM CST
To: jacqueline francis <jacqueline_francis@ded.uscourts.gov>
Cc: jschaefer@obmslaw.com, clamm@whitecase.com, fpanopoulos@whitecase.com, Elizabeth McCann <beth.mccann@state.co.us>
2 Attachments, 334 KB   Save ▾



 

edited 05-0....pdf (268 KB) ECF2.pdf (65.3 KB)

Dear Ms. Francis

The first document is an edited version of the document received by the court today in paper form by FEDEX.

I only had one afternoon to write that since I was not served by ECF or email and did not receive it until the same day necessary to ship off a paper copy. Had to speed to get to FEDEX. After filing it I found some typos.

If you want to just file the email copy and skip the paper copy that would be fine with me and less confusing. At least I have the FEDEX receipt to prove that it was filed this morning

Kay Sieverding